Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY B. DELASHAW, JR.,<br><br>                 Plaintiff,<br><br>    v.<br><br>SEATTLE TIMES COMPANY and CHARLES COBBS,<br><br>                 Defendants. | No. 18-cv-00537-JLR<br><br>DEFENDANT DR. CHARLES COBBS'S MOTION TO DISMISS<br><br>NOTED ON MOTION CALENDAR: July 6, 2018 |

## I.     INTRODUCTION

Defendant Charles Cobbs, M.D., respectfully moves to dismiss Plaintiff Johnny Delashaw, Jr., M.D.'s claims against Dr. Cobbs set forth in Dr. Delashaw's Complaint for Libel, Defamation by Implication, Tortious Interference with Business Relationship and/or Expectancy, Unfair Business Practices in Violation of RCW 19.86 *et seq*. and Civil Conspiracy ("Complaint"). Dr. Delashaw's 37-page complaint and the 46 attachments thereto are full of allegations that, even if true, would have no bearing on the actual claims asserted against Dr. Cobbs, but they are fatally scarce on allegations describing with requisite particularity the bases for Dr. Delashaw's claims. For example, the Complaint includes a claim for defamation against Dr. Cobbs but does not specify with particularity the "precise statements alleged to be false and defamatory." This is unsurprising, given that Dr. Delashaw filed the Complaint on the eve of his medical license suspension

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

hearing before Washington's Medical Quality Assurance Commission ("MQAC"), referenced in the Complaint, at which Dr. Cobbs was a key witness. The Court should view the Complaint for what it is: a desperate and baseless attempt by Dr. Delashaw to sway public opinion and harass, intimidate, and discredit those who testified against him at the hearing.[1] Despite its length, the Complaint falls far short of federal standards requiring "sufficient factual" allegations from which the Court can "draw … reasonable inference[s]." Because the Complaint lacks specificity as to the issues that matter—the allegations underlying Dr. Delashaw's causes of action against Dr. Cobbs—it fails to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12(b)(6).

In addition to and independent of the Complaint's insufficient specificity, the Court should dismiss the Complaint because the alleged defamatory statements were not published as a matter of law. They are also privileged. It is axiomatic under Washington law that intra-corporate communications are not "published" and cannot give rise to claims for defamation against either the entity or the entity's agents responsible for promulgating the alleged defamatory statements. Additionally, employers and employees share a common interest in ensuring internal rules are adhered to, and concerns regarding potential violations are therefore privileged. Here, the only statements vaguely alluded to in the Complaint and attributed to Dr. Cobbs were intra-corporate communications of the Swedish Neuroscience Institute ("SNI") within Swedish Health Services ("Swedish") regarding potential violations of Swedish policies. Thus, the Complaint fails to state an actionable claim for defamation, the other causes of action based on the same alleged defamatory statements likewise fail, and the Court should dismiss the Complaint.

---

[1] The Complaint is not just a patent attempt to discredit one of the adverse witnesses in Dr. Delashaw's medical licensing proceeding. It also represents the manifestation of threats that Dr. Cobbs and his family would be subjected to "significantly impact[ful]" legal action for years if he did not "back off" from the concerns he had raised with hospital management about Dr. Delashaw's medical practices. *See* **Attachment A** (one of the "subsequent articles" referenced in the Complaint, Dkt. 1 ¶ 109).

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Finally, the causes of action for tortious interference and civil conspiracy fail as a matter of law for the additional reason that the Complaint does not and cannot allege a causal link between Dr. Cobbs's alleged conduct and Dr. Delashaw's unsolicited and voluntary separation from Swedish. Accordingly, both the tortious interference claim, and the civil conspiracy claim based upon it, must be dismissed pursuant to Rule 12(b)(6).

## II. STATEMENT OF ALLEGED FACTS

### A. The Complaint's Allegations of Defamation Are Impermissibly Vague.

The Complaint provides only vague and conclusory "descriptions" of the allegedly defamatory statements attributable to Dr. Cobbs, when the statements were allegedly made, and to whom they were made. After parsing all of the chaff in the Complaint, the full extent of those allegations are contained in only two paragraphs.

