The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY B. DELASHAW, JR.,<br><br>                    Plaintiff,<br><br>        v.<br><br>SEATTLE TIMES COMPANY, and CHARLES COBBS,<br><br>                    Defendants. | CASE NO. 2:18-cv-00537-JLR<br><br>PARTIAL MOTION TO DISMISS BY THE SEATTLE TIMES<br><br>**NOTED ON MOTION CALENDAR:**<br>**August 3, 2018** |

PARTIAL MOTION TO DISMISS
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

On April 11, 2018, Plaintiff Johnny Delashaw filed a 37-page Complaint with 46 attachments against *The Seattle Times* alleging defamation, tortious interference and violation of the Consumer Protection Act ("CPA").[1]  On June 7, 2018, *The Seattle Times* timely filed a Motion to Dismiss Dr. Delashaw's inadequately pled Complaint.[2]  Dr. Delashaw mooted that Motion by filing an Amended Complaint.[3]  Although the Amended Complaint is double the length of the original, it still fails in large measure to state claims against which relief may be granted.  Hence, *The Seattle Times* must again move for dismissal.

Dr. Johnny Delashaw "is a world-renowned" surgeon,[4] "one of the best, busiest, and [most] well-known neurosurgeons in the country,"[5] "nationally and internationally known to be a surgeon's surgeon,"[6] "well known in the academic community both nationally and internationally,"[7] "a leader in neurosurgical education and training" and "widely published in peer reviewed journals."[8]  By his own description, he is a public figure.

On February 10, 2017, *The Seattle Times* published two lengthy investigative articles, together entitled "Quantity of Care," about the business and medical practices at Swedish Neurosurgical Institute ("SNI") where Dr. Delashaw was chairman of neurosurgery (the "Articles").[9]  The first of the Articles concerns the catastrophic asphyxiation death of Dr. Delashaw's young patient after she emerged from surgery and despite hours of documented

---

[1] ECF No. 1.
[2] ECF No. 17.
[3] ECF No. 25-1.
[4] ECF No. 1, Exs. 9, 31.
[5] *Id.*, Ex. 17 ¶ 3.
[6] *Id.*, Ex. 27.
[7] *Id.*, Ex. 35 ¶ 6.
[8] *Id.*, Ex. 8.
[9] The Quantity of Care articles, referenced and discussed in the Complaint, are properly considered in this motion and are appended hereto as Attachment A.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir, 2002).  *See also* https://projects.seattletimes.com/2017/quantity-of-care/talia/ (last visited May 22, 2018); https://projects.seattletimes.com/2017/quantity-of-care/hospital/ (last visited May 22, 2018).  The articles were first published on line on February 10, 2017, as evidence by the Internet links, and were published in print on February 12, 2017, as reflected in Attachment A.

PARTIAL MOTION TO DISMISS - 1
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

concerns about her post-surgery breathing difficulties.[10] The second of the Articles concerns the high-volume surgical enterprise at SNI headed by Dr. Delashaw.[11]

Because Dr. Delashaw's lawsuit directly implicates the free speech rights of the press, the First Amendment is imperative from the pleading stage. "[T]he danger that the mere pendency of the action will chill the exercise of First Amendment rights requires more specific allegations than would otherwise be required."[12] This is essential because the "prospect of liability for defamation has the obvious potential of chilling public debate. First Amendment concerns are particularly acute when the plaintiff is a public figure,"[13] such as a nationally and internationally renowned surgeon. Hence, Dr. Delashaw, a Plaintiff suing a newspaper, was required to identify the precise statements alleged to be defamatory, when they were made, the basis for their claimed falsity, that they were about him, and that they caused him damage. His allegations which failed to satisfy this essential pleading requirement should be dismissed pursuant to FRCP 12(b)(6).

*The Seattle Times* further moves to dismiss Dr. Delashaw's claims for tortious interference and for violation of the CPA. As a matter of law, there is no possible claim for tortious interference where Dr. Delashaw, by his own admission, voluntarily quit his job at SNI. Likewise, no CPA claim based on the publication of a newspaper article may be stated.

