The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JOHNNY B. DELASHAW, JR.,

    Plaintiff,

v.

SEATTLE TIMES COMPANY, and CHARLES COBBS,

    Defendants.

CASE NO. 2:18-cv-00537-JLR

REPLY OF THE SEATTLE TIMES IN SUPPORT OF PARTIAL MOTION TO DISMISS

**NOTED ON MOTION CALENDAR: August 3, 2018**

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I. INTRODUCTION

The Seattle Times moved to partially dismiss Plaintiff Johnny Delashaw's Amended Complaint. His response fails to cure his deficient pleading of claims for: (1) defamation arising from "subsequent articles," the "series" "as a whole," or the February 2017 articles "as a whole"; (2) tortious interference with employment he voluntarily quit; and (3) violation of the Consumer Protection Act arising from publication of newspaper articles with which he disagrees. Each of these claims fails to state a claim for which relief may be granted and should be dismissed.

**A. Delashaw's Claims Arising from "Subsequent Articles" and Other Unspecified Statements Should Be Dismissed.**

The Seattle Times moved to dismiss **only** Dr. Delashaw's defamation claims arising from unspecified "subsequent articles" and "the series … taken as a whole."[1] Dr. Delashaw responded with a lengthy dissertation regarding his **other** defamation claims. He also misapprehends the standard applicable to this Motion to Dismiss. We turn to the standard first.

**1. No Matter How the Standard is Characterized, Allegedly Defamatory Statements Must Be Pled.**

In *Franchise Realty Interstate Corp. v. San Francisco Local Joint Executive Board of Culinary Workers*,[2] the Ninth Circuit held that a complaint attacking protected First Amendment conduct requires "more specific allegations than would otherwise be required" to withstand a motion to dismiss.[3] At issue in that case was a claim of antitrust violation arising out of opposition to the grant of permits by a city board. The Court of Appeals emphasized the importance of protecting First Amendment rights at the pleading stage in "any" First Amendment case.

> What we do hold is that **in any case**, whether antitrust **or something else**, where a plaintiff seeks damages or injunctive relief, or both, for **conduct which is prima facie protected by the First Amendment**, the danger that the mere pendency of the action will chill the

---
[1] ECF No. 25-1 ¶ 172.
[2] 542 F.2d 1076 (9th Cir. 1976).
[3] *Id.* at 1082-83.

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS - 1
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

> exercise of First Amendment rights **<u>requires more specific allegations than would otherwise be required</u>**.[4]

The Court rejected a proposed amendment to a complaint as insufficient to state a claim because it "alleges that defendants have made false and malicious statements to the news media for the purpose of engendering public wrath against McDonald's" "[b]ut the nature of the statements is not disclosed."[5]

In *Flowers v. Carville*,[6] the Ninth Circuit reversed the trial court's dismissal of a defamation lawsuit. Quoting *Franchise Realty*, the Court explained:

> The First Amendment is not irrelevant at the pleading stage. We have held that "where a plaintiff seeks damages … for conduct which is prima facie protected by the First Amendment, the danger that the mere pendency of the action will chill the exercise of First Amendment rights requires more specific allegations than would otherwise be required."[7]

In a footnote following this language, the Court noted: "we have yet to apply *Franchise Realty* outside the *Noerr-Pennington* context," however, "[b]ecause Flower's complaint satisfies either pleading standard, we assume that *Franchise Realty* applies."[8]

The Court then explained why the complaint was "sufficient" to avoid dismissal.

> Flower's complaint **<u>lists the precise statements alleged to be false and defamatory</u>**, who made them and when. That she averred the required state of mind generally, without alleging corroborating evidence, does not defeat her complaint. Flowers has done more than simply allege that she was "libeled with malice." Her complaint is sufficient.[9]

So, Flower's complaint was "sufficient" **<u>because</u>**, *inter alia*, it "list[ed] the precise statements alleged to be false and defamatory." The court again relied on its earlier holding in *Franchise Realty*, where complaints were deficient because they "failed to identify relevant activities **<u>and content of allegedly false statements</u>**."[10]

---

[4] *Id.* (emphasis added).
[5] 542 F.2d at 1085.
[6] 310 F.3d 1118 (9th Cir. 2002).
[7] *Id.* at 1130 (quoting *Franchise Realty*, 542 F.2d at 1082-83).
[8] *Id.* n.9.
[9] *Id.* at 1131 (emphasis added).
[10] *Id.* at 1130 n.9 (emphasis added).

