THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY B. DELASHAW, JR.,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>SEATTLE TIMES COMPANY, and CHARLES COBBS,<br><br>　　　　　Defendants. | Case No. 18-cv-00537-JLR<br><br>STIPULATED PROTECTIVE ORDER<br><br>NOTED ON MOTION CALENDAR:<br>SEPTEMBER 4, 2018 |

　　　The parties, by and through their undersigned counsel of record, hereby stipulate to entry of the following protective order.

1. <u>PURPOSES AND LIMITATIONS</u>

　　　Discovery in this action is likely to involve production of confidential, proprietary, or private information—including private patient information—for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Order is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are

STIPULATED PROTECTIVE ORDER - 1
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. This Stipulated Order also does not require any party or person to produce information or records not properly subject to discovery under the Federal Rules of Civil Procedure, applicable privileges, or governing law. This Order is a Qualified Protective Order complying with 45 C.F.R. §164.512(e)(1)(v)(A) and (B) and authorizing disclosure of protected health information pursuant to 45 C.F.R. §164.512(e)(1)(iv)(A).

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged in this action and/or the Washington Medical Quality Assurance Commission proceeding *In re Delashaw*, No. M2016-1084 ("MQAC Proceeding"): records concerning patients; information and records containing financial, medical, or other personal information of any party or individual; records reflecting proprietary business information, including trade secrets. "Confidential" material may include "protected health information" as defined in 45 C.F.R. § 160.103.

3. SCOPE

The protections conferred by this Stipulated Order cover not only Confidential material (as defined above), but also (1) any information copied or extracted from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel in this action and/or the MQAC Proceeding that reveal Confidential material.

However, the protections conferred by this Stipulated Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1  Basic Principles. A receiving party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting,

STIPULATED PROTECTIVE ORDER - 2
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Order. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Order.

      4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

      (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

      (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

      (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d)    the Court, court personnel, and court reporters and their staff;

      (e)    copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

      (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material may not be disclosed to anyone except as permitted under this Stipulated Order;

STIPULATED PROTECTIVE ORDER - 3
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

1          (g)    the author or recipient of a document containing the Confidential material or a custodian or other person who otherwise possessed or knew the Confidential material.

      4.3    <u>Filing Confidential Material</u>. Before filing Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the Confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

5.    <u>DESIGNATING CONFIDENTIAL MATERIAL</u>

      5.1    <u>Exercise of Restraint and Care in Designating Confidential Material</u>. Each party or non-party that designates information or items as Confidential must take care to limit any such designation to specific material that qualifies under this Stipulated Order. The designating party must designate as Confidential only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications which are not Confidential are not swept unjustifiably within the ambit of this Stipulated Order.

      Mass, indiscriminate, or routinized designations of confidentiality are prohibited. Designations of confidentiality that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to a motion for sanctions.

      If it comes to a designating party's attention that information or items that it designated as Confidential do not, or no longer, qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the Confidential designation.

STIPULATED PROTECTIVE ORDER - 4
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

5.2   *Manner and Timing of Designations*. Except as otherwise provided in this Stipulated Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Stipulated Order must be clearly designated "Confidential" before or when the material is disclosed or produced.

(a)   *Information in documentary form.* (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential material. If only a portion or portions of the material on a page qualifies as Confidential, the producing party also must clearly identify the Confidential portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)   *Testimony given in deposition or in other pretrial proceedings*. The parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all Confidential testimony, without prejudice to their right to so designate other testimony as Confidential after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential.  If a party or non-party desires to protect Confidential information at trial, the issue shall be addressed during the pre-trial conference.

(c)   *Other tangible items.* The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item is Confidential, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   *Inadvertent Failures to Designate*. If timely corrected, an inadvertent failure to designate Confidential information or items does not, standing alone, waive the designating party's right to secure protection under this Stipulated Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated

STIPULATED PROTECTIVE ORDER - 5
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

in accordance with the provisions of this Stipulated Order. However, any prior use in Court proceedings of newly-designated Confidential information, shall only be subject to protection upon order of the Court.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding Confidential designations without court involvement. Any motion regarding Confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in, or attempted to engage in, a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to a motion for sanctions. All parties shall continue to maintain the material in question as Confidential until the court rules on the challenge.

STIPULATED PROTECTIVE ORDER - 6
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

    (a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

    (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Order. Such notification shall include a copy of this Stipulated Order; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential material may be affected.

