UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY B. DELASHAW, JR.,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE TIMES COMPANY, et al.,<br><br>Defendants. | CASE NO. C18-0537JLR<br><br>ORDER TO SHOW CAUSE REGARDING STIPULATED PROTECTIVE ORDER |

Pending before the court is the parties' stipulated protective order. (SPO (Dkt. # 42).) The stipulated protective order purports to apply to a proceeding in front of the Washington Medical Quality Assurance Commission: *In re Delashaw*, No. M2016-1084 ("MQAC Proceeding"). (SPO at 2 ("The protections conferred by this Stipulated Order cover not only Confidential material (as defined above), but also . . . any testimony, conversations, or presentations by parties or their counsel in this action and/or the MQAC Proceeding that reveal Confidential material.").) The court is unaware of any authority

ORDER - 1

that gives it jurisdiction over the proceedings of the Washington Medical Quality Assurance Commission, nor have the parties provided any support for that proposition. (*See generally id.*)

In addition, section 8(b) of the stipulated protective order proposes that "[a]ll documents produced in discovery in this lawsuit will be treated as 'Private' and subject to the terms of [s]ection 8(a) for a period of 14 days after production." (*Id.* at 8.) In turn, section 8(a) of the stipulated protective order provides that "documents designated as 'Private" will be treated as 'Confidential' unless a receiving party objects to such designation in writing." (*Id.*) In other words, all documents produced in discovery will be treated as "private," and all "private" documents will be treated as "confidential" unless a party objects in writing. (*See id.*) These provisions appear to "confer blanket protection on all disclosures or responses to discovery" in violation of Local Rule 26(c). Local Rules W.D. Wash. LCR 26(c) ("The court may enter a proposed stipulated protective order as an order of the court if it . . . does not purport to confer blanket protection on all disclosures or responses to discovery . . . .").

The court therefore ORDERS the parties within seven (7) days of the date of this order to show cause why the court can enter a protective order that relates to disclosures in the MQAC Proceeding, and why section 8 of the stipulated protective order complies with Local Rule 26(c). *See id.* LCR 26(c). The parties may file a joint response or separate responses. Either way, any response to the court's order shall not exceed five (5) pages. Alternatively, the parties may choose to modify these provisions and file an

//

amended stipulated protective order pursuant to the Local Rules within seven (7) days of the date of this order. *See id.* LCR 26(c)(2).

Dated this 6th day of September, 2018.

_____
JAMES L. ROBART
United States District Judge