THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY B. DELASHAW, JR.,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE TIMES COMPANY, and CHARLES COBBS,<br><br>Defendants. | Case No. 18-cv-00537-JLR<br><br>AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 21, 2018 |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 1
(Case No. 18-cv-00537-JLR)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

targeted, clear, and as specific as possible considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**B.     ESI Disclosures**

Within 30 days of entry of this Agreement and Order, or at a later time if agreed to by the parties, each party shall disclose:

1.     <u>Custodians.</u> The five custodians most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.     <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.     <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.     <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.     Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1.     Absent a showing of good cause by the requesting party, the parties shall not be

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 2
(Case No. 18-cv-00537-JLR)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e. Back-up data that are substantially duplicative of data that are more accessible elsewhere.

    f. Server, system or network logs.

    g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage). But the parties shall nonetheless preserve such electronic data for the following custodians: Dr. Johnny Delashaw, Dr. Charles Cobbs, and Reporter Mike Baker.

**D.  Privilege**

1. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 3
(Case No. 18-cv-00537-JLR)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

2. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

4. A producing party may withhold a responsive document from production if all responsive content in that document is privileged. If a document has any responsive content that is not privileged, the producing party shall produce the document with redactions applied to any privileged portions.

5. <u>Privilege Log Based on Metadata.</u> Unless otherwise agreed, privilege logs shall be provided to a requesting party no later than 14 days after the date of a production and will list all documents which are responsive to a document request, but were withheld from the production based on a privilege. The privilege log shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.

E. **ESI Discovery Procedures**

1. <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 4
(Case No. 18-cv-00537-JLR)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

2. <u>Search methodology.</u> The parties shall timely attempt to reach agreement on appropriate search terms and queries, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms and queries or computer- or technology-aided methodology. A search term is defined as a single word (e.g., "smith"). A search query is defined as multiple words and search operators (e.g., "(smith OR anderson) w/5 contract"). In the absence of agreement on appropriate search terms and queries, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

    a. A producing party shall disclose the search terms and queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and queries, and/or other methodology.

    b. If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 10 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The 10 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

    c. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. Absent a showing of good cause, each search term or query returning more than 1,000 megabytes of data is presumed to be overbroad, excluding attachments to emails, and individual Microsoft PowerPoint files, image and audio files, Portable Document Format files, and similarly large file types.

    d. The producing party shall search both non-custodial data sources likely to contain discoverable ESI and ESI maintained by custodians likely to have discoverable ESI in their possession, custody, or control. The parties may nonetheless agree to reasonable methodology

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 5
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

restrictions to exclude certain kinds of data unlikely to contain discoverable ESI (e.g., system files).

3. Format.

a. For ESI, the parties shall produce their information in the following format: native files, single-page images, and associated multi-page text files containing extracted text, with appropriate software load files containing all requisite information for use with the document management system (e.g., Concordance®, Summation®, Relativity®, etc.), as agreed to by the parties. Image files may be produced as searchable PDF files or TIFF images, as directed by the requesting party. Each document image file shall be named with a unique Bates Number (e.g. the unique Bates Number of the page of the document in question, followed by its file extension). File names should not be more than twenty characters long or contain spaces. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, need only be produced in native format.

b. Email native files shall be produced as individual MSG files, or in a PST file per custodian and source also maintaining the folder structure within the original email (Sent, Inbox, Deleted, etc.). Text messages or other database extracts shall be produced in an Excel spreadsheet format or other tab delimited file.

c. Native format is the file structure of an electronic document as defined by the original creating application. For example, if a spreadsheet was created using Microsoft Excel, then the native format of the spreadsheet would be its original Microsoft Excel format.

d. The producing party must take reasonable steps to preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history. If the parties believe the preservation of any underlying ESI they are obligated to preserve would require unreasonable efforts or methods, the parties shall meet and confer regarding this issue.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 6
(Case No. 18-cv-00537-JLR)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

e.  Unless otherwise agreed, each party shall produce the following metadata associated with ESI to the extent reasonably accessible and non-privileged: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; and hash value.

f.  If a document must be produced with redactions on the basis of a privilege, the producing party may withhold the native file from production and produce all other information for that document (e.g., image file, text files, and metadata) with redactions. Parties need not produce native files for documents withheld in their entirety from production on the basis of a privilege.

g.  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

4.  <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

5.  <u>Hard-Copy Documents.</u> For non-ESI, the parties shall produce any hard-copy documents in an electronic format, and shall include a cross-reference file that indicates document breaks and sets forth the Custodian or Source associated with each produced document. Hard-copy documents shall be scanned using Optical Character Recognition technology and searchable ASCII text files shall be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file shall be named with a unique Bates Number (e.g. the Unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

**F.  Parallel Proceedings**

1.  The parties acknowledge that Dr. Delashaw previously sought and obtained discovery from Dr. Charles Cobbs in the Washington Medical Quality Assurance Commission

