The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHNNY B. DELASHAW, JR.,

                Plaintiff,

      v.

SEATTLE TIMES COMPANY, and
CHARLES COBBS,

                Defendants.

CASE NO. 2:18-cv-00537-JLR

SEATTLE TIMES COMPANY'S
MOTION TO COMPEL

**NOTED ON MOTION CALENDAR:**
**January 11, 2019**

(REDACTED)

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## TABLE OF CONTENTS

I.    INTRODUCTION & RELIEF REQUESTED ................................................................. 1

II.   FACTUAL BACKGROUND ....................................................................................... 1

    A.   The Seattle Times Articles ............................................................................. 1

    B.   The Shared Objectives of Dr. Delashaw, Dr. Oskouian, and Mr. Sabey ............... 2

    C.   Dr. Delashaw's Claims Against The Seattle Times ............................................. 3

    D.   The Current Discovery Dispute ...................................................................... 4

    E.   Privilege Log Extract – the 34 Emails at Issue ................................................ 4

III.  ARGUMENT .......................................................................................................... 5

    A.   The Emails Are Not Privileged ...................................................................... 6

        1.   The Attorney-Client Privilege Does Not Apply. ...................................... 6

        2.   The Work Product Doctrine Does Not Apply ........................................... 8

    B.   Any Protections Were Waived Through Disclosure to Third Parties; the
        Common Interest Exception Does Not Apply Here ........................................... 10

IV.   CONCLUSION ...................................................................................................... 12

SEATTLE TIMES COMPANY'S MOTION TO COMPEL - i
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## I.   INTRODUCTION & RELIEF REQUESTED

Defendant Seattle Times Company ("The Seattle Times") respectfully moves to compel production of 34 emails withheld by Plaintiff Dr. Johnny Delashaw on the basis of the attorney-client privilege and/or work product doctrine.

None of the emails was drafted by a lawyer, though lawyers were regularly copied.  Every email was authored by, or sent to, a third party not involved in this litigation.  Dr. Rod Oskouian (one of Dr. Delashaw's former colleagues at Swedish) was involved in 29 of the email exchanges. Dave Sabey (a wealthy real estate developer who was one of Dr. Delashaw's earliest supporters and a driving force behind Dr. Delashaw's move to the Swedish Neuoroscience Institute ("SNI") in 2013) was involved in 18.

Dr. Delashaw claims that the third parties' participation in the email exchanges does not waive the asserted protections because he, Dr. Oskouian and Mr. Sabey shared a "common interest."  The group's stated goal was to ███████████████████████████ ███████████████████████████████████████████ However, the common interest exception does not apply unless each member of the group has a *common, identical, legal interest*.  The participants in the withheld emails have never been involved in the same lawsuit and had no common claims or liabilities.  A *shared business or commercial interest* in pursuing a common objective is not enough.

Dr. Delashaw should be ordered to produce the 34 withheld emails and their attachments. As detailed below, Dr. Delashaw's privilege log also suffers from other concerns that warrant production or, at a minimum, *in camera* inspection.

## II.   FACTUAL BACKGROUND

### A.   The Seattle Times Articles

On February 10, 2017, The Seattle Times published two lengthy investigative articles, together entitled "Quantity of Care," about the business and medical practices at SNI where

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  Dr. Delashaw was chairman of neurosurgery (the "Articles").[1]  The first Article ("A Lost Voice")

2  concerns the catastrophic asphyxiation death of Dr. Delashaw's young patient after she emerged

3  from surgery and despite hours of documented concerns about her post-surgery breathing

4  difficulties.  The second Article ("High Volume, Big Dollars, Rising Tension") concerns the high-

5  volume surgical enterprise at SNI headed by Dr. Delashaw.

6  **B.      The Shared Objectives of Dr. Delashaw, Dr. Oskouian, and Mr. Sabey**

7          Counsel for Dr. Delashaw has represented that, in the late summer of 2017, Dr. Delashaw,

8  Dr. Oskouian, and Mr. Sabey agreed to work together to determine their strategies in response to

9  The Seattle Times articles, months later committing their agreement to writing.[2]  On December 18,

10  2018, Dr. Delashaw produced the ████████████████████████████

11  ██████████████ (the "Common Interest Agreement").[3]  While it is undated, counsel for Dr.

12  Delashaw has represented that Dr. Delashaw and Dr. Oskouain signed it in November 2017, and

13  that it was signed on Mr. Sabey's behalf by counsel in December 2017.[4]

14          The Common Interest Agreement states that ████████████████████████

15  ████████████████████████████████████████████████████

16  ████████████████████████.[5]  Counsel for Dr. Delashaw also stated

17  that HLFT has represented Mr. Sabey and the Sabey Corporation for years.[6]  And, while HLFT

18  has never represented Dr. Oskouian (who was represented by another law firm), Dr. Delashaw's

19  counsel has explained that "[s]tarting in August 2017, Dr. Oskouian sought our legal advice and

20  reasonably believed our communications to be privileged and confidential."[7]

21

22  [1] The Quantity of Care articles, referenced and discussed in the Complaint, can be found here:
    https://projects.seattletimes.com/2017/quantity-of-care/talia/ (last visited December 20, 2018);
23  https://projects.seattletimes.com/2017/quantity-of-care/hospital/ (last visited December 20, 2018).
    [2] Declaration of Jessica Goldman in Support of Seattle Times Company's Motion to Compel ("Goldman Decl."),
24  Ex. 1.
    [3] *Id.*, Ex. 3.
25  [4] *Id.*, Ex. 4.
    [5] *Id.*, Ex. 3.
26  [6] *Id.*, Ex. 1.
    [7] *Id.*, Exs. 1-5.

