The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY B. DELASHAW, JR.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SEATTLE TIMES COMPANY, and<br>CHARLES COBBS,<br><br>　　　　　　　　Defendants. | CASE NO. 2:18-cv-00537-JLR<br><br>SEATTLE TIMES COMPANY'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL<br><br>**NOTED ON MOTION CALENDAR:<br>January 11, 2019** |

SEATTLE TIMES COMPANY'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................................. 1

II.  ARGUMENT .................................................................................................................... 2

    A.   Dr. Delashaw Has Not Shown that Any Specific Document Is Privileged ............ 2

    B.   Dr. Delashaw Has Not Shown that Any Specific Document Is Work Product ................................................................................................................... 4

    C.   The Common Interest Exception Does Not Apply Here ....................................... 5

III. CONCLUSION ................................................................................................................. 6

SEATTLE TIMES COMPANY'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL - i
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

## I. INTRODUCTION

Dr. Delashaw has not met his burden of demonstrating that the attorney-client privilege and/or work product doctrine applies to any of the documents he is withholding. He should be directed to produce the 34 emails, and 12 attached documents, at issue.

Dr. Delashaw relies heavily on his theory that the withheld documents are protected from disclosure because three of the participants in the majority of the email communications (himself, Dr. Oskouian, and Mr. Sabey) entered into a Common Interest Agreement. His reliance on the theory is misplaced for a number of reasons. The common interest doctrine does not supply an independent basis for withholding documents. Rather, it is an *exception* to the general rule that disclosure to third parties waives the attorney-client privilege or work product protections. Dr. Delashaw has not shown that the exception applies, mainly because the members of the common interest group are not all parties to the same litigation and do not share a common legal claim.

Having focused predominantly on his overarching common interest theme, Dr. Delashaw makes no attempt in his briefing to substantiate his privilege or work product claims on an individual, document-by-document basis. Instead, he persists in the approach taken in his privilege log, painting with a broad brush and leaving The Seattle Times to guess as to which of the vague and sometimes contradictory justifications are intended to apply to which documents.

As detailed in The Seattle Times' opening brief and below, Dr. Delashaw has not met his burden and the documents should be produced. Dr. Delashaw's generalizations about the withheld documents are insufficient to meet his burden of establishing that any specific document should be protected by the attorney-client privilege and/or work product doctrine. The collection of documents cannot be treated as a single, undifferentiated unit. However, if the Court agrees with Dr. Delashaw that he simply "cannot be more specific without disclosing the content of the communication,"[1] an *in camera* review is warranted.

---

[1] Opp'n to Mot. to Compel, Dkt. #63, at 12.

SEATTLE TIMES COMPANY'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL - 1
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

## II.  ARGUMENT

### A.  Dr. Delashaw Has Not Shown that Any Specific Document Is Privileged

The party withholding evidence on the basis of the attorney-client privilege has the burden of proving both (1) the existence of the privileged relationship and (2) that the content of the communication in question is protected by the privilege.  *Dietz v. Doe*, 131 Wash. 2d 835, 844, 935 P.2d 611 (1997).  "The attorney-client privilege applies to communications and advice between an attorney and client and extends to documents which contain a privileged communication."  *Pappas v. Holloway*, 114 Wash. 2d 198, 203, 787 P.2d 30 (1990).

Dr. Delashaw has failed to establish both the (1) relationship and (2) content requirements necessary to withhold any specific document as privileged.  Starting with the relationship element, Dr. Delashaw concedes that a privilege log must identify both the attorney and the client involved in any communication purportedly protected by the attorney-client privilege.[2]  He has not done so.

First, while the privilege log lists 26 purportedly privileged emails "containing" or "reflecting" legal advice, each such email was sent by a non-lawyer.  Legal advice originates with lawyers.  Dr. Delashaw has made no effort to identify the lawyer who supposedly provided the legal advice incorporated into each of the various non-lawyer emails.  The log is deficient in this regard and Dr. Delashaw's briefing fails to correct the deficiency.

