UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY B. DELASHAW, JR.,<br><br>                  Plaintiff,<br>     v.<br><br>SEATTLE TIMES COMPANY, et al.,<br><br>                  Defendants. | CASE NO. C18-0537JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION TO EXTEND PRETRIAL DEADLINES |

Before the court is Plaintiff Johnny B. Delashaw, Jr. and Defendants Seattle Times Company's ("the Times") and Charles Cobbs' (collectively, "Defendants") stipulation motion to extend pretrial deadlines (Stip. Mot. (Dkt. # 146).) The parties do not request a continuance of their August 31, 2020, trial date. (*See generally id.*; *see also* Am. Sched. Order (Dkt. # 90) at 2.) Instead, the parties assert that the current pretrial schedule is "unmanageable due to the unavailability of medical personnel who are necessary

//

witnesses and government orders prohibiting persons from congregating." (Stip. Mot. at 1.) The parties propose the following amended deadlines:

| Discovery motions | May 21, 2020 |
| Rebuttal disclosures | May 4, 2020 |
| Discovery deadline | June 18, 2020 |
| Dispositive and *Daubert* motions | June 25, 2020 |

(*Id.*)

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Id.* at 608. Further, the court's scheduling order states that the dates are "firm" and that "[t]he court will alter these dates only upon good cause shown." (Am. Sched. Order at 3.)

The court finds that the parties have shown good cause to extend certain pretrial deadlines. The parties agree that medical personnel who are necessary witnesses are at least temporarily unavailable due to the COVID-19 pandemic. (*See* Stip. Mot. at 1.) However, certain deadlines the parties propose would leave the court and the parties insufficient time to resolve certain pretrial matters before trial. Therefore, the court GRANTS in part and DENIES in part the parties' stipulated motion, and amends the pretrial schedule as follows:

| | |
|---|---|
| All motions related to discovery must be filed by | May 21, 2020 |
| Disclosure of rebuttal expert testimony under Fed. R. Civ. P. 26(a)(2)(D)(ii) | May 4, 2020 |
| Discovery completed by | June 4, 2020 |
| All dispositive motions and motions challenging expert witness testimony must be filed by | June 11, 2020 |

All other case deadlines remain unchanged.

Dated this 10th day of April, 2020.

JAMES L. ROBART
United States District Judge

ORDER - 3