UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY B. DELASHAW, JR.,<br><br>                  Plaintiff,<br>     v.<br><br>SEATTLE TIMES COMPANY, et al.,<br><br>                  Defendants. | CASE NO. C18-0537JLR<br><br>ORDER ON MOTIONS TO EXTEND DEPOSITIONS OF MR. DELASHAW AND MR. BAKER |

This matter comes before the court on (1) Plaintiff Johnny B. Delashaw, Jr.'s motion to extend the deposition of Mike Baker (*see* Delashaw Ltr. (Dkt. # 112)) and (2) Defendant Seattle Times Company's ("the Times") motion to extend the deposition of Mr. Delashaw (*see* Seattle Times Ltr. (Dkt. # 113)). Prior to filing letter briefs in support of these motions, the parties jointly contacted the court pursuant to this case's scheduling order and Federal Rule of Civil Procedure 16(b)(3)(B)(v). (*See* Am. Sched. Order (Dkt. # 90) at 3); Fed. R. Civ. P. 16(b)(3)(B)(v). The parties agreed that their disputes over

ORDER - 1

1  depositions were amenable to the court's decision on letter briefs without an oral hearing.

2  (*See* 2/13/20 Min. Entry (Dkt. # 111).)  The parties agreed to a filing schedule in which

3  the parties were to submit simultaneous letter briefs and simultaneous letter responses.

4  (*See id.*)  The parties have filed their letter briefs and responses.  (*See* Delashaw Ltr.;

5  Seattle Times Ltr.; Delashaw Resp. Ltr. (Dkt. # 114); Seattle Times Resp. Ltr. (Dkt.

6  # 115).)  The court now considers the parties' respective motions.

**A.    Mr. Delashaw's Motion**

Mr. Delashaw moves the court for an order pursuant to Federal Rule of Civil Procedure 30 for an additional 3.5 hours of deposition time of former Seattle Times reporter Mike Baker.  (*See* Delashaw Ltr. at 1 (citing Fed. R. Civ. P. 30).)  Mr. Delashaw previously deposed Mr. Baker for 6.5 hours on February 5, 2020.  (*See id.*)  Mr. Delashaw contends he needs the additional time to depose Mr. Baker on two grounds: (1) approximately 45 minutes of Mr. Baker's prior deposition was consumed by lengthy objections and (2) Mr. Baker's testimony covers a long period of time, which warrants additional deposition time.  (*See id.* at 2.)

The Times does not directly oppose Mr. Delashaw's request.  (*See* Seattle Times Resp. Ltr. at 1-2.)[1]  Instead, referring to the Times' request for additional deposition time for Mr. Delashaw, the Times maintains that "both sides should be allowed the requested additional time."  (*See id.* at 1.)  The Times has refused to agree to additional deposition time for Mr. Baker unless Mr. Delashaw also agrees to additional deposition time for Mr.

---

[1] The Times does, however, dispute Mr. Delashaw's characterizations of the Times' objections during Mr. Baker's prior deposition.  (*See* Seattle Times Resp. Ltr. at 1.)

Delashaw. (*See* Seattle Times Ltr. at 1.) As the Times does not rebut Mr. Delashaw's substantive arguments for additional deposition time for Mr. Baker, the court considers Mr. Delashaw's motion unopposed.

Depositions are limited to seven hours of on-the-clock questioning unless otherwise stipulated or ordered by the court. *See* Fed. R. Civ. P. 30(d)(1). "The court must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the deposition." *Id.* The advisory committee notes to Rule 30 suggest that additional deposition time may be justified if the examination will cover "events occurring over a long period of time." *See* Fed. R. Civ. P. 30, Adv. Cmte. Note to 2000 Amendment.

On the basis of Mr. Delashaw's representation that Mr. Baker's deposition covers a substantial period of time, and the fact that the Times does not oppose Mr. Delashaw's motion, the court GRANTS Mr. Delashaw's motion for additional 3.5 hours of deposition time for Mr. Baker.

**B.     The Times' Motion**

The Times moves for an additional 4 hours of deposition of Mr. Delashaw. (*See* Seattle Times Ltr. at 1.) The Times provides two grounds for its motion: (1) Mr. Delashaw was uncooperative at his prior deposition and (2) Mr. Delashaw produced documents after his deposition about which the Times wishes to depose Mr. Delashaw. (*See id.* at 1-2.)