- Over the coming weeks, Dr. Cobbs put the attorney's plan into action by repeatedly disparaging Dr. Delashaw in letters designed to make the Swedish "corporate people squirm." In these letters, he falsely stated that he was expressing the "unanimous" views of SNI's faculty and falsely accused Dr. Delashaw of endangering patient safety and harming SNI's financial condition. In a later deposition, when asked what he thought 'unanimous" meant Dr. Cobbs initially said it was more than fifty percent and then testified that "I don't know exactly what 'unanimous' means . . . ." In fact, Dr. Cobbs' fellow surgeons refused to sign the letter of so-called unanimous complaints and an SNI administrator has testified that the Cobbs' materials purporting to summarize the events at the meeting of surgeons are not accurate. But Dr. Cobbs persisted in widely distributing these false materials.

- On November 17, 2016, Dr. Cobbs broadcast his criticisms of Dr. Delashaw to Swedish executives and falsely stated that "[a]lmost all" of SNI neurosurgeons supported his views. This was false. Dr. Cobbs claimed that other surgeons had declined to sign his letter for fear of retaliation, but in fact they did not support it. Within a week, Dr. Cobbs' false report of a consensus on the (false) claims about Dr. Delashaw was sent to dozens of Swedish employees through an anonymous email sent from a Gmail account using the pseudonym jbartsolo@gmail.com. The email was calculated to make the corporate types squirm: its subject line was "Cherry Hill is not safe for patient care with Dr. Delashaw in a leadership role" and it demanded Dr. Delashaw's resignation while asserting that he had "all the hallmarks" of being a "high-functioning psychopath[]."

Dkt. 1 ¶¶ 61 and 65.

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

The Complaint does not list the precise "false materials" and "claims" it alleges were "repeatedly disparaging [of] Dr. Delashaw." Dkt. 1 ¶¶ 61. It neglects to do so despite suggesting the statements were contained in "letters" and should therefore be eminently capable of being specified with particularity. *Id.* Nor does the Complaint describe with particularity the "criticisms" of Dr. Delashaw that were allegedly false. *Id.* ¶ 65. In fact, the only allegedly false statements specified in the Complaint were that the "criticisms" expressed in the "letters" were "unanimous" or shared by "almost all" of SNI's physicians. *Id.* ¶¶ 61, 65.[2]

The Complaint likewise fails to specifically describe the other elements of the alleged defamatory statements. For example, the Complaint does not list precisely when some of the statements were made and instead alleges they were made "over … weeks." Dkt. 1 ¶¶ 61. Nor does the Complaint specify to whom the statements were purportedly made, other than to allege the communications were directed at Swedish "corporate people" and "executives." *Id.* ¶¶ 61, 65. Additionally, the Complaint implies, but does not allege, that Dr. Cobbs sent the anonymous email containing the unspecified false "claims" (he did not and despite obtaining ample discovery from Dr. Cobbs in the MQAC matter, Dr. Delashaw has no evidence that he did). *Id.* ¶ 65.[3] In short, the Complaint's allegations purportedly giving rise to its cause of action for defamation are woefully insufficient.

By extension, the Complaint's allegations of tortious interference and civil conspiracy are also deficient. Both causes of action are premised on a purported scheme to defame Dr. Delashaw in order to induce his termination. *E.g.*, Dkt. 1 ¶ 50

---

[2] The Complaint alleges other vague defamatory statements made by Marc Mayberg, M.D., in January and March 2016. Dkt. 1 ¶¶ 51, 53. In addition to being attributable to someone other than Dr. Cobbs and suffering from the same lack of specificity as the alleged statements described above, the Complaint alleges the statements were made more than two years before Dr. Delashaw commenced this lawsuit.

[3] Perhaps Dr. Delashaw avoided directly alleging that Dr. Cobbs authored this email because he understands that he has no factual basis to do so and would therefore risk sanctions.