## II. THE FACTS ALLEGED IN THE COMPLAINT

Dr. Delashaw has sued *The Seattle Times* for defamation concerning a "series" of lengthy "articles" published "[i]n early 2017."[14] Prior to publication of the Quantity of Care articles, "[o]n October 7, 2016, a panel of the Medical Commission" restricted his medical license.[15] "In May

---

[10] Attach. A at 11-24.
[11] *Id.* at 25.
[12] *Flowers v. Carville*, 310 F.3d 1118, 1130 (9th Cir. 2002); *accord Knievel v. ESPN*, 393 F.3d 1068, 1073 (9th Cir. 2005) ("In enforcing laws that impose liability for mere speech, a right explicitly guaranteed to the people in the United States Constitution, states tread perilously close to the limits of their authority.").
[13] *Flowers*, 310 F.3d at 1129.
[14] ECF No. 25-1 ¶ 1.
[15] *Id.* ¶ 160.

PARTIAL MOTION TO DISMISS - 2
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

2017, the Washington State Medical Quality Assurance Commission (MCAQ) suspended Dr. Delashaw's license to practice medicine."[16] He has since been investigated "by the FBI."[17]

His Amended Complaint points to various statements from the Articles which he claims are defamatory. These baseless claims will be addressed later in summary judgment proceedings. However, Dr. Delashaw hints that *The Seattle Times* published "multiple false statements" in "subsequent articles."[18] He does not describe the subsequent articles nor does he identify the allegedly defamatory statements in those subsequent articles nor attest to their falsity.

Dr. Delashaw "voluntarily resigned" from SNI in early 2017.[19] He "was never asked to resign."[20]

### III.   ARGUMENT

"Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory."[21] "Apart from factual sufficiency, a complaint is also subject to dismissal where it lacks a cognizable legal theory, or where the allegations on their face show that relief is barred for some legal reason."[22] While at this early stage the Court must accept as true well-pleaded factual allegations, the Court should not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."[23]

**A.   Dr. Delashaw's Claims Arising from "Subsequent Articles" and Other Unspecified Statements Should Be Dismissed.**

"Because of the potential chilling effect on the exercise of First Amendment rights of free speech, allegations of defamation require a heightened level of specificity – a pleading of defamation will not be found adequate absent 'the precise statements alleged to be defamatory,

---

[16] *Id.* ¶ 53.
[17] ECF No. 1 ¶ 52.
[18] ECF No. 25-1 ¶ 165.
[19] ECF No. 1, Ex. 13 ¶ 19; *see also* ECF No. 25-1 ¶¶ 108, 159.
[20] ECF No. 1, Ex. 13 ¶ 19.
[21] *Phillips v. World Pub. Co.*, 822 F. Supp. 2d 1114, 1117 (W.D. Wash. 2011).
[22] *Id.* (quotation marks & citation omitted).
[23] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended in non-relevant part*, 275 F.3d 1187 (9th Cir. 2001).

PARTIAL MOTION TO DISMISS - 3
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

who made them and when.'"[24]  Failure to allege when or where such statements were made by the defendant subjects a claim to dismissal.[25]  Such pleading failures warrant dismissal not only of defamation claims, but "related claims of defamation by implication" and other torts challenging the speech.[26]  Dr. Delashaw's claims hinted at by his mere reference to unspecified "false statements" in unspecified "subsequent articles," or the "series … taken as a whole,"[27] should be dismissed.

**B. There Can Be No Tortious Interference with a Contract Which Dr. Delashaw Voluntarily Terminated.**

Dr. Delashaw contends that *The Seattle Times*, by publishing the Articles, "intentionally induced or caused the termination" of his business relationship with SNI and with his nationwide patient referral base.[28]  However, he admits that he "voluntarily resigned" from SNI in early 2017 and that he "was never asked to resign."[29]  Because Dr. Delashaw, by his own admission, voluntarily resigned his position at SNI without any inducement to do so, his claim for tortious interference fails as a matter of law.