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS - 2
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Delashaw ignores *Franchise Realty*'s broad holding that "in any case" challenging "conduct which is prima facie protected by the First Amendment," the First Amendment "requires more specific allegations than would otherwise be required."[11] Instead, he looks only to the later *Flowers* case in which the Ninth Circuit held that the complaint there at issue "satisfie[d] either pleading standard"[12] because it "list[ed] the precise statements alleged to be false and defamatory, who made them, and when." [13] While Delashaw is correct that "*Flowers* did not impose a heightened pleading standard for defamation cases,"[14] *Franchise Realty* did. And, in any event, *Flowers* held that even the normal pleading standard requires a defamation plaintiff to precisely identify the statements alleged to be defamatory.

Every Judge in the Western District of Washington to address this issue has ruled that, whatever the pleading standard is called, a defamation plaintiff must state the allegedly defamatory statement to survive a motion to dismiss. In *Marks v. Seattle*, Judge Pechman explained:

> Defamation claims, in particular, must be advanced with sufficient specificity. While the Ninth Circuit has not stated explicitly with what level of specificity plaintiffs must state their claims involving defamation, *Flowers* is instructive. In *Flowers*, the plaintiff's complaint was found to have been pled sufficiently when she "list[ed] the precise statements alleged to be false and defamatory, who made them and when."[15]

Because "Plaintiffs' allegations fail[ed] to state with specificity the alleged defamatory statements," Judge Pechman dismissed the complaint.[16]

---

[11] 542 F.2d at 1082-83.
[12] 310 F.3d at 1130 n.9.
[13] *Id.* at 1131.
[14] Pls.' Opp'n at 2:14.
[15] No. C03-1701, 2003 WL 23024522, *3 (W.D. Wash. Oct. 16, 2003); *accord Harris v. City of Seattle*, 315 F. Supp. 2d 1112, 1123 (W.D. Wash. 2004), *aff'd*, 152 Fed. Appx. 565 (9th Cir. 2005); *Castello v. City of Seattle*, No. C10-1457MJP, 2010 WL 4857022, *12 (W.D. Wash. Nov. 22, 2010).
[16] *Marks*, 2003 WL 23034522, at *3.

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS - 3
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

In *Oriko v. Starbucks Corporation*, Judge Burgess granted a motion to dismiss a defamation claim "because they neither reveal the content of the comments or when they were made."[17] He explained:

> Under the Federal Rules, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Ninth Circuit has held that a defamation claim satisfies the pleading standards of Rule 8 where the allegations identify the substance of the allegedly defamatory statements and the time and place in which they were made.[18]

In *Phillips v. World Publishing Co.*, Chief Judge Martinez dismissed a defamation complaint where the plaintiff failed to "allege[] when or where such statements were made, or what statements were actually made by defendant Tulsa World."[19] He did not discuss or purport to apply anything other than the normal standard applicable to Rule 12(b)(6) motions.[20]

In *McVeigh v. Climate Changers, Inc.*, Judge Bryan dismissed a defamation complaint because it "failed to point to a false statement made by Local 66."[21] He too did not discuss or purport to apply anything other than the basic Rule 12(b)(6) standard.[22]

Dismissing the case law of this District, Delashaw pointed to four decisions from other District Courts for the proposition that defamation claims are not subject to heightened pleading requirements, without advising this Court of the actual – and instructive – holdings in those cases. *First*, he cited to *Okeke v. Biomat USA, Inc.*[23] However, he neglected to advise this Court that *Okeke* ruled the complaint sufficient because the plaintiff specifically spelled out the allegedly defamatory statement: "Okeke's defamation claim rests entirely on his allegation that Biomat told an employee of another corporation, Telecris, that Okeke 'was terminated because he sexually

---

[17] No. C07-5230FDB, 2007 WL 3228443, *3 (W.D. Wash. Oct. 31, 2007).
[18] *Id.* at *2.
[19] 822 F. Supp. 2d 1114, 1118 (W.D. Wash. 2011).
[20] *Id.* at 1117.
[21] No. 16-5174 RJB, 2016 WL 4268939, *5 (W.D. Wash. Aug. 15, 2016).
[22] *Id.* at *4.
[23] 927 F. Supp. 2d 1021 (D. Nev. 2013).