8. **LIMITATION ON USE OR DISCLOSURE OF PRIVATE, NON-CONFIDENTIAL INFORMATION OUTSIDE OF LITIGATION**

A party or non-party required to produce documents in accordance with the rules of discovery may seek to limit dissemination of such information for good cause shown. *See* Fed. R. Civ. P. 26(c) ("The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Accordingly, any party or non-party may designate a document or part of a document as "PRIVATE" so long as the designating party has a good faith legal basis for limiting dissemination of such document or part of a document, in which case the following limitations on use and disclosure will apply:

STIPULATED PROTECTIVE ORDER - 7
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

    (a) Documents or parts of documents designated as "Private" will be treated as "Confidential" unless a receiving party objects to such designation in writing, in which case:

        i. Within five (5) days of such objection the objecting party, the designating party and any other interested parties will meet and confer, and attempt to resolve their dispute without Court involvement as set forth in Section 6.2; and

        ii. unless the objection is withdrawn or a party or non-party moves for a protective order within ten (10) days of the meet and confer, the challenged designation will be deemed withdrawn.

    (b) All documents produced in discovery in this lawsuit will be treated as "Private" and subject to the terms of Section 8(a) for a period of 14 days after production.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this Stipulated Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition

STIPULATED PROTECTIVE ORDER - 8
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

1  and trial exhibits, expert reports, attorney work product, and consultant and expert work product,
2  even if such materials contain Confidential material.
3     The confidentiality obligations imposed by this Stipulated Order shall remain in effect until
4  a designating party agrees otherwise in writing, the material is no longer Confidential, or the Court
5  orders otherwise.

7     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

STIPULATED PROTECTIVE ORDER - 9
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

1   DATED this 4th day of September, 2018.

2                                    HARRIGAN LEYH FARMER & THOMSEN LLP
Attorneys for Johnny B. Delashaw, Jr.

By: *s/ Arthur W. Harrigan, Jr.*
By: *s/ Tyler L. Farmer*
By: *s/ Kristin E. Ballinger*
    Arthur W. Harrigan, Jr., WSBA #1751
    Tyler L. Farmer, WSBA #39912
    Kristin E. Ballinger, WSBA #28253
    999 Third Avenue, Suite 4400
    Seattle, WA 98104
    Tel:   (206) 623-1700
    Fax:  (206) 623-8717
    Email: arthurh@harriganleyh.com
    Email: tylerf@harriganleyh.com
    Email: kristinb@harriganleyh.com

LAW OFFICES OF IRWIN H. SCHWARTZ
Attorneys for Johnny B. Delashaw, Jr.

By: *s/ Irwin H. Schwartz*
    Irwin H. Schwartz, WSBA #4769
    999 Third Avenue, Suite 4400
    Seattle, WA 98104
    Tel:   (206) 623-5084
    Email: irwin@ihschwartz.com

SUMMIT LAW GROUP PLLC
Attorneys for Defendant Seattle Times Company

By: *s/ Jessica L. Goldman*
By: *s/ Christopher T. Wion*
By: *s/ Teresa R. Rodela*
    Jessica L. Goldman, WSBA #21856
    Christopher T. Wion, WSBA #33207
    Teresa R. Rodela, WSBA #53571
    315 Fifth Avenue South, Suite 1000
    Seattle, WA 98104
    Tel: (206) 676-7000
    Fax: (206) 676-7001
    Email: jessicag@summitlaw.com
    Email: chrisw@summitlaw.com
    Email: teresar@summitlaw.com

STIPULATED PROTECTIVE ORDER - 10
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

McNAUL EBEL NAWROT & HELGREN PLLC
Attorneys for Defendant Charles Cobbs

By: *s/ Malaika M. Eaton*
By: *s/ Jehiel I. Baer*
    Malaika M. Eaton, WSBA No. 32537
    Jehiel I. Baer, WSBA No. 46951
    600 University Street, Suite 2700
    Seattle, WA 98101
    Tel:  (206) 467-1816
    Fax:  (206) 624-5128
    Email: meaton@mcnaul.com
    Email: jbaer@mcnaul.com

SOMERVILLE, LLC
Attorney for Defendant Charles Cobbs

By: *s/ John Q. Somerville*
    John Q. Somerville, ASB-2342-E68
    300 Richard Arrington Jr. Blvd. North, Ste. 710
    Birmingham, AL 35203
    Tel: (205) 871-2183
    Fax: (205) 871-2184
    Email: jqs@somervillellc.com

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this ___ day of September, 2018.

_____
THE HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT COURT JUDGE

STIPULATED PROTECTIVE ORDER - 11
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *Johnny B. Delashaw, Jr. v. Seattle Times Company and Charles Cobbs* (2:18-cv-00537-JLR). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 12
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717