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 7
(Case No. 18-cv-00537-JLR)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

proceeding *In re Delashaw*, No. M2016-1084 ("MQAC Proceeding"). Accordingly, Dr. Delashaw agrees that Dr. Cobbs may rely on his previous searches for responsive documents performed in the MQAC Proceeding in response to any of Dr. Delashaw's requests for production in this action, if:

    a. Dr. Cobbs and his counsel certify in writing that they have undertaken a good faith evaluation of the request at issue, and the search criteria previously used in response to the subpoenas issued in the MQAC Proceeding, and have determined that no additional or different search criteria are needed to make an accurate and complete production of all responsive documents in Dr. Cobbs possession, custody, or control that would be identified by a reasonable search;

    b. Dr. Cobbs and his counsel certify in writing that there are no additional sources in Dr. Cobbs' possession, custody, or control that contain discoverable information that were not previously searched in response to the subpoenas issued in the MQAC Proceeding and which need not be preserved under section C.3 of this Agreement absent a showing of good cause (e.g., back-up data substantially duplicative of data more accessible elsewhere);

    c. Dr. Cobbs discloses all search criteria (e.g., terms, queries, dates, file type, etc.) previously used in response to the subpoenas issued in the MQAC Proceeding; and

    d. Dr. Cobbs produces all responsive documents in a format consistent with this Agreement (i.e., native files, single-page images, and associated multi-page text files containing extracted text, with appropriate software load files containing all requisite information for use with the document management system). Dr. Cobbs need not produce a native version of a responsive document when a native version is not in his possession, custody, or control.

    2. If the foregoing conditions are satisfied, Dr. Delashaw and his counsel will undertake a good faith evaluation of the request at issue, the search criteria previously used in response to the subpoenas issued in the MQAC Proceeding, and the documents produced. If Dr. Delashaw determines the search criteria previously used in response to the subpoenas issued in the MQAC Proceeding were insufficient to make an accurate and complete production of all responsive

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 8
(Case No. 18-cv-00537-JLR)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

1  documents for the request at issue, the parties will meet and confer, and attempt to reach agreement
2  on the need for additional or different search criteria for the request at issue.

3        3.    If the parties are unable to reach agreement, Dr. Delashaw may propose no more than five additional or different search criteria for Dr. Cobbs to use to identify additional responsive documents for the request at issue. The limitations on search terms and queries included in section E.2.C. of this Agreement will apply. If a proposed search term or query exceeds the section E.2.C. data threshold, Dr. Delashaw may propose a different search term or query to replace it, remove the term or query, or maintain the term or query upon a showing of good cause.

4.    Dr. Cobbs will use the proposed search criteria to identify and produce any additional responsive documents, unless he determines the proposed search criteria are unreasonable and files a motion for a protective order within 14 days of receiving the proposed search criteria. Dr. Cobbs need not use the proposed search criteria if he intends to file a timely motion for a protective order or such an order has been filed but not yet ruled on by the Court.

AGREED TO this 21st day of September 2018.

                HARRIGAN LEYH FARMER & THOMSEN LLP
                Attorneys for Johnny B. Delashaw, Jr.

By: *s/ Arthur W. Harrigan, Jr.*
By: *s/ Tyler L. Farmer*
By: *s/ Kristin E. Ballinger*
    Arthur W. Harrigan, Jr., WSBA #1751
    Tyler L. Farmer, WSBA #39912
    Kristin E. Ballinger, WSBA #28253
    999 Third Avenue, Suite 4400
    Seattle, WA 98104
    Tel: (206) 623-1700
    Fax: (206) 623-8717
    Email: arthurh@harriganleyh.com
    Email: tylerf@harriganleyh.com
    Email: kristinb@harriganleyh.com

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 9
(Case No. 18-cv-00537-JLR)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

LAW OFFICES OF IRWIN H. SCHWARTZ
Attorneys for Johnny B. Delashaw, Jr.

By: *s/ Irwin H. Schwartz*
 Irwin H. Schwartz, WSBA #4769
 999 Third Avenue, Suite 4400
 Seattle, WA 98104
 Tel: (206) 623-5084
 Email: irwin@ihschwartz.com

SUMMIT LAW GROUP PLLC
Attorneys for Defendant Seattle Times Company

By: *s/ Jessica L. Goldman*
By: *s/ Christopher T. Wion*
By: *s/ Teresa R. Rodela*
 Jessica L. Goldman, WSBA #21856
 Christopher T. Wion, WSBA #33207
 Teresa R. Rodela, WSBA #53571
 315 Fifth Avenue South, Suite 1000
 Seattle, WA 98104
 Tel: (206) 676-7000
 Fax: (206) 676-7001
 Email: jessicag@summitlaw.com
 Email: chrisw@summitlaw.com
 Email: teresar@summitlaw.com

McNAUL EBEL NAWROT & HELGREN PLLC
Attorneys for Defendant Charles Cobbs

By: *s/ Malaika M. Eaton*
By: *s/ Jehiel I. Baer*
 Malaika M. Eaton, WSBA No. 32537
 Jehiel I. Baer, WSBA No. 46951
 600 University Street, Suite 2700
 Seattle, WA 98101
 Tel: (206) 467-1816
 Fax: (206) 624-5128
 Email: meaton@mcnaul.com
 Email: jbaer@mcnaul.com

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 10
(Case No. 18-cv-00537-JLR)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

SOMERVILLE, LLC
Attorney for Defendant Charles Cobbs

By: *s/ John Q. Somerville*
    John Q. Somerville, ASB-2342-E68
    300 Richard Arrington Jr. Blvd. North, Ste. 710
    Birmingham, AL 35203
    Tel: (205) 871-2183
    Fax: (205) 871-2184
    Email: jqs@somervillellc.com

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED this 22nd day of September, 2018.

_____
THE HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT COURT JUDGE

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
[PROPOSED] ORDER - 11
(Case No. 18-cv-00537-JLR)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717