SEATTLE TIMES COMPANY'S MOTION TO COMPEL - 2
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

The Common Interest Agreement describes the "common interest" shared by Mr. Sabey, Dr. Delashaw, and Dr. Oskouian, stating ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[8]

On December 30, 2017, Mr. Sabey shared his thoughts with the group (in an email obtained through a public records request to the Department of Health), lamenting the public perception created by another "false story" and the need to take affirmative steps to "change the story":

> What this article points out to me is there is a sophisticated group of "someone's" methodically building a false story that is altering public perception with the appeared goal of taking out Hochman and at the same time muting Prov/Swedish/SNI's impact on PNW health care. The question is—who would benefit from that outcome? Times, UW Medicine, legacy Swedish doc/people that opposed the merger, Prof doc/people that opposed the merger and don't like Hochman or worst, maybe all of them are variously working together because they despise the change that they're dealing with. That's the problem. The next question is what to do? We need to change the story. We can't keep reacting to their messaging. We need to front run the messaging and get out in front of this story. Maybe it's the "smoking gun" email getting public that changes the messaging?[9]

This was the sentiment shared among the "common interest" group at the time of the 34 emails at issue, all drafted between September 5, 2017 and January 11, 2018.

**C.    Dr. Delashaw's Claims Against The Seattle Times**

On April 11, 2018, Dr. Delashaw filed his Complaint in this matter and filed his Amended Complaint on June 25. He asserted claims against The Seattle Times for defamation, tortious interference, and under Washington's Consumer Protection Act ("CPA"), RCW 19.86 et seq.

By Order dated August 23, 2018, the Court dismissed Dr. Delashaw's CPA claim, limited his defamation claim to the Quantity of Care articles and five allegedly defamatory subjects, and

---

[8] *Id.*, Ex. 2.
[9] *Id.*, Ex. 6.

Summit Law Group PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  allowed his tortious interference claim to proceed.[10]  The parties have since focused on discovery.

2  **D.      The Current Discovery Dispute**

3          On November 16, 2018, Dr. Delashaw provided a privilege log relating to his November 2

4  document production.[11]  The privilege log included 34 emails exchanged among Dr. Delashaw,

5  Dr. Oskouian, Mr. Sabey, Bob Gust and, on occasion, lawyers from HLFT or from another law

6  firm representing Dr. Delashaw in a licensing proceeding before the Department of Health.  Each

7  was identified as protected by the attorney-client privilege, work product doctrine, or both.[12]

8          Discovery conferences were held on November 19 and November 27.[13]  Counsel for The

9  Seattle Times asserted that the participation of third-parties in the communications waived any

10  potential protections.[14]  Counsel for Dr. Delashaw claimed there was no waiver in light of the

11  common interest exception.[15]  By email dated December 11, counsel for The Seattle Times

12  specifically identified the 34 emails at issue and provided a detailed legal analysis explaining why

13  Dr. Delashaw's reliance on the common interest exception was misplaced.[16]  On December 14, Dr.

14  Delashaw provided a revised privilege log, including material changes to the prior explanations.[17]

15  **E.      Privilege Log Extract – the 34 Emails at Issue**

16          Attached hereto as an <u>Appendix</u> is an extract from Dr. Delashaw's December 14 revised

17  privilege log, which includes only the 34 emails at issue.  The emails have been arranged in

18  chronological order and the basis for withholding (attorney-client privilege and/or work product

19  doctrine) is now reflected in two columns, not one.  No other changes have been made.

20          The Appendix lists 34 emails exchanged among Dr. Delashaw, Dr. Oskouian, Mr. Sabey,

21

22     [10] Order on Motions to Dismiss, ECF No. 39 at 16-17 (limiting Dr. Delashaw to statements concerning the
   following subject matter: "concurrent surgeries, the compensation structure at SNI, the volume of surgeries, patient
23     endangerment, and Dr. Delashaw's absence from critical parts of surgical procedures.")
      [11] Goldman Decl., Ex. 7.
24     [12] Id.
      [13] Id., ¶ 9 and Ex. 1.
25     [14] Id., Ex. 2.
      [15] Id., Ex. 1.
26     [16] Id., Ex. 2.
      [17] Id., Ex. 8.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

and/or Mr. Gust[18] from September 5, 2017 to January 11, 2018.  None was authored by a lawyer.

Twenty were authored by Dr. Oskouian.  The rest were authored by Dr. Delashaw, Mr. Sabey, or

Mr. Gust.  While lawyers were copied on all but three emails, there is no evidence that any lawyer

weighed in on any of the exchanges, making it difficult to conclude that legal advice was being

requested or provided – or that the exchanges qualify for work product protection.

A comparison with the original privilege log reveals changes to each of the 34 entries:

- Attorney-client privilege claims were dropped for 7 of Dr. Oskouian's emails.

- 17 document descriptions were changed (changes shown in **bold**):

  o Original Log – "Email [and attachment/s] containing client confidential information reflecting legal advice **and legal advice regarding licensing matter**."

  o Revised Log – "Email [and attachment/s] containing client confidential information reflecting legal advice **and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations**."

- 15 document descriptions were changed (changes shown in **bold**):

  o Original Log - "Email [and attachment/s] containing client confidential information reflecting legal advice **and legal advice regarding instant matter**."

  o Revised Log – "Email [and attachment/s] containing client confidential information reflecting legal advice **and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles**."