Second, 13 of the emails were sent from a non-lawyer to a non-lawyer (Docs 3, 11, 14, 16-18, 22-24, 27, 29, 33, 34).  No lawyer was even copied on three of those emails (Docs 3, 24, 29).

Third, Dr. Delashaw has not identified the attorney *or* the client involved in the 11 email attachments that he independently logged as privileged communications (attached to Docs 3-6, 8, 9, 15, 19, 21, 24).  Each email attachment must stand on its own merit.  *Hanson v. Wells Fargo Home Mortg., Inc.*, No. C13-0939JLR, 2013 WL 5674997, at *4 (W.D. Wash. Oct. 17, 2013) ("the party asserting privilege must prove that each attachment is protected by privilege").

---

[2] Opp'n to Mot. to Compel, Dkt. #63, at 12 (citing *In re Grand Jury Investigation,* 974 F.2d 1068, 1071 (9th Cir. 1992)).

SEATTLE TIMES COMPANY'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL - 2
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Fourth, while Dr. Delashaw asserts that 13 emails sent by Dr. Oskouian (Docs 1-6, 11, 12, 16, 17, 19, 21, 23) are privileged, he has not demonstrated that the attorney-client privilege extends to emails sent from Dr. Oskouian and received by the Harrigan Leyh ("HLFT") lawyers.[3] Dr. Delashaw asserts that Dr. Oskouian's emails are privileged because he was a *prospective* client of HLFT who intended to engage the firm if he filed a lawsuit.[4] "The determination of whether an attorney-client relationship exists is a question of fact." *Dietz*, 131 Wash. 2d at 844. But the existence of a relationship protected by the attorney-client privilege depends on the *putative client's subjective belief*, if reasonable. *Id.*, at 843 ("the belief of the client will control only if it 'is reasonably formed based on the attending circumstances'") (citation omitted). Dr. Delashaw has not submitted a declaration from Dr. Oskouian or explained its absence. While he has submitted the declarations of two lawyers, Tyler Farmer and Dr. Oskouian's actual attorney at the time John Layman, opining on Dr. Oskouian's expectations, a lawyer's assertion about the existence of the relationship is insufficient:

> The trier of fact on the issue of the existence of an attorney-client relationship between Doe [putative client] and Ritchie [lawyer] may not simply accept Ritchie's legal conclusion that Doe was his client. The trial court needed the facts of what actually occurred between Doe and Ritchie to decide the legal question of whether Doe was Ritchie's client. Ritchie is a witness to those facts; his legal conclusions are interesting, but not dispositive.

*Dietz*, 131 Wash. 2d at 845. Moreover, five of Dr. Oskouian's emails (Docs 3, 11, 16, 17, 23) were not sent to a lawyer, and two of them (Docs 21, 23) were sent in December, *after* he signed the Common Interest Agreement acknowledging he was not represented by HLFT.[5]

In addition to the above-described deficiencies regard the attorney-client *relationship* among the active participants in specific communications, Dr. Delashaw also has failed to establish that the *content* of the communications is privileged. Notably, he has now offered three

---

[3] Dr. Oskouian's lawyer, John Layman, was a recipient of only four of these emails (Docs 1, 2, 19, 21).
[4] Opp'n to Mot. to Compel, Dkt. #63, at 5.
[5] Declaration of Jessica L. Goldman in Support of Seattle Times Company's Motion to Compel ("12/21/18 Goldman Decl."), Dkt. #57, Ex. 3.

SEATTLE TIMES COMPANY'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL - 3
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

different accounts of that content.  Although the document descriptions changed from his original privilege log to his revised privilege log (as described on page 5 of The Seattle Times' opening brief), both versions indicate that the emails "contained" or "reflected" legal advice.  However, Dr. Delashaw changes tactics in his briefing, making the conclusory assertion that "[e]ach participant was *seeking legal advice* at all relevant times" and "[t]he parties were *seeking advice* from trial lawyers."[6]  This is a materially different position than the one twice taken in Dr. Delashaw's log.  The new claim that the emails were seeking legal advice also is significantly undermined by the absence of *any* logged response email from *any* lawyer.