Mr. Delashaw opposes the Times' motion and alleges that the Times attempts to create a "[f]alse [e]quivalence" by requesting additional time with Mr. Delashaw. (*See*

1  Delashaw Ltr. at 1.)  Mr. Delashaw points to the fact that unlike Mr. Baker, Mr.
2  Delashaw has already been subject to 15.6 hours over three days of deposition time.  (*See*
3  *id.*)  Mr. Delashaw contends that the Times used 6.5 of those hours and stated "no
4  questions for the Times" at the end of that deposition.  (*See id.*)  Mr. Delashaw further
5  contends that the Times did not request additional deposition time for Mr. Delashaw
6  Between September 5, 2019, and February 5, 2020.  (*See id.*)  In fact, Mr. Delashaw
7  contends, only when Mr. Delashaw requested additional time with Mr. Baker did the
8  Times request additional time with Mr. Delashaw.  (*See id.*)  Mr. Delashaw further
9  contends that he was not uncooperative during his deposition.  (*See* Delashaw Resp. Ltr.
10 at 1.)
11         On the issue of whether subsequently produced documents justify reopening Mr.
12 Delashaw's deposition, Mr. Delashaw contends that nearly all of the "more than 48,000
13 pages" of documents Mr. Delashaw produced after March 22, 2020, were documents the
14 State produced or were filed in related cases, and that nearly all were produced before
15 Mr. Delashaw's September 5, 2019, deposition.  (*See id.*)  Mr. Delashaw further contends
16 that the Times fails to explain *why* these additional documents justify reopening his
17 deposition.  (*See id.*)
18         The Times disputes Mr. Delashaw's characterization of the above-described
19 events.  (*See* Seattle Times Resp. Ltr. at 1.)  The Times contends that it never agreed that
20 Mr. Delashaw's deposition had concluded and specifically stated on the record that it
21 would leave it open.  (Seattle Times Ltr. at 1.)  The Times further contends that Mr.
22 Delashaw and Defendant Charles Cobbs agreed that Mr. Cobbs would be allowed

1 additional deposition time with Mr. Delashaw, but that Mr. Delashaw never
2 communicated this to the Times.  (*See id.*)  The Times further contends that the statement
3 that the Times had no further questions came at the end of this additional four hours of
4 deposition questioning by Mr. Cobbs, that Mr. Delashaw strictly limited that deposition
5 to four hours, and that the Times simply stated at the end of those four hours that it had
6 no questions "at this time" but did not state that the Times had completed its questioning
7 of Mr. Delashaw.  (*See id.*)

        The fact that this case covers a substantial period of time justifies some additional deposition time for Mr. Delashaw in addition to Mr. Baker.  However, unlike Mr. Baker, Mr. Delashaw has already been subject to 15.6 hours of deposition time, compared to 6.5 hours for Mr. Baker.  Although the court is not convinced that Mr. Delashaw was disruptively uncooperative during his deposition, even if he was uncooperative for a portion of it, Mr. Delashaw has still been subject to more than twice the usual allotted deposition time of seven hours.

        The court finds, however, that the documents produced after Mr. Delashaw's deposition warrant a limited amount of additional questioning.  *See Scott v. Multicare Health Sys.*, No. C18-0063-JCC, 2019 WL 1505880, at *1 (W.D. Wash. Apr. 5, 2019).  Therefore, the court GRANTS in part and DENIES in part the Times' motion and will allow the Times an additional three hours of deposition time with Mr. Delashaw, limited to questioning that relates to documents produced after the Times' prior deposition of Mr. Delashaw.

//

## C. Summary

The court GRANTS Mr. Delashaw's motion for additional deposition time with Mr. Baker (Dkt. # 112) and GRANTS in part and DENIES in part the Times' motion for additional deposition time with Mr. Delashaw (Dkt. # 113). Within seven (7) days of the date of this order, the parties shall confer and schedule 3.5 hours of additional deposition time for Mr. Delashaw to depose Mr. Baker and an additional three hours for the Times to depose of Mr. Delashaw. The Times' questioning of Mr. Delashaw shall be limited to questions that related to documents produced after the Times' prior questioning of Mr. Delashaw. The court encourages the parties to consider remote means for completing these depositions in light of the COVID-19 pandemic and to avoid unnecessary burdens on the deponents. The parties shall complete these depositions within 21 days of the date of this order, unless the parties stipulate to a later date. If the parties so stipulate, the parties shall file such stipulation on the docket no later than 21 days from the date of this order.

Dated this 27th day of May, 2020.

JAMES L. ROBART
United States District Judge