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

("Drs. Mayberg and Cobbs made an agreement to implement a plan to destroy Dr. Delashaw's reputation in order to secure his termination, or at least his removal from his leadership role at SNI."). Thus, in addition to insufficiently pleading defamation, the Complaint fails to describe with requisite particularity the alleged defamatory statements giving rise to the claim that Dr. Cobbs tortuously interfered with Dr. Delashaw's business relationships.

**B.   The Complaint Does Not Articulate a Causal Link Sufficient to Prove Tortious Interference and Civil Conspiracy.**

The Complaint bases its causes of actions of tortious interference and civil conspiracy on an alleged agreement between Dr. Cobbs and Dr. Mayberg to "destroy Dr. Delashaw's reputation *in order to secure his termination*, or at least his *removal from his leadership role* at SNI." Dkt. 1 ¶ 50 (emphasis added). Yet, the Complaint alleges elsewhere that Dr. Delashaw "resigned from Swedish" because he was "unable to focus on patient care." *Id.* ¶ 29. Dr. Delashaw's declaration ("Delashaw Declaration"), Attachment 13 to the Complaint, further alleges that he "**was never asked to resign.**" *Id.*, Att. 13 ¶ 19 (emphasis original). Neither the Complaint nor the Delashaw Declaration alleges that Dr. Delashaw was terminated or somehow forced to resign because of harm to his reputation.

### III.   ISSUES PRESENTED

1. Should the Court dismiss the Complaint's defamation claim against Dr. Cobbs where it fails to allege with specificity the precise statements alleged to be false and defamatory, and when, by whom, and to whom the statements were made?

2. Should the Court dismiss the Complaint's tortious interference and civil conspiracy claims against Dr. Cobbs, which are based on alleged defamatory statements, where the Complaint fails to allege with specificity the precise statements alleged to be false and defamatory, and when, by whom, and to whom the statements were made?

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3. Should the Court dismiss the Complaint's defamation claim against Dr. Cobbs where the alleged defamatory statements were intra-corporate communications?

4. Should the Court dismiss the Complaint's tortious interference claim against Dr. Cobbs where it fails to allege a causal link between the alleged improper conduct and the termination of the business relationship?

5. Should the court dismiss the Complaint's civil conspiracy claim against Dr. Cobbs where the underlying alleged tortious interference is not actionable?

## IV. AUTHORITY

### A. Applicable Standard

Dismissal of the Complaint under Rule 12(b)(6) is proper if the Complaint lacks sufficient non-conclusory factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990). To survive a motion to dismiss, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "Mere conclusory statements," "labels," or "formulaic recitation[s] of the elements of a cause of action" are insufficient, however, and are "are not entitled to the presumption of truth." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

When considering this motion to dismiss, the Court construes the Complaint in the light most favorable to Dr. Delashaw as the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The Court must accept as

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 6

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

true all "well-pleaded factual allegations" in the complaint. *Iqbal*, 129 S.Ct. at 1950. But the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor is the Court required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). In addition to the Complaint, the Court may consider material which is properly submitted as part of the Complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990).

**B.     The Complaint Lacks Sufficient Specificity**

    1. <u>The Complaint does not meet the Ninth Circuit's requirements for specificity.</u>

"[W]here a plaintiff seeks damages ... for conduct which is prima facie protected by the First Amendment, the danger that the mere pendency of the action will chill the exercise of First Amendment rights requires more specific allegations than are otherwise required." *Flowers v. Carville*, 310 F.3d 1118, 1130 (9th Cir. 2002). Accordingly, in the Ninth Circuit, "defamation claims … must be advanced with sufficient specificity." *Marks v. City of Seattle*, C03-1701P, 2003 WL 23024522, at *3 (W.D. Wash. Oct. 16, 2003). At a minimum, "sufficient specificity" requires a defamation plaintiff to "list the precise statements alleged to be false and defamatory, who made them and when." *Flowers*, 310 F.3d at 1131. Moreover, the plaintiff "must show the challenged statement was 'provably false.'" *Phillips v. World Pub. Co.*, 822 F. Supp. 2d 1114, 1118 (W.D. Wash. 2011) (quoting *Schmalenberg v. Tacoma News, Inc.*, 87 Wn. App. 579, 590–91, 943 P.2d 350 (1997)). Stated differently, a statement which does not "express or imply provable facts" is not defamatory because it "communicates only ideas or opinions," *Schmalenberg*, 87 Wn. App. at 591. "Expressions of opinion are protected by the First