A tortious interference claim requires proof of five elements: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that the defendant interfered for an improper purpose or used improper means; and (5) resulting damage.[30]

Dr. Delashaw does not plead sufficient facts to state a claim for tortious interference.  His voluntary resignation breaks the chain of causation and prevents him from establishing the third

---

[24] *Castello v. City of Seattle*, No. C10-1457MJP, 2010 WL 4857022, *12 (W.D. Wash. Nov. 22, 2010) (quoting *Flowers*, 310 F.3d at 1130); *accord Harris v. City of Seattle*, 315 F. Supp. 2d 1112, 1123 (W.D. Wash. 2004), *aff'd¸*152 Fed. Appx. 565 (9th Cir. 2005); *Oriko v. Starbucks Corp.*, No. C07-5230FDB, 2007 WL 3228443, *2 (W.D. Wash. Oct. 31, 2007).
[25] *Phillips*, 822 F. Supp. 2d at 1118.
[26] *Castello*, 2010 WL 4857022 at *12.
[27] ECF No. 25-1 ¶ 172.
[28] *Id.* ¶¶ 181-185.
[29] *Id*. ¶¶ 108, 159; ECF No. 1, Ex. 13 ¶ 19.
[30] *Hudson v. City of Wenatchee*, 94 Wn. App. 990, 998 (1999).

PARTIAL MOTION TO DISMISS - 4
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

element of the claim.[31]  In his 62-page Amended Complaint, Dr. Delashaw pleads no facts indicating that the Article "induc[ed]" or "caus[ed]" SNI to terminate his employment.  He pleads no facts even suggesting that SNI pressured him to resign or created an environment that was not conducive to his continued employment.  Whatever Dr. Delashaw's reason for resigning from SNI, his Complaint alleges that the decision was entirely his own.  Washington courts do not recognize liability for tortious interference premised on the plaintiff's voluntary business decisions that cause his own harms.[32]

*The Seattle Times* moves for dismissal of the tortious interference claim.

**C.     A CPA Claim Cannot Lie Against the Publication of Newspaper Articles.**

Dr. Delashaw asserts a CPA claim against the *The Seattle Times* due to its publication of the Articles.[33]  This claim fails as a matter of law.  "[A] news article … is not published 'in the conduct of any trade or commerce.'  It does not fall within those activities governed by RCW 19.86.020."[34]  Because Dr. Delashaw's CPA claim fails to state a cause of action, *The Seattle Times* moves for its dismissal.

---

[31] *See, e.g.*, *Woodend v. Lenape Reg'l High Sch. Dist.*, 535 F. App'x 164, 167–68 (3d Cir. 2013) (tortious interference with contract claim failed where "the loss was caused by Woodend's voluntary resignation."); *Stradtman v. Republic Servs., Inc.*, No. 1:14CV1289 JCC/JFA, 2015 WL 3650736, at *7 (E.D. Va. June 11, 2015) ("[Plaintiff's] argument that a tortious interference claim can survive where he voluntarily resigns is crushed by the weight of federal authority . . ."); *Falzone v. Licastro*, No. 1:10cv2918, 2012 WL 711273, at *4 (N.D. Ohio Mar. 4, 2012) ("Voluntary resignation breaks the chain of causation that would have linked any alleged interference to the contract's breach.") (citation and internal alterations omitted); *Taylor v. CNA Corp.*, 782 F. Supp. 2d 182, 204 (E.D. Va. 2010) ("It is axiomatic that a plaintiff cannot sustain a claim of tortious interference with business expectancy when he willingly surrendered his right to those expectancies." ); *Geller v. Von Hagens*, No. 8:10–cv–1688, 2010 WL 4867540, at *4 (M.D. Fla. Nov. 23, 2010) ("Defendants' point is well-taken that, having presented that his resignation was voluntary, Geller cannot now be allowed to maintain a cause of action for tortious interference with his contract."); *Brescia v. Leff*, No. 3:04cv1680, 2006 WL 3231433, at *6 (D. Conn. Nov. 7, 2006) (holding plaintiff's claim of tortious interference with contractual rights fails in part because of her voluntary resignation) (citation omitted); *Thompson v. City of Columbus*, No. C2–98–822, 2001 WL 1681129, at * 6 (S.D. Ohio Sept. 26, 2001) ("Plaintiff's tortious interference claims . . . fail as a matter of law for two reasons. First, plaintiff . . . voluntarily resigned from her employment."), *aff'd*, 67 Fed. Appx. 348 (6th Cir. 2003); *Mart v. Dr. Pepper Co.*, 923 F. Supp. 1380, 1390 (D. Kan.1996) ("Simply put, there is no evidence that Pepsi or Terrell interfered with or induced the breach of any such contract. Plaintiff voluntarily resigned from her position.").