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS - 4
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

harassed a woman.'"[24]  *Second*, Delashaw cited to *Kennedy Funding, Inc. v. Chapman*.[25]  Again, he did not inform this Court of the actual holding in *Kennedy Funding* in which the court dismissed the defamation claim:

> While defamation is not subject to the heightened pleading standard of Rule 9(b), Newport still must allege facts sufficient to state a "plausible claim for relief." *See Iqbal*, 129 S.Ct. 1950.  With respect to the performance bond, Newport states that Kennedy and Keeton made false statements. **It is unclear what statements Kennedy allegedly made versus Keeton** ….  These allegations are insufficient to plead either libel on its face or special damage.[26]

*Third*, Delashaw referred this Court to *N'Genuity Enterprises Co. v. Pierre Foods, Inc.*[27] but failed to explain that the court rejected the motion to dismiss because the complaint spelled out the specific allegations alleged to be defamatory: "Here, the defamation claims are adequately pled. The Complaint alleges that during the course of its business relationship with N'Genuity, Pierre Foods and Defendant Denning repeatedly told prime vendors and ACES that N'Genuity wrongfully refused to place orders with Pierre Foods …."[28]  *Finally*, he points to *U.S. ex rel. Putnam v. Eastern Idaho Regional Medical Center*, where the court found the complaint sufficiently detailed because it "identifies generally who Putnam talked to" "and specifically what she said."[29]

To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[30]  In a defamation case, under any standard, that requires the complaint specifically identify the allegedly defamatory statement.

---

[24] *Id.* at 1027.
[25] No. C 09-01957 RS, 2010 WL 4509805 (N.D. Cal. Nov. 1, 2010).
[26] *Id.* at *5 (emphasis added).
[27] No. 09-CV-00385-PHX-GMS, 2009 WL 2905722 (D. Ariz. Sept. 9, 2009).
[28] *Id.* at *14.
[29] No. CV-07-192-E-BLW, 2008 WL 4498812, *1 (D. Idaho Oct. 3, 2008).
[30] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS - 5
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

### 2. Delashaw's Failure to Specify Allegedly Defamatory Statements is Fatal to Three of His Defamation Claims.

While adjudication of the majority of Delashaw's defamation claims must await summary judgment and, hence, they are not the subject of The Seattle Times' Partial Motion to Dismiss, that Motion sought dismissal of the defamation claims concerning "subsequent articles" and the "series" "taken as a whole."

#### a. "Subsequent Articles"

In opposition to The Seattle Times' Motion, Delashaw concedes that the only articles "at issue" in this lawsuit are the two articles published **on February 10, 2017** and appended as Attachment A to the Motion.[31] He contends in his brief that he "does not allege defamation based on unidentified or unpled articles or statements."[32] But, no matter what his brief says, that is precisely what he did plead:

> 165. On February 10, 2017, and in subsequent articles, the Times published multiple false statements defaming the character, motivations, and quality of medical care provided by Dr. Johnny Delashaw.[33]

Because he failed to identify the "subsequent articles" at issue, let alone, the "false statements" therein, and because he now concedes that he is not pursuing claims related to any articles subsequent to the two published in February 2017, he fails to state a claim for defamation as to any "subsequent articles." His defamation claims regarding "subsequent articles" should be dismissed for failure to state a claim upon which relief may be granted.

#### b. The "Series" "Taken as a Whole"

The Seattle Times published a lengthy, 24-article series entitled *Quantity of Care* which began with the two articles published on February 10, 2017 and continued with subsequent articles

---

[31] Pl.'s Opp'n at 6 n.9.
[32] *Id.* at 5:6-7.
[33] ECF No. 25-1 ¶ 165 (highlighting added).