- 2 document descriptions originally referring to the "MQAC matter"[19] were revised to reflect the same revised language above (one each).

### III.     ARGUMENT

Dr. Delashaw has not shown that any of the 34 emails at issue, or their attachments, are

protected by the attorney-client privilege or work product doctrine.  Each email exchange was

between Dr. Delashaw and one or more third parties.  Although lawyers also were copied on

---

[18] Counsel for Dr. Delashaw has represented that Mr. Gust is a non-testifying litigation consultant.  *Id.*, Ex. 1.

[19] As stated in the Amended Complaint, in May 2017, the Washington State Medical Quality Assurance Commission (MQAC) suspended Dr. Delashaw's license to practice medicine.  Amended Complaint, Dkt. #20, ¶ 53.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

nearly all of the emails, there is no indication that any lawyer participated in the exchanges. There is no basis to conclude that an HLFT client was seeking, or receiving, legal advice. And there is no basis to conclude that a non-lawyer's views on alleged inaccurate reporting, or perspectives on potential legal matters, qualifies for protection. The group's shared business interest in taking some action to correct perceived inaccuracies and re-shape public perception are insufficient, as a matter of law, to invoke the common interest exception. The emails, and attachments, should be produced.

### A.     The Emails Are Not Privileged.

The document descriptions in Dr. Delashaw's privilege log fail to provide information sufficient to conclude the emails should be protected. The log uses the *same* description regardless of whether Dr. Delashaw is invoking *only* the attorney-client privilege (Appendix, Doc. Nos. 6, 15), *only* the work product doctrine (Appendix, Doc. Nos. 25 – 30, 33), or *both* (all other emails). Nothing in the description hints at any substantive difference in content. Likewise, each document is described as "containing client confidential information reflecting legal advice **and/or** legal advice regarding…." Dr. Delashaw's use of "**and/or**" requires The Seattle Times to guess whether each email contains the first category of information, the second, or both.

While the substantive problems with the revised privilege log, by themselves, warrant *in camera* review, what is known about the participants in the communications is sufficient to conclude that the emails are being withheld improperly and must be produced.

### 1.     The Attorney-Client Privilege Does Not Apply.

Dr. Delashaw asserts that 27 of the 34 emails at issue are protected by the attorney-client privilege. The privilege is designed to protect communications between attorney and client, in which legal advice is being sought or received. *Aecon Bldgs., Inc. v. Zurich N. Am.*, 253 F.R.D. 655, 660 (W.D. Wash. 2008) ("essence of the attorney/client relationship is whether the attorney's advice or assistance is sought and received on legal matters") (citing *Bohn v. Cody,* 119 Wash.2d 357, 363, 832 P.2d 71 (1992)). Copying an attorney on a communication is, by itself, insufficient

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  to merit protection.  The party withholding documents has the burden of proving the attorney-

2  client privilege.  *Dietz v. Doe*, 131 Wash. 2d 835, 851, 935 P.2d 611, 619 (1997); *U.S. v. Ruehle*,

3  583 F.3d 600, 607 (9th Cir. 2009).  Dr. Delashaw cannot meet this burden.

4  Dr. Delashaw's privilege log describes each email as "containing client confidential

5  information reflecting legal advice and/or legal advice…."  Missing is any specific identification

6  of the attorney who provided the advice or the client who received the advice.  And although the

7  emails span the period from September 5, 2017 to January 11, 2018, by the time the Common

8  Interest Agreement was signed in November and December 2017, ████████████████

9  ████.[20]  Mr. Sabey authored only *one* of the ostensibly privileged emails.  Appendix (Doc. No.

10  13).

11  Dr. Oskouian authored 13 emails asserted to be attorney-client privileged.  Appendix (Doc.

12  Nos. 1 – 6, 11, 12, 16, 17, 19, 21, 23).  While counsel for Dr. Delashaw reported that Dr. Oskouian

13  was represented by attorney Bob Mahler[21] and that, "[s]tarting in August 2017, Dr. Oskouian

14  sought our legal advice," ██████████████████████[22]  Nothing in the privilege log

15  indicates he was seeking legal advice – each email is described as possibly "containing" legal

16  advice, a description inconsistent with an effort to *obtain* legal advice.  Even if *Dr. Oskouian*

17  believed his emails were privileged because HLFT lawyers were copied on them, *the lawyers*

18  *knew that was not the case* and they could not provide Dr. Oskouian with privileged legal advice.

19  Dr. Oskouian's status as a third-party, *non-client*, of HLFT (who did not involve his own lawyer)

20  belies any suggestion that he was regularly seeking legal advice from HLFT over the course of

21  *four* months.  There is no basis to conclude that Dr. Oskouian's 13 emails are privileged.

22  For similar reasons, the 12 emails Dr. Delashaw authored are not privileged.  Appendix

23  (Doc. Nos. 7 – 10, 14, 15, 18, 20, 22).  There is no indication he was an HLFT client at the time.

24  To the contrary, the Common Interest Agreement ████████████████████████

25  _____

[20] Goldman Decl., Ex. 3.

26  [21] *Id.*, Ex. 1.
[22] *Id.*, Ex. 5.

SEATTLE TIMES COMPANY'S MOTION TO COMPEL - 7
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1     ▇▇▇▇▇▇[23] As noted above, the descriptions do not reflect an effort to *obtain* legal advice.