Finally, Dr. Delashaw cannot credibly argue that the nine emails sent to *non-lawyers* (Docs 3, 11, 14, 16, 17, 18, 22, 23, 24) were sent for the purpose of acquiring legal advice.

**B.      Dr. Delashaw Has Not Shown that Any Specific Document Is Work Product**

Dr. Delashaw also made no attempt to justify application of the work product doctrine on a document-by-document basis.  Dr. Delashaw was required to show that each document was "[1] prepared by a party or his representative [2] in anticipation of litigation."  *Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1494 (9th Cir. 1989).  He failed to do so.

First, while it should have been easy to clearly address the "prepared by a party or his representative" requirement for each document, Dr. Delashaw makes no distinction among the documents.  Instead, he offers three different answers, each of which is intended to apply to the entire collection, variously claiming that all of the documents were prepared (1) "by or for Dr. Delashaw," (2) "by *and for* all participants in the common interest agreement," and (3) "by or for Dr. Delashaw, Dr. Oskouian, or Mr. Sabey."[7]  These answers are incompatible, and cannot all be true.  Where a clear answer for each document should be easy, prevarication is revealing.

Second, Dr. Delashaw does not identify the author of any of the eight email attachments claimed to be work product (attached to Docs 3-5, 8, 9, 19, 24, 27).  Also missing is the creation

---

[6] Opp'n to Mot. to Compel, Dkt. #63, at 4, 7 (emphasis added).
[7] *Compare id*., at 10:13 (by or for Dr. Delashaw), 10:18 (by and for all), and 12:24 (by or for Dr. Delashaw, Dr. Oskouian, or Mr. Sabey).

SEATTLE TIMES COMPANY'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL - 4
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

date and any indication of the litigation for which each supposedly was prepared.  <u>Third</u>, he makes a vague and conclusory statement that "many of these emails reflect the lawyers' mental impressions, conclusions, opinions, and legal theories."[8]  However, he fails to identify (a) any specific email supposedly containing such attorney opinion work product, (b) the lawyer supposedly involved, or (c) the litigation being addressed.

**C.      The Common Interest Exception Does Not Apply Here**

Because Dr. Delashaw has not met his burden of demonstrating that the emails (or attachments) are privileged or work product, no analysis of his Common Interest Agreement with Dr. Oskouian and Mr. Sabey is even necessary.  *Sanders v. State*, 169 Wash. 2d 827, 854, 240 P.3d 120, 134 (2010) ("the 'common interest' doctrine is not an expansion of the [attorney-client] privilege at all; it is merely an exception to waiver"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) ("The joint defense and common interest doctrines are not privileges in and of themselves.  Rather, they constitute exceptions to the rule on waiver where communications are disclosed to third parties").  Even if Dr. Delashaw had shown that one or more of the challenged documents were otherwise protected, each was shared with third parties and the common interest exception to the resulting waiver does not apply here.

Dr. Delashaw has not established that he, Dr. Oskouian and Mr. Sabey shared the requisite common legal interest to invoke the waiver exception.  The common interest exception applies to parties within the same litigation, who share the same claim.  *Sanders*, 169 Wn.2d at 853 (common interest exception protects communications between multiple parties "pertaining to their common claim"); *In re: Premera Blue Cross Customer Data Secty. Breach Litig.*, 296 F. Supp. 3d 1230, 1247 (D. Or. 2017) (common interest applies to "parties within the *same* litigation"); *Frontier Ref., Inc. v. Gorman-Rupp, Co., Inc*., 136 F.3d 695, 705 (10th Cir. 1998) ("The key consideration is that the nature of the interest be identical, not similar").  They neither share common legal claims against The Seattle Times nor are they involved in the same litigation.  Even

---

[8] Opp'n to Mot. to Compel, Dkt. #63 at 10:20-21.

SEATTLE TIMES COMPANY'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL - 5
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

if Dr. Delashaw, Dr. Oskouian, and Mr. Sabey joined forces to develop a coordinated response to The Seattle Times' investigative reporting, and each was interested in exploring legal options, that is not enough.  A common goal – whether or not sought through legal channels – is not enough. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012) ("A shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties within this exception"). *Beltran v. InterExchange, Inc.*, No. 14-CV-03074-CMA-CBS, 2018 WL 839927, at *6 (D. Colo. Feb. 12, 2018) (rejecting common interest exception where "The Alliance [is] not party to this action [or] a representative of Defendants in this action").