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 7

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Amendment" and are "not actionable." *Phillips*, 822 F. Supp. 2d at 1118 (quoting *Robel v. Roundup Corp.*, 148 Wn.2d 35, 55, 59 P.3d 611 (2002)).

Here, the Complaint cannot survive Dr. Cobbs's motion to dismiss because it lacks the "sufficient specificity" required for defamation claims brought in the Ninth Circuit. The Complaint merely makes general and conclusory allegations of disparagement and defamation. For example, the Complaint alleges:

- "Over the coming weeks, Dr. Cobbs … repeatedly disparage[ed] Dr. Delashaw in letters designed to make the Swedish 'corporate people squirm.'"

- "In these letters, he … falsely accused Dr. Delashaw of endangering patient safety and harming SNI's financial condition."

- "[T]he Cobbs' materials purporting to summarize the events at the meeting of surgeons are not accurate."

- "Dr. Cobbs persisted in widely distributing these false materials."

- "Dr. Cobbs broadcast his criticisms of Dr. Delashaw to Swedish executives…"

- "Dr. Cobbs' false report of a consensus on the (false) claims about Dr. Delashaw was sent to dozens of Swedish employees through an anonymous email sent from a Gmail account using the pseudonym jbartsolo@gmail.com."

- "The email was calculated to make the corporate types squirm…"

Dkt. 1 ¶¶ 61, 65. These allegations do not "list the precise statements alleged to be false and defamatory, who made them and when." *Flowers*, 310 F.3d at 1131. Accordingly, they cannot survive a motion to dismiss.

The only specific allegation of a false statement in the Complaint concerns Dr. Cobbs's alleged attribution of his opinions to all or "almost all" of SNI's physicians. Dkt. ¶¶ 61, 65. But this allegation alone, even if true, cannot carry the weight of Dr. Delashaw's defamation claim against Dr. Cobbs. **First**, Dr. Cobbs's alleged "[e]xpressions of opinion are protected by the First Amendment" and are "not actionable." *Phillips*, 822 F. Supp. 2d at 1118; *see also Schmalenberg*, 87 Wn. App. at 591. **Second**, even if portions of a publication are inaccurate, "'contextual discrepancies' … [and]

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 8

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

'[m]inor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge can be justified.'" *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 982 (9th Cir. 2002) (quoting *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991)); *see also Herron v. KING Broad. Co.*, 112 Wn.2d 762, 769, 776 P.2d 98, 102 (1989), *holding modified by Richmond v. Thompson*, 130 Wn.2d 368, 922 P.2d 1343 (1996) (same). Here, the "substance, the gist, the sting" of the alleged defamatory statements was Dr. Cobbs's alleged view that Dr. Delashaw was "endangering patient safety and harming SNI's financial condition." Dkt. 1 ¶ 61. That sting did not depend on whether all, "[a]most all," or merely "more than fifty percent" of SNI physicians shared that view. Accordingly, the Complaint fails to satisfy the high threshold required of defamation claims in the Ninth Circuit, and the Court should dismiss the claim for defamation against Dr. Cobbs.