[32] *See, e.g., Haglund v. Sawant*, No. C17-1614-MJP, 2018 WL 2216154, at *2 (W.D. Wash. May 15, 2018) ("Plaintiff's claim for tortious interference fails, as liability cannot be imposed based on his 'voluntary business decisions'") (quoting *Pleas v. City of Seattle*, 112 Wn. 2d 794, 815-16 (1989)).

[33] ECF No. 25-1 ¶¶ 187-189.

[34] *Fidelity Mortg. Corp. v. Seattle Times Co.*, 131 Wn. App. 462, 468, 128 P.3d 621 (2005); *accord Browne v. Avvo Inc.*, 525 F. Supp. 2d 1249, 1254 (W.D. Wash. 2007).

PARTIAL MOTION TO DISMISS - 5
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

## IV.  CONCLUSION

As reflected in the two articles *The Seattle Times* published on February 10, 2017, the newspaper undertook an extensive investigation into the delivery of care at SNI, an issue of major public concern following the tragic death of a young patient who had entrusted Dr. Delashaw with her surgical care.  Dr. Delashaw, a world-renowned surgeon by his own account, has sued the newspaper to punish this core First Amendment speech.  Because of the inherently chilling effect this lawsuit has on the exercise of First Amendment rights, he was required to plead with specificity the precise statements in the Article which he challenges, the basis for their alleged falsity, that those statements were "of and concerning" him, and that they caused him damage.  His 62-page Complaint failed to satisfy this critical threshold regarding the wholly-unspecified statements in "subsequent articles."  Therefore, *The Seattle Times* respectfully moves for dismissal of Dr. Delashaw's defamation claims which are tied to those statements.  Because he cannot state a claim for tortious interference with an employment relationship he voluntarily ended and because no CPA claim may be asserted based on the publication of a newspaper article, *The Seattle Times* also moves for dismissal of those claims.

DATED this 9th day of July, 2018.

Respectfully submitted,

SUMMIT LAW GROUP PLLC
Attorneys for Defendant Seattle Times Company

By *s/ Jessica L. Goldman*
   Jessica L. Goldman, WSBA #21856
   Christopher T. Wion, WSBA #33207
   Teresa R. Rodela, WSBA #53571
   315 Fifth Avenue South, Suite 1000
   Seattle, WA  98104
   Telephone: (206) 676-7000
   Fax: (206) 676-7001
   Email:  *jessicag@summitlaw.com*
           *chrisw@summitlaw.com*
           *teresar@summitlaw.com*

PARTIAL MOTION TO DISMISS - 6
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Attorneys for Plaintiff*
Arthur W. Harrigan, Jr.
Tyler L. Farmer
Kristin E. Ballinger
Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Ste. 4400
Seattle, WA 98104
Email: *arthurh@harriganleyh.com*
*tylerf@harriganleyh.com*
*kristinb@harriganleyh.com*

*Attorneys for Plaintiff*
Irwin H. Schwartz
Law Offices of Irwin H. Schwartz
999 Third Avenue, Ste. 4400
Seattle, WA 98104
Email: *irwin@ihschwartz.com*

*Attorneys for Defendant Charles Cobbs*
Malaika M. Eaton
Jehiel I. Baer
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Ste. 2700
Seattle, WA 98101
Email*: meaton@mcnaul.com*
*jbaer@mcnaul.com*

*Attorneys for Defendant Charles Cobbs*
John Q. Somerville
Somerville, LLC
300 Richard Arrington Jr. Blvd. N., Ste. 710
Birmingham, AL 35203
Email: *JQS@Somervillellc.com*

DATED this 9th day of July, 2018.

*s/ Katie Angelikis*
Katie Angelikis

PARTIAL MOTION TO DISMISS - 7
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001