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS - 6
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

throughout 2018.[34] Delashaw now concedes that the only two articles from the 24-article series that are "at issue" in this lawsuit are the first two, published in February 2017.[35] He explains that his Amended Complaint "quotes specific statements made in these articles, alleges the actual facts relating to those statements, and alleges that the statements are therefore false."[36] He has provided the Court an 11-page, single-spaced chart outlining each of the statements in the February 2017 articles which he alleges is directly or impliedly defamatory.[37] Delashaw contends that "[t]hese allegations gave the Times more than adequate information to identify the offending articles, to locate the specific statements in them that the allegations identified, and to fully appreciate the nature of the allegations against it."[38] He is correct and he will now get an opportunity to prove his far flung claims in further proceedings before this Court. That is why The Seattle Times **did not** move to dismiss the defamation claims associated with "these allegations."

Rather, The Seattle Times moved to dismiss the allegation in Paragraph 172 that the "series" "taken as a whole" defamed him.

---

[34] Delashaw's Amended Complaint and his opposition brief repeatedly refer to the "Quantity of Care" "series." ECF 25-1 ¶¶ 1, 8, 101, 102, 142, 172, 184, 187; Pl.'s Opp'n at 1:2, 5:8, 7:5, The complete series is properly considered in this Motion to Dismiss. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Ten of the articles in the series are appended hereto as Attachment A. The additional 14 articles in the series are available here: 2011 WL 92998; 2011 WL 92998; https://www.seattletimes.com/opinion/a-mother-speaks-for-her-daughter-doctors-listen-to-your-patients/; https://www.seattletimes.com/seattle-news/health/us-attorneys-office-launches-investigation-of-swedish-neurosurgery-unit/; https://www.seattletimes.com/seattle-news/times-watchdog/providence-ceo-rod-hochman-apologizes-for-troubles-at-swedish/; https://www.seattletimes.com/seattle-news/times-watchdog/nurse-staffing-levels-overtime-breaks-washington-state-legislature/; https://www.seattletimes.com/seattle-news/health/attorney-disputes-allegations-against-neurosurgeon-dr-johnny-delashaw/; 2011 WL 92998; https://www.seattletimes.com/seattle-news/health/neurosurgeon-gets-17-5-million-award-after-swedish-health-firing/; https://www.seattletimes.com/seattle-news/swedishs-cherry-hill-site-regains-full-status-in-medicare-program/; https://www.seattletimes.com/seattle-news/health/judge-confirms-17-5m-award-for-fired-swedish-health-neurosurgeon/; https://www.seattletimes.com/seattle-news/times-watchdog/seattles-swedish-health-nurses-vote-no-confidence-in-leadership/; 2011 WL 92998; 2011 WL 92998.

[35] Pl.'s Opp'n at 6 n.9.
[36] *Id.* at 5:8-10 (nn. omitted).
[37] *Id.*, Appendix A.
[38] *Id.* at 5:15-6:1.

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS - 7
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

> 172. The Times' "watch dog" series about SNI entitled "Quantity of Care," and including an article entitled "The O.R. Factory," taken as a whole, created the false impression that Dr. Delashaw was driven by greed to maximize his income by performing unnecessary surgeries; that he abandoned patients during surgery in violation of his professional obligations; and that he presided over an "O.R. Factory" that harmed patients. The Times created this false impression by publishing multiple false statements about Dr. Delashaw and in part by omitting material facts that were contrary to the Times' desired story line.[39]

As is evident from Attachment A to this brief, which is 97 pages long and includes eight articles, and the 14 other articles cited in Footnote 34, there are 22 articles in the "series" which are not mentioned at all in the Amended Complaint and which were published after the two February 2017 articles. Not only do Delashaw's claims arising from the "series" "taken as a whole" fail to state a claim, but his apparent claim that the two February 2017 articles "taken as a whole" were defamatory also fails to state a claim. Pursuant to FRCP 8, The Seattle Times is entitled to know at the outset the precise statements alleged to be defamatory. Delashaw has identified those allegedly defamatory statements, or implied statements, in his 11-page chart. Those specifically pled statements are the only ones that are sufficient to withstand The Seattle Times' Motion to Dismiss.[40]

Delashaw's "claim [**does not**] have facial plausibility" because "he has [**not**] pled factual content that allows the court to draw the reasonable inference that the Times is liable for the misconduct alleged"[41] regarding "subsequent articles," the "series" "taken as a whole," or the February 2017 articles "taken as a whole." The defamation claims based on these wholly unarticulated allegations should be dismissed.