2     The sole remaining email claimed to be protected by the attorney-client privilege was sent

3 from Mr. Gust to Dr. Delashaw. Appendix (Doc. No. 24). No attorneys were involved in the

4 communication, or even copied. Counsel for Dr. Delashaw has taken the position that Mr. Gust is

5 a consulting, non-testifying witness, but has not supplied the date he was retained, despite

6 request.[24] Mr. Gust is a percipient witness who was involved in email exchanges with this same

7 group dating back to 2013, when Dr. Delashaw first arrived at SNI.[25] The email is not privileged.

8     Only <u>one</u> email was authored by an HLFT client, Mr. Sabey. No other participant in the

9 exchanges appears to have been represented by HLFT at the time. There is no indication that Mr.

10 Sabey (or any other author) was either seeking or receiving legal advice. Instead, the description

11 for each email at issue could be interpreted to imply that some *pre-existing* legal advice was being

12 discussed ("Email containing client confidential information reflecting legal advice and/or legal

13 advice"). If *that* is Dr. Delashaw's position, it is not possible to discern from the log which client

14 and which attorney might have been involved in the underlying communication.

15     Disclosure of an otherwise privileged communication to third parties waives the attorney-

16 client privilege. *Kittitas Cty. v. Allphin*, 190 Wash. 2d 691, 710, 416 P.3d 1232, 1242 (2018); *In*

17 *re Pac. Pictures Corp.*, 679 F.3d 1121, 1126–27 (9th Cir. 2012). These emails are not protected.

18     **2.**     **The Work Product Doctrine Does Not Apply**

19     Dr. Delashaw also invokes the work product doctrine to withhold 32 of the 34 emails.[26]

20     The work product doctrine, first articulated in *Hickman v. Taylor,* 329 U.S. 495, 511

21 (1947), and codified in Federal Rule of Civil Procedure 26(b)(3), is "a qualified immunity

22 protecting from discovery documents and tangible things prepared by a party or his representative

23 in anticipation of litigation." *Admiral Ins. Co. v. U.S. Dist. Court,* 881 F.2d 1486, 1494 (9th Cir.

24

---

25 [23] Goldman Decl., Ex. 3.
    [24] *Id.*, Ex. 3.
26 [25] *Id.*, Ex. 12.
    [26] Dr. Delashaw is not asserting work product for Appendix Doc. No. 6 or No. 15, or the attachment to No. 21.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1989).  Work product protection seeks to "promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of the opponent." *U.S. v. Am. Tel. & Tel. Co.,* 642 F.2d 1285, 1299 (D.C. Cir. 1980).  In order for an attorney to properly prepare a client's case, he or she must be able to "assemble information, sift what he considers to be the relevant from irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Hickman,* 329 U.S. at 511.  In short, the work product doctrine protects the integrity of the adversary system. *Am. Tel. & Tel. Co.,* 642 F.2d at 1299.

Under Fed. R. Civ. P. 26(3)(A), to qualify for work product protection, a document must have been "prepared in anticipation of litigation or for trial by or for another party or its representative." *In re Cal. Pub. Utils. Comm'n,* 892 F.2d 778, 780–81 (9th Cir. 1989) (to qualify for protection, documents must have two characteristics: "(1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared by or for another party [to the litigation] or by or for that other party's representative").  Dr. Delashaw cannot meet either part of the test.

First, the 32 emails were not "prepared in anticipation of litigation."  Dr. Delashaw does not appear to have been an HLFT client at the time they were created.  This lawsuit was not filed until several months later.  The privilege log describes the emails as containing "legal advice regarding ongoing issues…."  But if that supposed "legal advice" was not provided by an attorney to a client (*i.e.*, if it was not a communication protected by the attorney-client privilege) it could not have been "prepared in anticipation of litigation."

Second, at most, only the 11 emails authored by Dr. Delashaw could have been "prepared by or for" a party to this litigation.  The remaining 21 emails (19 of which were authored by Dr. Oskouian) fail the test's second part because the work product doctrine does not apply to third party documents. *See, e.g.*, *Weiss v. Nat'l Westminister Bank, PLC,* 242 F.R.D. 33, 67 (E.D. N.Y. 2007) ("parties cannot avoid disclosure based upon the simple fact that counsel obtained certain documents from third parties."); *Bohannon v. Honda Motor Co. Ltd.,* 127 F.R.D. 536, 539 (D. Kan. 1989) ("work product status does not apply to documents ... received from a third party.").

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    The thorough and recent analysis in *Beltran v. InterExchange, Inc.*, No. 14-CV-03074-

2    CMA-CBS, 2018 WL 839927, at *6 (D. Colo. Feb. 12, 2018), is instructive on this point.  The

3    case involved a subpoena directed to the Alliance for International Exchange (the "Alliance"), a

4    trade association whose interests were directly aligned with defendants'.  The Alliance sought to

5    withhold notes of communications with defendants about the lawsuit, based on claims of work

6    product, attorney-client privilege, and the common interest exception.  While a magistrate judge

7    initially denied plaintiffs' motion to compel, the District Court reversed that ruling:

8        Defendants fail to meet their burden to show that the documents were prepared
9        "by or for [a] party or its representative." …the documents were created by the
         Alliance's non-legal staff…  The Alliance and its staff members are not party to
10       this action.  Nor is the Alliance a representative of Defendants in this action.
         …
11       The Magistrate Judge's determination that the information exchanged "was quite
         obviously 'based on attorney advice'" and "uniformly involved the mental
12       impressions, conclusions, opinions, or legal theories of the speaking Defendant
         representative, often directly attributable to the party's received legal advice" is
13       insufficient to satisfy Rule 26(b)(3)'s requirement that a document must be
         prepared "by or for [a] party or its representative."
14

15   *Id.* at * 6-7.  Accordingly, the court found that "[t]he work product privilege does not protect the

16   Alliance's notes as a matter of law."  *Id.* at * 6.

17       Here, the 21 emails authored by third parties similarly do not qualify as work product,

18   regardless of whether or not they relate to legal advice or reflect their personal perspective on the

19   legal issues that might arise in the lawsuit Dr. Delashaw ultimately filed several months later.