Dr. Delashaw also has not adequately explained why Robert Gust's involvement in 22 of the 34 emails does not amount to a waiver, since he was *not* a party to the Common Interest Agreement.  Although Dr. Delashaw's counsel asserts that HLFT "retained Mr. Gust as a litigation consultant in this matter,"[9] despite request, HLFT has not disclosed the date of his retention.[10] Without proof of formal retention *before* the challenged communications, a party could always defeat a waiver argument via a *post hoc* designation of the third-party participant as a consulting expert.  At the very least, HLFT should be required to produce Mr. Gust's engagement letter and to submit all documents he received for *in camera* inspection.  *See, e.g.*, *Faller v. Faller*, No. CIV. A. DKC 09-0889, 2010 WL 3834865, at *8 (D. Md. Sept. 28, 2010) (ordering party to provide for *in camera* review, an appraisal, "the 'engagement letter' retaining the consulting expert who prepared [the appraisal, and] if no engagement letter, then [to] identify the consulting expert, and the date initial contact was made with the consulting expert").

### III.   CONCLUSION

Dr. Delashaw's explanations for withholding the challenged documents are inadequate.  They likely are not even sufficient to facilitate a meaningful *in camera* review.  The Seattle Times requests an order requiring their production or, at minimum, an *in camera* review.

---

[9] Declaration of Tyler L. Farmer ("1/7/19 Farmer Decl."), Dkt. #65, ¶ 6.
[10] 12/21/18 Goldman Decl., Dkt. #57, ¶ 12; Ex. 10.

SEATTLE TIMES COMPANY'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL - 6
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1 | DATED this 11th day of January, 2019.

Respectfully submitted,

SUMMIT LAW GROUP PLLC
Attorneys for Defendant Seattle Times Company


By *s/ Jessica L. Goldman*
    Jessica L. Goldman, WSBA #21856
    *s/Christopher T. Wion*
    Christopher T. Wion, WSBA #33207
    Teresa R. Rodela, WSBA #53571
    Summit Law Group PLLC
    315 Fifth Avenue South, Suite 1000
    Seattle, WA  98104
    Telephone: (206) 676-7000
    Fax: (206) 676-7001
    Email: *jessicag@summitlaw.com*
    *chrisw@summitlaw.com*
    *teresar@summitlaw.com*

SEATTLE TIMES COMPANY'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL - 7
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Attorneys for Plaintiff*
Arthur W. Harrigan, Jr.
Tyler L. Farmer
Kristin E. Ballinger
John C. Burzynski
Harrigan Leyh Farmer & Thomsen LLP
999 Third Avenue, Ste. 4400
Seattle, WA 98104
Email: *arthurh@harriganleyh.com*
  *tylerf@harriganleyh.com*
  *kristinb@harriganleyh.com*
  *johnb@harriganleyh.com*

*Attorneys for Plaintiff*
Irwin H. Schwartz
Law Offices of Irwin H. Schwartz
999 Third Avenue, Ste. 4400
Seattle, WA 98104
Email: *irwin@ihschwartz.com*

*Attorneys for Defendant Charles Cobbs*
Malaika M. Eaton
Jehiel I. Baer
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Ste. 2700
Seattle, WA 98101
Email: *meaton@mcnaul.com*
  *jbaer@mcnaul.com*

*Attorneys for Defendant Charles Cobbs*
John Q. Somerville
Somerville, LLC
300 Richard Arrington Jr. Blvd. N., Ste. 710
Birmingham, AL 35203
Email: *JQS@Somervillellc.com*

DATED this 11th day of January, 2019.

　　　　　　　　　　　　　　　*s/ Denise Brandenstein*
　　　　　　　　　　　　　　　Denise Brandenstein

SEATTLE TIMES COMPANY'S REPLY IN SUPPORT OF
ITS MOTION TO COMPEL - 8
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001