Because the Complaint fails to adequately plead defamation against Dr. Cobbs, its other causes of action against Dr. Cobbs, which are predicated on the same alleged statements, must also be dismissed. The Ninth Circuit has consistently held that, where a claim of tortious interference with business relationships "is brought as a result of constitutionally-protected speech, the claim is subject to the same First Amendment requirements that govern actions for defamation." *Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (citing *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1058 (9th Cir. 1990)); *see also Auvil v. CBS 60 Minutes*, 800 F. Supp. 928, 933 (E.D. Wash. 1992). Those "First Amendment requirements" necessarily include the heightened pleading specificity requirements set forth in *Flowers.* 310 F.3d at 1130. Similarly "[u]nder Washington law, a civil conspiracy claim 'fails if the underlying act or claim is not actionable.'" *LaRoche v. Kimball*, C15-1003 TSZ, 2015 WL 12930125, at *2 (W.D. Wash. Nov. 6, 2015) (quoting *Nw. Laborers-Emp'rs Health & Sec. Trust Fund v. Philip Morris, Inc.*, 58 F. Supp. 2d 1211, 1216 (W.D. Wash. 1999)).

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 9

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Here, both the tortious interference and civil conspiracy causes of action are based on insufficiently-pled allegations of defamation. For example, the Complaint alleges, as part of its tortious interference cause of action, that "Dr. Cobbs' interference … was accomplished through improper means, including defamation…" Dkt. 1 ¶ 145. In connection with its cause of action for civil conspiracy, the Complaint alleges that "Dr. Cobbs and Dr. Mayberg acted in concert to destroy Dr. Delashaw's reputation and career at SNI by defaming him…" *Id.* ¶ 148. Both claims fail because of the Complaint's failure to sufficiently specify the alleged defamation, and the Court should dismiss them pursuant to Rule 12(b)(6).[4]  *Gardner*, 563 F.3d at 992.

2. The Complaint does not meet the UCCDA's requirements for specificity.

In addition to falling short of the Ninth Circuit's requirements for a well-pleaded defamation claim, the Complaint also violates Washington's Uniform Correction or Clarification of Defamation Act ("UCCDA"). RCW 7.96 *et seq.* The UCCDA applies to "***any claim for relief***, however characterized, for damages arising out of harm caused by the false content of a publication." RCW 7.96.030(1) (emphasis added). Pursuant to the act, "[a] person may maintain an action for defamation or another claim covered by this chapter ***only if*** … the person has made a timely and adequate request for correction or clarification from the defendant." RCW 7.96.040(1)(a) (emphasis added). Further, a request for correction or clarification is "adequate" if it:

(a) Is made in writing and reasonably identifies the person making the request;

(b) ***Specifies with particularity the statement alleged to be false and defamatory*** or otherwise actionable and, to the extent known, the time and place of publication;

---

[4] The claim for civil conspiracy fails for the additional and independent reason that its underlying claim based on Dr. Mayberg's alleged defamatory statements is precluded by Washington's two-year statute of limitations period for defamation. Dkt. 1 ¶¶ 51, 53; RCW 4.16.100(1); *see also Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 208 (9th Cir. 1991) (holding that plaintiffs' civil conspiracy claim was not actionable because their underlying fraud claim was precluded by applicable statute of limitations period).

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 10

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

      (c) Alleges the *defamatory meaning* of the statement;

      (d) Specifies the circumstances giving rise to any defamatory meaning of the statement which arises from other than the express language of the publication; and

      (e) States that *the alleged defamatory meaning of the statement is false*.

RCW 7.96.040(3) (emphasis added). And, although service of a complaint containing a covered cause of action may constitute a "request for correction or clarification" under the act, in order to do so, the complaint must satisfy the requirements of an "adequate" request set forth above. RCW 7.96.040(4).

      In short, the UCCDA sets equal, if not higher, standards for specificity of defamation claims than those adopted by the Ninth Circuit by making requests for correction or clarification prerequisites to defamation lawsuits. The requirement that defamation plaintiffs make an "adequate request for correction or clarification" is not trivial. Indeed, the act permits defendants to, among other things, foreclose defamation plaintiffs' recovery for reputational harm by making timely and sufficient corrections or clarifications. RCW 7.96.060. In order to take advantage of such remedies, however, defendants must be sufficiently notified of the specific alleged defamatory statements—and their alleged defamatory meanings—in order to determine whether or not a correction or clarification is possible and/or warranted.