---

[39] ECF No. 25-1 ¶ 172 (highlighting added); *see also* Pl.'s Opp'n at 7:5 ("the entirety of the series").
[40] Delashaw contends that the context in which a statement is made is relevant for purposes of a defamation claim. Pl.'s Opp'n at 6:16-7:4. That is correct. In fact, the Court must consider the context in adjudicating the specific defamation claims in later proceedings. However, context is not a mechanism for later bootstrapping new allegations of defamation. The Seattle Times is entitled to notice in the Amended Complaint as to the statements alleged to be defamatory. Those allegations alone will frame this lawsuit and any claim to relief.
[41] *Id.* at 2:1-3.

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS - 8
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**B.  There Can Be No Tortious Interference with a Contract Which Dr. Delashaw Voluntarily Terminated.**

While the evidence will not support Delashaw's remaining claims of defamation, that is an issue for another day, and defamation is the appropriate claim to assert for reputational damage. On the other hand, tortious interference with voluntarily-terminated employment is not a proper claim at all.

Delashaw does not dispute that, as alleged in his Complaint, he voluntarily resigned his position at Swedish and Swedish did not in any way pressure him to do so.  Rather, he misrepresents The Seattle Times' Motion and the supporting case law.  According to Delashaw, "The Times cites a single Washington authority, *Pleas v. City of Seattle* … for its argument that under Washington law, resignation breaks the chain of causation for a tortious interference claim."[42]  That is not the case.  The Seattle Times cited a recent decision **by Judge Pechman** which quoted *Pleas*:

> [32] *See, e.g., Haglund v. Sawant*, No. C17-1614-MJP, 2018 WL 2216154, at *2 (W.D. Wash. May 15, 2018) ("Plaintiff's claim for tortious interference fails, as liability cannot be imposed based on his 'voluntary business decisions'") (quoting *Pleas v. City of Seattle*, 112 Wn. 2d 794, 815-16 (1989)).[43]

Delashaw continues by claiming that "the Times fails to appraise the Court that the Washington Supreme Court explicitly rejected that [*Pleas*] rule in *City of Seattle v. Blume*."[44]  To the contrary, the Court in *Blume*[45] overruled a prior decision which the *Pleas* Court had "refused to apply":

> Twice this court has been asked to apply the 'independent business judgment rule' and, although we have acknowledged the existence of the rule, we refused to apply it in both cases.  *See Pleas v. City of Seattle* ….[46]

The decision in *Blume* was a narrow one focused on the impact of administrative and judicial appeal avenues on tortious interference claims.  Previously, plaintiffs could not assert a

---

[42] *Id.* at 8:4-6.
[43] Partial Mot. to Dismiss by The Seattle Times, ECF No. 27 at 5 n.32 (highlighting added).
[44] Pl.'s Opp'n at 8:6-8.
[45] 134 Wn.2d 243, 947 P.2d 223 (1997).
[46] *Id.* at 253.

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS - 9
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

claim for damages against a municipality where the plaintiffs had available to them, but refused to pursue, a legal remedy which could have prevented their damages. Most typically, this arose in the context of administrative land use proceedings. The Court in *Blume* removed this impediment for parties alleging tortious interference claims, explaining:

> Our main concern with this rule is some actions which could be labeled as an "independent business judgment" could also be valid attempts to mitigate damages. In many cases, a decision to withdraw from a lengthy administrative process or to settle a dispute is a reasonable attempt by the injured party to mitigate damages and would be recognized as such by the courts. However, it is the same decision which is labeled an "independent business judgment" and precludes injured persons from any possibility of recovery.[47]

Further, the Court noted "that in many cases the tortious acts of another necessitate a person's decision to remove themselves from a legal process, to settle a claim, to dismiss an action, etc."[48] In short, "[w]here it can be shown that a city has delayed a process to the point that it is no longer feasible for the applicant to continue, the applicant should not be barred from asserting his or her legal claim because of a decision to withdraw from the process."[49] Neither this holding nor its purpose applies here where Delashaw did not forego any process. He simply quit.