20   **B.   Any Protections Were Waived Through Disclosure to Third Parties; the Common
         Interest Exception Does Not Apply Here**

21       The common interest exception does not provide an independent basis for withholding

22   documents not otherwise protected by the attorney-client privilege or work product doctrine.  The

23   doctrine is not itself a *privilege*; it is a narrow *exception* to the rule that disclosure of protected

24   material to third parties waives the attorney-client or work product protections.  *Nidec Corp. v.*

25   *Victor Co. of Japan*, 249 F.R.D. 575, 578 (N. D. Cal. 2007).  The common interest exception is

26

SEATTLE TIMES COMPANY'S MOTION TO COMPEL - 10
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    inapplicable here for at least three reasons.

2    First, for the exception to apply, the participants in the communication must share a

3    common interest in joint litigation or anticipated joint litigation.  They must have a common legal,

4    as opposed to business, interest and the communication must be designed to further *that* legal

5    effort.  *Regents of the Univ. of Cal. v. Affymetrix, Inc.*, 326 F.R.D. 275, 279 (S.D. Cal. 2018);

6    *Sanders v. State*, 169 Wn.2d 827, 853, 240 P.3d 120 (2010) (common interest exception protects

7    communications between multiple parties "pertaining to their common claim"); *In re: Premera*

8    *Blue Cross Customer Data Secty. Breach Litig.*, 296 F. Supp. 3d 1230, 1247 (D. Or. 2017)

9    (common interest applies to "parties within the *same* litigation").

10       Therefore, though the Alliance and Defendants may share a common interest in
11       retaining the current method of paying *au pairs* … it is a common business or
12       commercial interest.   [An interest] in "retain[ing] the current method of stipends"
         … is not an identical legal interest; it is a business or commercial interest.

13   *Beltran*, 2018 WL 839927 at * 9-10.

14       The shared interest of Mr. Sabey, Dr. Delashaw, and Dr. Oskouian to ████████████

15   ██████████████████████████████████████████████████████████████ (as

16   expressed in their Common Interest Agreement) or their shared interest in finding a way to change

17   public perception and control the narrative (as expressed in Mr. Sabey's December 2017 email[27])

18   reflects, at best, a common *business or commercial interest*, and not a qualifying *legal interest*.

19       Second, the communication itself must be designed to further that precise legal claim in

20   joint litigation.  *Nidec Corp.*, 249 F.R.D. at 579 (rejecting claim of common interest where the

21   communication may "have been helpful to facilitate the potential commercial transaction" but "did

22   not further a common legal strategy in connection with the instant litigation").  Where the parties

23   are not part of the same litigation or entitled to assert the same claim, the common interest doctrine

24   does not apply.  This is true where the participants have similar legal theories or claims but they

25   arise from different facts.  *Premera Blue Cross*, 296 F. Supp. 3d at 1248; *Frontier Ref., Inc. v.*

26

[27] Goldman Decl., Ex. 6.

SEATTLE TIMES COMPANY'S MOTION TO COMPEL - 11
CASE NO. 2:18-cv-00537-JLR

*Gorman-Rupp, Co., Inc.*, 136 F.3d 695, 705 (10th Cir. 1998) ("The key consideration is that the nature of the interest be identical, not similar").

Here, the participants in the email exchanges do not have a common, identical, legal interest.  Neither Mr. Sabey, his company, nor the Seattle Science Foundation, are mentioned in the February 2017 Quantity of Care articles.  Mr. Sabey has no cause of action arising from the defamation claims in this lawsuit: "concurrent surgeries, the compensation structure at SNI, the volume of surgeries, patient endangerment, and Dr. Delashaw's absence from critical parts of surgical procedures."  ECF No. 39 at 16.

Third, the common interest exception does not apply because the third-party participants in the exchanges were not all represented by counsel participating in the exchanges.  The exception is designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other.  *In re Pac. Pictures Corp.*, 679 F.3d at 1129.  There must be an on-going and joint effort to set up a common litigation strategy for the common interest exception to apply.  "A shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties within this exception."  *Id.*  Rather, the parties must make the communication in pursuit of a joint strategy in accordance with an agreement.  *Id.*  "The requirement that each party to a common interest arrangement have an attorney also comports with the intent behind the common interest privilege, to permit attorneys to develop a joint legal strategy; the development of legal strategy requires the participation of lawyers."  *Regents of the Univ. of Cal.*, 326 F.R.D. at 281.  As reflected in the Common Interest Agreement, at the time of the email exchanges and articulation of the alleged "common interest," ██████████████████████████████.

## IV.   CONCLUSION

Dr. Delashaw should be ordered to produce the 34 emails, with their respective attachments, identified in the Appendix.  To the degree there is any doubt that these documents must be disclosed, The Seattle Times requests that the Court conduct an *in camera* review.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    DATED this 21st day of December, 2018.