      The UCCDA's heightened standards apply to *all claims* predicated on alleged publication of false statements. RCW 7.96.030(1) ("This chapter applies to any claim for relief, however characterized, for damages arising out of harm caused by the false content of a publication that is published on or after July 28, 2013."). Here, all three claims against Dr. Cobbs are predicated on alleged reputational harm arising out of alleged publication of false statements. *E.g.*, Dkt. 1 ¶ 139 ("Dr. Cobbs' false statements impugned Dr. Delashaw's professional reputation…"), ¶ 145 ("Dr. Cobbs' interference … was accomplished through improper means, including defamation…"), ¶ 148 ("Dr. Cobbs

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 11

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1   and Dr. Mayberg acted in concert to destroy Dr. Delashaw's reputation and career at SNI
2   by defaming…").  For the same reasons articulated *supra* in section IV.B.1, the
3   Complaint's allegations are insufficiently specific under the UCCDA.[5]  Additionally, the
4   Complaint fails to specify the alleged "defamatory meaning" of the statements or to allege
5   that such meaning was false.  RCW 7.96.040(3)(c), (d).  Accordingly, ***all claims*** against
6   Dr. Cobbs must be dismissed for Dr. Delashaw's failure to make an "adequate request for
7   correction or clarification."

8   **C.     The Alleged Defamatory Statements Were Nonpublished**

9           The Complaint fails to specify precisely what alleged defamatory statements were
10  made, when they were made, to whom they were made, and, in some instances, who made
11  them.  *See, e.g.*, Dkt. 1 ¶ 65 ("Dr. Cobbs' false report of a consensus on the (false) claims
12  about Dr. Delashaw was sent to dozens of Swedish employees through an anonymous
13  email sent from a Gmail account using the pseudonym jbartsolo@gmail.com.").  But even
14  if some of the defamation allegations could overcome the applicable heightened pleading
15  standards (they cannot), the defamation claim (and the other claims predicated on the
16  same statements) would still fail because the alleged defamatory statements were intra-
17  corporate communications made by Dr. Cobbs in the course of his employment at
18  Swedish.  "Washington courts have consistently held that intra-corporate communications
19  are not considered published for purposes of a defamation claim when the statements are
20  made within the 'limits of their employment.'" *Olson v. Uehara*, C13-0782RSM, 2014
21  WL 4384065, at *8 (W.D. Wash. Sept. 4, 2014) (quoting *Doe v. Gonzaga Univ.*, 143
22  Wn.2d 687, 701, 24 P.3d 390, 397 (2001), *rev'd on other grounds*, 536 U.S. 273,
23  122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002)).  This is because:

24          a corporation, ... acting through one of its agents or representatives, to send
25          a libelous communication to another of its agents or representatives cannot

26  ----
    [5] The Complaint does not and cannot allege that Dr. Delashaw provided an "adequate request for correction or clarification" separate and apart from the Complaint (he did not).  *See, generally*, Dkt. 1.

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 12

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

> be a publication of the libel on the part of the corporation. It is but communicating with itself.

*Gonzaga Univ.*, 143 Wn.2d at 701 (quoting *Prins v. Holland-N. Am. Mortgage Co.*, 107 Wash. 206, 208–09, 181 P. 680, 680–81 (1919)).

Here, Dr. Delashaw admits that Dr. Cobbs is the Director of SNI's Ivy Center for Advanced Brain Tumor Treatment ("Ivy Center") at Swedish. Dkt. 1 ¶ 48. The Complaint further alleges that Dr. Cobbs made defamatory statements to Swedish "executives" and "corporate people" accusing Dr. Delashaw of "endangering patient safety and harming SNI's financial condition." *Id.* ¶ 61. Certainly the Director of SNI's Ivy Center would be acting within the "limits of his employment" by raising concerns about the SNI Chair's endangerment of SNI's patients and business. *Olson*, 2014 WL 4384065 at *8. Thus, even if all the other elements were sufficiently pled, the alleged defamatory statements were nonpublished. The Court should dismiss the causes of action against Dr. Cobbs.