Delashaw next contends that his tortious interference claim can be saved because "solely as a result of the Times articles, the Medical Quality Assurance Commission (MQAC) suddenly elevated a routine, low priority inquiry into an immediate, unsupportable suspension of his license."[50] To the contrary, the MQAC ruled that the suspension of his license was justified by his own misconduct.

> 1.7 The Respondent [Delashaw] engaged in multiple acts of intimidation of hospital staff, forming a disturbing pattern of behavior. As a result of this pattern of intimidation, the Respondent created an environment in which the ability of staff to provide safe patient care was put at jeopardy….

---

[47] *Id.* at 258.
[48] *Id.* at 259.
[49] *Id.*
[50] Pl.'s Opp'n at 10:8-10.

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS - 10
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

> 1.23 Some of the staff members reacted to the Respondent's disruptive behavior by filing QVRs [Quality Variance Reports] or by making reports to supervisors, in order to document issues that may put patients at risk. However, the Respondent contributed to an environment where reporting such incidents was discouraged….
>
> 1.25 The Respondent's behavior also discouraged staff from asking questions and, consequently, put patients at risk of medical error….
>
> 1.28 As a result of Respondent's disruptive behavior, multiple nurses left their positions at Swedish-Cherry Hill Hospital….
>
> 1.36 Credibility Finding: With regard to the issue of whether or not the Respondent was engaged in disruptive conduct during his time at SNI, the panel finds the Respondent to not be credible…. On the whole, the Respondent's testimony was self-serving, and he blamed the problems at SNI and Swedish-Cherry Hill Hospital on others….
>
> 1.37 … The Respondent's behavior negatively affected the culture of safety, ultimately replacing it with a culture of fear. This led to a compromise of team effectiveness and, as a result, an unreasonable risk of patient harm.[51]

The termination of Delashaw's employment relationship with Swedish was caused by him, not by The Seattle Times. To the degree that he suffered any compensable reputational damage – "fram[ing] Dr. Delashaw as the villain in a drama of the Times' creation"[52] – such relief properly is alleged as defamation. His tortious interference claim fails to state a claim for which relief may be granted.

---

[51] The conclusions of the MQAC proceeding cited by Delashaw in his Amended Complaint, and in his opposition brief, are properly considered by this Court. *See* ECF No. 25-1 ¶¶ 53, 54, 93, 159, 160, 161. The Findings of Fact, Conclusions of Law, and Final Order are appended hereto as Attachment B and available on the website of the Washington Department of Health at https://fortress.wa.gov/doh/providercredentialsearch/PDF/402021066.pdf (last visited Aug. 3, 2018 11:28am). *See Branch*, 14 F.3d at 454 ("when the plaintiff fails to introduce a pertinent document as part of his pleading, the defendant may introduce the exhibit as part of his motion attacking the pleading") (quotation marks, citation, & brackets omitted). It also is proper for the Court to take judicial notice of the MQAC's official ruling. *Gelinas v. U.S. Bank*, No. 16-1468JLR, 2017 WL 553277, *3 (W.D. Wash. Feb. 10, 2017) ("The court can take judicial notice of public records that are not subject to reasonable dispute. Indeed, a court may take judicial notice of a public records when its authenticity is unchallenged, even if a party contests the assertions contained within the document.") (quotation marks & citation omitted), *aff'd*, 713 Fed. Appx. 637 (2018); *Snoqualmie Indian Tribe v. City of Snoqualmie*, 186 F. Supp. 3d 1155, 1162 (W.D. Wash. 2016) ("the court may take judicial notice of matters of public record pursuant to Federal Rule of Evidence 201 without converting the motion into a summary judgment motion") (quotation marks & citation omitted).

[52] Pl.'s Opp'n at 7:21-22.

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS - 11
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**C. A CPA Claim Cannot Lie Against the Publication of Newspaper Articles.**

No Consumer Protection Act ("CPA") claim may lie against a newspaper for publication of an article, even if the Plaintiff really disliked the article. The CPA only governs "conduct of any trade or commerce,"[53] which is defined as "the sale of assets or services" or "commerce."[54] A newspaper article does not concern the sale of assets or services or commerce and the fact that individuals pay to receive *The Seattle Times* – while the newspaper also is available for free online – does not subject its articles to CPA regulation. A contrary result would defer regulation of a newspaper's content to the government and the courts, which "absolutely may not" occur.[55] Delashaw has not cited a single case, from any jurisdiction, which stands for the opposite proposition.