2                            Respectfully submitted,

3                            SUMMIT LAW GROUP PLLC

4                            Attorneys for Defendant Seattle Times Company

5                          By *s/ Jessica L. Goldman*

6                              Jessica L. Goldman, WSBA #21856
                              *s/Christopher T. Wion*

7                            Christopher T. Wion, WSBA #33207
                            Teresa R. Rodela, WSBA #53571

8                            Summit Law Group PLLC
                            315 Fifth Avenue South, Suite 1000

9                            Seattle, WA  98104
                            Telephone: (206) 676-7000

10                          Fax: (206) 676-7001
                          Email: *jessicag@summitlaw.com*

11                          *chrisw@summitlaw.com*
                          *teresar@summitlaw.com*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax:  (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiff**
Arthur W. Harrigan, Jr.
Tyler L. Farmer
Kristin E. Ballinger
John C. Burzynski
Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Ste. 4400
Seattle, WA 98104
Email: *arthurh@harriganleyh.com*
       *tylerf@harriganleyh.com*
       *kristinb@harriganleyh.com*
       *johnb@harriganleyh.com*

**Attorneys for Plaintiff**
Irwin H. Schwartz
Law Offices of Irwin H. Schwartz
999 Third Avenue, Ste. 4400
Seattle, WA 98104
Email: *irwin@ihschwartz.com*

**Attorneys for Defendant Charles Cobbs**
Malaika M. Eaton
Jehiel I. Baer
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Ste. 2700
Seattle, WA 98101
Email*: meaton@mcnaul.com*
     *jbaer@mcnaul.com*

**Attorneys for Defendant Charles Cobbs**
John Q. Somerville
Somerville, LLC
300 Richard Arrington Jr. Blvd. N., Ste. 710
Birmingham, AL 35203
Email: *JQS@Somervillellc.com*

DATED this 21st day of December, 2018.

                   *s/ Denise Brandenstein*
                   Denise Brandenstein

SEATTLE TIMES COMPANY'S MOTION TO COMPEL - 14
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# APPENDIX

| | Doc Id | Date | Attorney-Client | Work-Product | Description | Author | From | To | CC |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 545313 | 9/5/2017 6:59 AM | X | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles. | | Rod Oskouian <rod.oskouian@gmail.com> | vickyc@harriganleyh.com; tylerf@harriganleyh.com; robertgust@mac.com; DaveS@sabey.com; harrigan@seanet.com; jrlayman@laymanlawfirm.com;  Johnny Delashaw <jdelashawjr@gmail.com> | |
| 2 | 544345 | 9/5/2017 7:08 AM | X | X | Email containing client confidential information reflecting legal  advice  and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle  Times articles. | | Rod Oskouian <rod.oskouian@gmail.com> | vickyc@harriganleyh.com; tylerf@harriganleyh.com; robertgust@mac.com; Johnny Delashaw <jdelashawjr@gmail.com>; jrlayman@laymanlawfirm.com; DaveS@sabey.com; harrigan@seanet.com | |
| 3 | 542995 | 11/16/2017 4:58 PM | X | X | Email and attachment containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Rod Oskouian <rod.oskouian@gmail.com> | Johnny Delashaw <jdelashawjr@gmail.com> | |
| | 542996 | 11/16/2017 4:58 PM | X | X | attachment to doc ID 542995 | | | | |
| 4 | 547461 | 11/18/2017 7:56 AM | X | X | Email and attachment containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles. | | Rod Oskouian <rod.oskouian@me.com> | tylerf@harriganleyh.com; Robert Gust <robertgust@me.com>; Johnny Delashaw <jdelashawjr@gmail.com>; DaveS@sabey.com; harrigan@seanet.com | |
| | 547462 | 11/18/2017 7:56 AM | X | X | attachment to doc ID 547461 | | | | |
| 5 | 546882 | 11/18/2017 8:01 AM | X | X | Email and attachment containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Rod Oskouian <rod.oskouian@me.com> | tylerf@harriganleyh.com; Robert Gust <robertgust@me.com>; Johnny Delashaw <jdelashawjr@gmail.com>; DaveS@sabey.com; harrigan@seanet.com; Tyler Farmer <tylerf@harriganleyh.com> | |
| | 546883 | 11/18/2017 8:01 AM | X | X | attachment to doc ID 546882 | | | | |
| 6 | 547083 | 11/18/2017 8:04 AM | X | | Email and attachment containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles. | | Rod Oskouian <rod.oskouian@me.com> | tylerf@harriganleyh.com; Robert Gust <robertgust@me.com>; Johnny Delashaw <jdelashawjr@gmail.com>; DaveS@sabey.com; harrigan@seanet.com | |
| | 547084 | 11/18/2017 8:04 AM | X | | attachment to doc ID 547083 | | | | |
| 7 | 547137 | 11/18/2017 1:02 PM | X | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Johnny Delashaw <jdelashawjr@gmail.com> | Robert Gust <robertgust@me.com>; Rod J. Oskouian Jr. <rod.oskouian@gmail.com>; Dave Sabey <DaveS@sabey.com>; Arthur Harrigan <harrigan@seanet.com>; tylerf@harriganleyh.com; Tyler Farmer <tylerf@harriganleyh.com> | |
| 8 | 546946 | 11/18/2017 1:03 PM | X | X | Email and attachment containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles. | | Johnny Delashaw <jdelashawjr@gmail.com> | Robert Gust <robertgust@me.com>; Rod J. Oskouian Jr. <rod.oskouian@gmail.com>; Dave Sabey <DaveS@sabey.com>; Arthur Harrigan <harrigan@seanet.com>; tylerf@harriganleyh.com | |
| | 546947 | 11/18/2017 1:03 PM | X | X | attachment to doc ID 546946 | | | | |