### D. The Alleged Defamatory Statements Were Privileged

In addition to not being a publication, intra-corporate "communications made only among corporate personnel as part of the ordinary course of employment are privileged … for purposes of defamation." *Olson*, 2014 WL 4384065 at *8 (citing *Doe v. Gonzaga Univ.*, 99 Wn. App. 338, 348, 992 P.2d 545 (2000), *rev'd on other grounds*, *Gonzaga Univ.*, 536 U.S. at 122; *Woody v. Stapp*, 146 Wn. App. 16, 21, 189 P.3d 807, 810 (2008) (applying qualified privilege given to intra-corporate communications)); *see also Messerly v. Asamera Minerals, (U.S.) Inc.*. 55 Wn. App. 811, 818, 780 P.2d 1327 (1989). In *Messerly*, for example, employees were not liable for defamation where they sent an intra-corporate memorandum "calling attention" to certain corporate rule violations. 55 Wn. App. at 818. The court concluded that the employees had a "common interest in safety" and deterring rule violations. *Id.*

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 13

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

The Complaint alleges that the recipients of Dr. Cobbs's purported defamatory statements accusing Dr. Delashaw of "endangering patient safety and harming SNI's financial condition" were Swedish "executives" and "corporate people." *Id.* ¶ 61. Swedish's "executives" and "corporate people" should have undoubtedly shared Dr. Cobbs's interest in ensuring that Swedish's internal safety policies are followed and its business is protected.[6] *Messerly*, 55 Wn. App. at 818. Indeed, it is difficult to conceive of a circumstance more worthy of this privilege than a senior physician reporting serious safety concerns to hospital management. These are precisely the sorts of statements that courts have deemed protected by the privilege. *Id.* Otherwise, whistleblowers would be severely chilled from raising safety concerns by the threat of defamation and other suits by the very people responsible for jeopardizing patient safety. Thus, Dr. Cobbs's alleged statements, made in the ordinary course of his employment, were privileged and cannot give rise to causes of action for or predicated on defamation.

### E.   The Complaint Fails to Allege a Causal Link for Tortious Interference

Independent of and in addition to the Complaint's failures to sufficiently plead a claim of relief for defamation as a predicate to its tortious interference claim, the tortious interference claim also suffers from the Complaint's fatal omission of allegations that Dr. Cobbs caused the termination of Dr. Delashaw's business relationship. To state a claim for tortious interference with a business relationship or expectancy, Dr. Delashaw must allege "sufficient factual matter" from which the Court can reasonably infer:

(1) the existence of a valid contractual relationship or business expectancy;

(2) the defendants had knowledge of that relationship;

(3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy;

---

[6] Whether or not they actually shared in Dr. Cobbs's concerns is a separate matter—immaterial to the issues raised here—which was called into question by The Seattle Times's investigative series. *See, generally*, **Attachment 1;** Dkt. 17, Exhibits 1 and 2.

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 14

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

   (4) the defendants interfered for an improper purpose or used improper means; and

   (5) resultant damage.

*Hudson v. City of Wenatchee*, 94 Wn. App. 990, 998, 974 P.2d 342, 347 (1999); *see also* Ashcroft, 556 U.S. at 678.  Moreover, liability for tortious interference cannot be imposed based on Dr. Delashaw's "voluntary business decisions." *Haglund v. Sawant*, C17-1614-MJP, 2018 WL 2216154, at *2 (W.D. Wash. May 15, 2018) (quoting *Pleas v. City of Seattle*, 112 Wn.2d 794, 807, 774 P.2d 1158 (1989)).  Because of his unsolicited decision to voluntarily resign from Swedish, Dr. Delashaw does not and cannot allege that any intentional interference by Dr. Cobbs induced or caused the termination of Dr. Delashaw's business relationship.