As Judge Lasnik held in *Browne v. Avvo, Inc.*,[56] the Washington Court of Appeals decision in *Fidelity Mortgage Corp. v. Seattle Times Co.*[57] governs here. The disgruntled subject of a newspaper article may not bring a CPA claim.

## II. CONCLUSION

Delashaw's Amended Complaint has, like his initial Complaint, failed in part to state claims for relief. His defamation claims arising from "subsequent articles," the "series" taken "as a whole," and the two February 2017 articles taken "as a whole" do not pass muster under any standard. He also has not stated a claim for tortious interference with employment he voluntarily quit or for violation of the CPA through newspaper articles with which he disagrees. The Seattle Times respectfully moves that each of these claims be dismissed with prejudice.[58]

---

[53] RCW 19.86.020.
[54] RCW 19.86.010(2).
[55] *Nelson v. McClatchy Newspapers, Inc.*, 131 Wn.2d 523, 539, 936 P.2d 1123 (1997).
[56] 525 F. Supp. 2d 1249, 1254 (W.D. Wash. 2007).
[57] 131 Wn. App. 462, 468-69, 128 P.3d 621 (2006).
[58] Each of the arguments in this Motion to Dismiss previously were alleged against Delashaw's deficient initial Complaint in The Seattle Times' first Motion to Dismiss. ECF No. 17. That Motion was mooted by the filing of Delashaw's First Amended Complaint. He has failed to identify any facts he might allege, in good faith, which would cure the pleading deficits identified again in this pending Motion. Hence, his request to file a Second Amended Complaint, Pl.'s Opp'n at 16 n.36, should be rejected. *Taylor v. Mani*, No. C10-1472JLR, 2011 WL 92998, *4 (W.D. Wash. Jan. 11, 2011) (denying motion for second amendment to complaint where plaintiff's "motion to leave to amend fails to describe how she plans to amend her amended complaint to state a valid claim").

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS - 12
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  DATED this 3rd day of August, 2018.

Respectfully submitted,

SUMMIT LAW GROUP PLLC
Attorneys for Defendant Seattle Times Company

By *s/ Jessica L. Goldman*
    Jessica L. Goldman, WSBA #21856
    Christopher T. Wion, WSBA #33207
    Teresa R. Rodela, WSBA #53571
    315 Fifth Avenue South, Suite 1000
    Seattle, WA 98104
    Telephone: (206) 676-7000
    Fax: (206) 676-7001
    Email: jessicag@summitlaw.com
    chrisw@summitlaw.com
    teresar@summitlaw.com

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS - 13
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on this day I electronically filed the foregoing with the Clerk of the |
| 3 | Court using the CM/ECF system which will send notification of such filing to the following: |

*Attorneys for Plaintiff*
Arthur W. Harrigan, Jr.
Tyler L. Farmer
Kristin E. Ballinger
Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Ste. 4400
Seattle, WA 98104
Email: *arthurh@harriganleyh.com*
*tylerf@harriganleyh.com*
*kristinb@harriganleyh.com*

*Attorneys for Plaintiff*
Irwin H. Schwartz
Law Offices of Irwin H. Schwartz
999 Third Avenue, Ste. 4400
Seattle, WA 98104
Email: *irwin@ihschwartz.com*

*Attorneys for Defendant Charles Cobbs*
Malaika M. Eaton
Jehiel I. Baer
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Ste. 2700
Seattle, WA 98101
Email*: meaton@mcnaul.com*
*jbaer@mcnaul.com*

*Attorneys for Defendant Charles Cobbs*
John Q. Somerville
Somerville, LLC
300 Richard Arrington Jr. Blvd. N., Ste. 710
Birmingham, AL 35203
Email: *JQS@Somervillellc.com*

DATED this 3rd day of August, 2018.

*s/ Katie Angelikis*
Katie Angelikis

---

REPLY OF THE SEATTLE TIMES IN SUPPORT OF
PARTIAL MOTION TO DISMISS - 14
(CASE NO. 2:18-cv-00537-JLR)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001