| | Doc Id | Date | Attorney-Client | Work-Product | Description | Author | From | To | CC |
|---|---|---|---|---|---|---|---|---|---|
| 9 | 547890 | 11/18/2017 1:22 PM | X | X | Email and attachment containing client confidential information reflecting legal advice and/or legal advice regarding ongoing legal issues pertaining to Cobbs et al. conspiracy and Seattle Times articles. | | Johnny Delashaw <jdelashawjr@gmail.com> | Arthur Harrigan <harrigan@seanet.com>; tylerf@harriganleyh.com; Robert Gust <robertgust@me.com>; Rod J. Oskouian Jr. <rod.oskouian@gmail.com>; Dave Sabey <DaveS@sabey.com> | |
| | 547891 | 11/18/2017 1:22 PM | X | X | attachment to doc ID 547890 | | | | |
| 10 | 547962 | 11/18/2017 3:21 PM | X | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Johnny Delashaw <jdelashawjr@gmail.com> | tylerf@harriganleyh.com; Arthur Harrigan <harrigan@seanet.com>; Dave Sabey <DaveS@sabey.com>; Robert Gust <robertgust@me.com>; Rod J. Oskouian Jr. <rod.oskouian@gmail.com>; Tyler Farmer <tylerf@harriganleyh.com> | |
| 11 | 552067 | 11/18/2017 3:49 PM | X | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Rod Oskouian <rod.oskouian@me.com> | Johnny Delashaw <jdelashawjr@gmail.com> | Dave Sabey <DaveS@sabey.com>; Arthur Harrigan <harrigan@seanet.com>; tylerf@harriganleyh.com; Robert Gust <robertgust@me.com> |
| 12 | 554791 | 11/18/2017 6:35 PM | X | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Seattle Times articles and related government investigations. | | Rod Oskouian <rod.oskouian@gmail.com> | Arthur Harrigan <harrigan@seanet.com> | Dave Sabey <DaveS@sabey.com>; Johnny Delashaw <jdelashawjr@gmail.com>; Tyler Farmer <tylerf@harriganleyh.com>; robertgust@me.com |
| 13 | 556955 | 11/18/2017 7:47 PM | X | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Dave Sabey <DaveS@sabey.com> | Arthur Harrigan <harrigan@seanet.com> | Johnny Delashaw <jdelashawjr@gmail.com>; Tyler Farmer <tylerf@harriganleyh.com>; rod.oskouian@gmail.com; robertgust@me.com |
| 14 | 555109 | 11/18/2017 7:50 PM | X | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Johnny Delashaw <jdelashawjr@gmail.com> | Dave Sabey <DaveS@sabey.com> | Arthur Harrigan <harrigan@seanet.com>; Tyler Farmer <tylerf@harriganleyh.com>; rod.oskouian@gmail.com; robertgust@me.com |
| 15 | 539660 | 11/18/2017 9:53 PM | X | | Email and attachments containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles. | | Johnny Delashaw <jdelashawjr@gmail.com> | Arthur Harrigan <harrigan@seanet.com>; tylerf@harriganleyh.com; Robert Gust <robertgust@me.com>; Rod J. Oskouian Jr. <rod.oskouian@gmail.com>; Dave Sabey <DaveS@sabey.com>; Tyler Farmer <tylerf@harriganleyh.com> | |
| | 539662 | 11/18/2017 9:53 PM | X | | attachment to doc ID 539660 | Cosentino, Andy | | | |
| | 539663 | 11/18/2017 9:53 PM | X | | attachment to doc ID 539660 | Hopkins, Sarah | | | |
| 16 | 539977 | 11/19/2017 8:08 AM | X | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Rod Oskouian <rod.oskouian@gmail.com> | Dave Sabey <DaveS@sabey.com> | Johnny Delashaw <jdelashawjr@gmail.com>; Arthur Harrigan <harrigan@seanet.com>; tylerf@harriganleyh.com; Robert Gust <robertgust@me.com>; Tyler Farmer <tylerf@harriganleyh.com> |
| 17 | 538867 | 11/19/2017 12:25 PM | X | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles. | | Rod Oskouian <rod.oskouian@gmail.com> | Johnny Delashaw <jdelashawjr@gmail.com> | Tyler Farmer <tylerf@harriganleyh.com>; robertgust@me.com; Dave Sabey <daves@sabey.com>; Arthur Harrigan <harrigan@seanet.com> |