    The Complaint's claim for tortious interference is based on an alleged agreement between Dr. Cobbs and Dr. Mayberg to "destroy Dr. Delashaw's reputation ***in order to secure his termination***, or at least his ***removal from his leadership role*** at SNI."  Dkt. 1 ¶ 50 (emphasis added).  Dr. Delashaw's relationship with Swedish is the only business relationship or expectancy alleged in the Complaint, other than generic references to a previously unmentioned referral network in the Complaint's "formulaic recitation[s] of the elements of [the] cause[s] of action."  *See id.* ¶¶ 142, 148; *see also Chavez*, 683 F.3d at 1108 ("[F]ormulaic recitation[s] of the elements of a cause of action …. are not entitled to the presumption of truth.").  The Complaint and the Delashaw Declaration attached thereto further allege that Dr. Delashaw "voluntarily resigned from Swedish" without being asked because he was "unable to focus on patient care."[7]  *Id.* ¶ 29; *id.*, Att. 13 ¶ 19.  This "voluntary business decision" of Dr. Delashaw cannot be imputed to Dr. Cobbs to establish liability for tortious interference.  *Haglund*, 2018 WL 2216154 at *2.

---

[7] Notably, neither the Complaint nor the Delashaw Declaration alleges that Dr. Delashaw was compelled to resign because of harm to his reputation.

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 15

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Accordingly, the Complaint fails to state a claim for tortious interference. And, because a civil conspiracy claim "fails if the underlying act or claim is not actionable," the Complaint also fails to state a claim for civil conspiracy, for which tortious interference is the alleged underlying act and claim. *LaRoche,* 2015 WL 12930125 at *2. The Court should dismiss both causes of action against Dr. Cobbs.

## V.   CONCLUSION

For the foregoing reasons, Dr. Cobbs respectfully requests that the Court dismiss the Complaint's causes of action against him pursuant to Rule 12(b)(6).

DATED this 11th day of June, 2018.

    McNAUL EBEL NAWROT & HELGREN PLLC

    By: s/Malaika M. Eaton
        Malaika M. Eaton, WSBA No. 32837
        Jehiel I. Baer, WSBA No. 46951
        600 University Street, Suite 2700
        Seattle, Washington 98101
        (206) 467-1816
        meaton@mcnaul.com
        jbaer@mcnaul.com

    Counsel for Defendant Dr. Charles Cobbs

    SOMERVILLE, LLC

    By: s/ John Q. Somerville
        John Q. Somerville
        *Appearing pro hac vice*
        300 Richard Arrington Jr. Blvd North
        Suite 710
        Birmingham, AL 35203
        (205) 871-2183
        jqs@somervillellc.com

    Co-Counsel for Defendant Dr. Charles Cobbs

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 16

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> HARRIGAN LEYH FARMER & THOMSEN LLP
> Arthur W. Harrigan, Jr.
> Tyler L. Farmer
> 999 Third Avenue, Suite 4400
> Seattle, Washington 98104
> arthurh@harriganleyh.com
> tylerf@harriganleyh.com
> Attorneys for Plaintiff
>
> LAW OFFICES OF IRWIN H. SCHWARTZ
> Irwin H. Schwartz
> 999 Third Avenue, Suite 4400
> Seattle, WA 98104
> irwin@ihschwartz.com
> Attorneys for Plaintiff
>
> SUMMIT LAW GROUP PLLC
> Jessica L. Goldman
> Christopher T. Wion
> 315 Fifth Avenue South, Suite 1000
> Seattle, Washington 98104
> jessicag@summitlaw.com
> chrisw@summitlaw.com
> teresar@summitlaw.com
> Attorneys for Defendant Seattle Times Company

And by additional electronic email service to:

> Theresa R. Rodela (Bar Number Pending)
> SUMMIT LAW GROUP PLLC
> 315 Fifth Avenue South, Suite 1000
> Seattle, Washington 98104
> teresar@summitlaw.com
> Attorneys for Defendant Seattle Times Company

DATED: June 11, 2018.

By:   s/Malaika M. Eaton
       Malaika M. Eaton, WSBA No. 32837

DEF. DR. C. COBBS'S MOT. TO DISMISS
(Case No. 18-cv-00537-JLR) – Page 17

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3847-002 hf08fz1062.002 2018-06-11