| | Doc Id | Date | Attorney-Client | Work-Product | Description | Author | From | To | CC |
|---|---|---|---|---|---|---|---|---|---|
| 18 | 541263 | 11/26/2017 11:23 AM | X | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and/or related government investigations. | | Johnny Delashaw <jdelashawjr@gmail.com> | Rod J. Oskouian Jr. <rod.oskouian@gmail.com> | Robert Gust <robertgust@me.com>; Tyler Farmer <tylerf@harriganleyh.com>; Arthur  Harrigan <harrigan@seanet.com>; Dave Sabey <DaveS@sabey.com> |
| 19 | 543581 | 11/30/2017 5:03 PM | X | X | Email and attachment containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Rod Oskouian <rod.oskouian@gmail.com> | vickyc@harriganleyh.com; tylerf@harriganleyh.com; KateN@harriganleyh.com; Johnny Delashaw <jdelashawjr@gmail.com>; DaveS@sabey.com; Arthur Harrigan <harrigan@seanet.com>; robertgust@mac.com; John Layman <JRLayman@laymanlawfirm.com> | |
| | 543583 | 11/30/2017 5:03 PM | X | X | attachment to doc ID 543581 | | | | |
| 20 | 544349 | 11/30/2017 6:47 PM | X | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and/or related government investigations. | | Johnny Delashaw <jdelashawjr@gmail.com> | Dave Sabey <DaveS@sabey.com>; Arthur Harrigan <harrigan@seanet.com>; Tyler Farmer <tylerf@harriganleyh.com> | |
| 21 | 543886 | 12/1/2017 4:36 AM | X | X | Email and attachment containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles. | | Rod Oskouian <rod.oskouian@gmail.com> | vickyc@harriganleyh.com; tylerf@harriganleyh.com; KateN@harriganleyh.com; Johnny Delashaw <jdelashawjr@gmail.com>; DaveS@sabey.com; Arthur Harrigan <harrigan@seanet.com>; Robert Gust <robertgust@me.com>; John Layman <JRLayman@laymanlawfirm.com> | |
| | 543887 | 12/1/2017 4:36 | X | | attachment to doc ID 543886 | Brown, Sarah [HSI] | | | |
| 22 | 544309 | 12/4/2017 11:16 AM | X | X | Email containing client confidential  information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle  Times articles  and  related government investigations. | | Johnny Delashaw <jdelashawjr@gmail.com> | Rod Oskouian <rod.oskouian@gmail.com> | Dave Sabey <DaveS@sabey.com>; Robert Gust <robertgust@me.com>; Tyler Farmer <tylerf@harriganleyh.com>; Arthur Harrigan <harrigan@seanet.com> |
| 23 | 545194 | 12/4/2017 3:48 PM | X | X | Email  containing  client  confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government  investigations. | | Rod Oskouian <rod.oskouian@gmail.com> | Johnny Delashaw <jdelashawjr@gmail.com> | Dave Sabey <DaveS@sabey.com>; Robert Gust <robertgust@me.com>; Tyler Farmer <tylerf@harriganleyh.com>; Arthur Harrigan <harrigan@seanet.com> |
| 24 | 551689 | 12/8/2017 8:28 AM | X | X | Email and attachment containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles. | | Robert Gust <robertgust@me.com> | Johnny Delashaw <jdelashawjr@gmail.com> | |
| | 551694 | 12/8/2017 8:28 AM | X | X | attachment to doc ID 551689 | | | | |
| 25 | 552601 | 12/15/2017 10:09 AM | | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and related government investigations. | | Rod Oskouian <rod.oskouian@gmail.com> | Johnny Delashaw <jdelashawjr@gmail.com>; Amy Magnano <amagnano@bbllaw.com> | |
| 26 | 554591 | 12/15/2017 10:23 AM | | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and related government investigations. | | Rod Oskouian <rod.oskouian@gmail.com> | Amy Magnano <amagnano@bbllaw.com>; Johnny Delashaw <jdelashawjr@gmail.com> | |

| | Doc Id | Date | Attorney-Client | Work-Product | Description | Author | From | To | CC |
|---|---|---|---|---|---|---|---|---|---|
| 27 | 534088 | 12/15/2017 3:56 PM | | X | Email and attachment containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Rod Oskouian <rod.oskouian@gmail.com> | Johnny Delashaw <jdelashawjr@gmail.com>; Amy Magnano <amagnano@bbllaw.com> | |
| | 536983 | 12/15/2017 3:56 PM | | X | attachment to doc ID 534088 | | | | |
| 28 | 539818 | 12/17/2017 12:04 PM | | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Rod Oskouian <rod.oskouian@gmail.com> | Amy M. Magnano <AMagnano@bbllaw.com> | Johnny Delashaw <jdelashawjr@gmail.com> |
| 29 | 539348 | 12/17/2017 12:05 PM | | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and/or related government investigations. | | Rod Oskouian <rod.oskouian@gmail.com> | Johnny Delashaw <jdelashawjr@gmail.com> | |
| 30 | 540853 | 12/17/2017 12:08 PM | | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Rod Oskouian <rod.oskouian@gmail.com> | Amy M. Magnano <AMagnano@bbllaw.com> | Johnny Delashaw <jdelashawjr@gmail.com> |
| 31 | 541626 | 12/22/2017 9:41 AM | X | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Johnny Delashaw <jdelashawjr@gmail.com> | Tyler Farmer <tylerf@harriganleyh.com> | Arthur Harrigan <harrigan@seanet.com>; Dave Sabey <DaveS@sabey.com> |
| 32 | 544986 | 12/25/2017 12:02 PM | X | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles. | | Johnny Delashaw <jdelashawjr@gmail.com> | Tyler Farmer <tylerf@harriganleyh.com>; Dave Sabey <daves@sabey.com>; Arthur Harrigan <harrigan@seanet.com> | |
| 33 | 545424 | 12/25/2017 1:09 PM | | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Rod Oskouian <rod.oskouian@gmail.com> | Johnny Delashaw <jdelashawjr@gmail.com> | Amy Magnano <amagnano@bbllaw.com> |
| 34 | 548451 | 1/11/2018 8:49 AM | X | X | Email containing client confidential information reflecting legal advice and/or legal advice regarding ongoing issues pertaining to Cobbs et al. conspiracy and Seattle Times articles and related government investigations. | | Johnny Delashaw <jdelashawjr@gmail.com> | Dave Sabey <DaveS@sabey.com>; Arthur Harrigan <harrigan@seanet.com>; Tyler Farmer <tylerf@harriganleyh.com> | |