UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY B. DELASHAW, JR., <br><br> Plaintiff, <br> v. <br><br> SEATTLE TIMES COMPANY, et al., <br><br> Defendants. | CASE NO. C18-537 JLR <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL |

## I.  INTRODUCTION

Before the court are two motions to seal:  (1) Defendant Seattle Times Company's ("the Times") motion to seal (1st MTS (Dkt. # 104)); and (2) Plaintiff Johnny B. Delashaw, Jr.'s motion to seal (2d MTS (Dkt. # 131)).  Although the Times filed a motion to seal in order to comply with the protective order in this case and the court's local rules (*see* Protective Order (Dkt. # 46)); Local Rules W.D. Wash. LCR 5(g), Dr. Delashaw is the proponent of both motions to seal (*see* Delashaw 1st MTS Resp. (Dkt.

ORDER - 1

# 120); 2d MTS). The Times opposes its own motion to seal (*see* Times 1st MTS Reply (Dkt. # 136)) and Dr. Delashaw's motion to seal (Times 2d MTS Resp. (Dkt. # 142)). Defendant Charles Cobbs joins the Times in opposition to the Times' motion to seal (*see* Cobbs 1st MTS Resp. (Dkt. # 118)), but did not file a response to Dr. Delashaw's motion to seal (*see generally* Dkt.). Finally, interested party Swedish Health Services ("Swedish") filed a response in support of sealing a number of the documents identified in the Times' motion to seal (*see* Swedish 1st MTS Resp. (Dkt. # 122)), but did not file a response to Dr. Delashaw's motion to seal (*see generally* Dkt.). The court has considered the motions, the parties' submissions concerning the motions, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS in part and DENIES in part both motions.[1]

## II. BACKGROUND

The court has detailed this case's background in a prior order and will not repeat it in detail here. (*See* 8/23/18 Order (Dkt. # 39) at 1-10.) At a high level, Dr. Delashaw brings defamation and related tort claims against the Times based on claims made in a series of articles published by the Times in early 2017 about Dr. Delashaw and the Swedish Neuroscience Institute ("SNI"), and against Dr. Cobbs based on statements Dr. Cobbs made to the Times, to other Swedish employees, and to the Washington State Medical Quality Assurance Commission ("MQAC"). (*See generally id.*)

---

[1] No party requests oral argument (*see* 1st MTS at 1; 2d MTS at 1; Delashaw 1st MTS Resp. at 1; Swedish 1st MTS Resp. at 1; Cobbs 1st MTS Resp. at 1; Times 2d MTS Resp. at 1), and the court concludes that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

### III.     ANALYSIS

**A.     Legal Standard**

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). The standard for determining whether to seal a record depends on the filing to which the sealed record is attached. *See id.* at 1136-37. Because the sealed documents at issue here are attached to motions that are "more than tangentially related to the merits of [this] case," the court applies the compelling reasons standard to determine if sealing is appropriate. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-102 (9th Cir. 2016).

Under the compelling reasons standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations omitted). A failure to meet that burden means that the record will be filed in public. *Id.* at 1182. If a court decides to seal a record, it must "base its decision on a compelling reason and articulate the factual basis for its ruling." *Id.* at 1179 (quoting *Hagestad*, 49 F.3d at 1434). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when

such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  The final determination of what constitutes a compelling reason is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

In addition, in the Western District of Washington, parties seeking to file documents under seal must follow the procedure laid out in Local Rule 5(g).  *See* Local Rules W.D. Wash. LCR 5(g); (*see also* Protective Order at 4 ("Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.")).  Pursuant to Local Rule 5(g), a party filing a motion to seal must include "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document[s] under seal." *Id.* LCR 5(g)(3)(A).  The party seeking to keep the documents under seal must also explain the bases for requiring the relief.  *Id.* LCR 5(g)(3)(B).

B.  **The Motions to Seal**

The Times provisionally filed under seal (1) an unredacted version of its motion for summary judgment (*see* Times MSJ (Dkt. ## 106 (redacted) 109 (sealed))), (2) 22 exhibits to the first declaration of Jessica Goldman (*see* 1st Goldman Decl. (Dkt. ## 108 (redacted) 110 (sealed))); and (3) an unredacted version of its reply in support of its motion for summary judgment (*see* Times MSJ Reply (Dkt. ## 136 (redacted) 153 (sealed))).  Dr. Delashaw provisionally filed under seal one exhibit and one declaration,

both of which are attached to the declaration of Kristin E. Ballinger. (*See* Ballinger Decl. (Dkt. ## 124 (redacted) 132 (sealed)).) The court first addresses the provisionally sealed exhibits and declaration and then turns to the proposed redactions in the Times' motion and reply briefs.

1. <u>The Times' Motion to Seal</u>

   a. *Unopposed Documents: Exhibits 1-2, 10, and 37*

Rule 5(g)(3) states that either the party filing a motion to seal or a party who designated a document confidential must file a "a specific statement of the applicable legal standard and the reasons for keeping a document under seal." Local Rules W.D. Wash. LCR 5(g)(3). The Times and Dr. Cobbs oppose sealing Exhibits 1, 2, 10, and 37 to Ms. Goldman's declaration (*see* Times 1st MTS Reply at 2-3; Cobbs 1st MTS Resp. at 9-11), and neither Dr. Delashaw nor Swedish offer grounds for maintaining the seal on those exhibits (*see* Swedish 1st MTS Resp. at 5-6 (arguing that Exhibits 5, 9, 11-15, 17, 19, 21-22, 24-26, and 34-35 should remain under seal); Delashaw 1st MTS Resp. at 1-2 (arguing that exhibits 16-19 and 25-26 should remain under seal)). Accordingly, given that no party argues that Exhibits 1, 2, 10, and 37 should be sealed, the court DIRECTS the clerk to unseal those exhibits.

   b. *Tax Documents: Exhibits 16-19*

Exhibit 16 is a copy of Dr. Delashaw's 2015 Form 1040 Individual Tax Return and Exhibits 17-19 are copies of Dr. Delashaw's 2015 W-2s from Providence Health & Services, Alaska Native Tribal Health Consortium, and Swedish, respectively. (*See* 1st Goldman Decl. ¶¶ 18-21, Exs. 16-19.) The court concludes that Exhibits 17-19, Dr.

Delashaw's Form W-2s, should be unsealed. Dr. Delashaw's Form W-2s merely list Dr. Delashaw's wages and various wage withholdings for the tax year 2015. (*See* 1st Goldman Decl. ¶¶ 19-21, Exs. 17-19.) Dr. Delashaw is not entitled to keep high-level details about his earnings out of the public record in this instance. The court agrees with Dr. Cobbs and the Times's central argument in opposition to sealing Dr. Delashaw's tax records—that the public interest in accessing information about Dr. Delashaw's compensation is high because Dr. Delashaw claims in this lawsuit that the Times falsely reported that he had financial incentives to take on a high volume of patients. (*See, e.g.*, Am. Compl. (Dkt. # 25-1) ¶ 108 ("The fundamental predicate for the Times' attack—volume-based compensation of Dr. Delashaw that was motivating him to race through surgeries endangering patients—was false.").)

Moreover, Dr. Delashaw's argument that information about his compensation is private and should be sealed carries little weight with the court given that Dr. Delashaw included information about his compensation in his opposition to the Times' motion for summary judgment (*see* Delashaw MSJ Resp. (Dkt. # 123) at 8), and had no issue inserting information about the compensation of other Swedish employees in his complaint (*see* Am. Compl. ¶¶ 29, 40 (listing information on Dr. Marc Mayberg's salary), 48, 56 (listing information on Dr. Cobbs' salary).) The court is also not persuaded by Swedish's argument that it will suffer competitive harm if the court unseals Dr. Delashaw's five-year-old wage information given that Swedish provided no evidence in support of that assertion. (*See* Swedish 1st MTS Resp. at 5-6.) Thus, the court DENIES the Times' motion to seal Exhibits 17-19.

The court concludes, however, that Dr. Delashaw has provided compelling reasons to file Exhibit 16—his personal tax return—under seal.  Unlike Dr. Delashaw's W-2s, his Form 1040 tax return includes personal financial information that goes beyond his professional wages.  (*See* 1st Goldman Decl. ¶ 18, Ex. 16.)  Courts routinely seal tax returns to protect that information from public disclosure, *see, e.g.*, *Ross v. Bar None Enterprises, Inc.*, No. 2:13-CV-00234-KJM, 2014 WL 2700901, at *2 (E.D. Cal. June 13, 2014) ("Accordingly, insofar as defendant seeks to seal tax returns, good cause exists to seal those documents."), and to "to encourage taxpayers to file complete and accurate returns."  *See Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).  Accordingly, the court GRANTS the Times' motion to seal Exhibit 16.

        c.     *Employment Contracts:  Exhibits 9, 11, 13, 22, & 26*

Exhibits 9, 11, 13, and 22 are Dr. Delashaw's employment agreements from 2013 to 2016, and Exhibit 26 is an employment agreement between Swedish and another Swedish physician who is not a party to this lawsuit.  (*See* 1st Goldman Decl. ¶¶ 11, 13, 15, 24, 26, Exs. 9, 11, 13, 22, 26.)  The court concludes that Swedish has established compelling reasons to keep these contracts under seal.  Although the court finds that Swedish's support for its argument that public release of these contracts will yield competitive harm is relatively thin (*see* Swedish 1st MTS Resp. at 3-6), the court is mindful of its obligation to "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret."  *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted).  The court recognizes that these employment contracts essentially

contain Swedish's "playbook" for hiring and employing physicians and that much of the information contained in the employment contracts is not relevant to this lawsuit, which limits the public interest in these contracts. (*See generally* 1st Goldman Decl. ¶¶ 11, 13, 15, 24, and 26, Exs. 9, 11, 13, 22, and 26.) Moreover, the parties to each contract specifically agreed that the contract is confidential and shall be maintained in strict confidence. (*See id.*, Ex. 9, ¶ 8; Ex. 13, ¶ 8; Ex. 22, ¶ 8; Ex. 26, ¶ 8.[2]) Thus, the court GRANTS the Times' motion to seal Exhibits 9, 11, 13, 22, and 26.

        d. *End-of-Employment Agreement: Exhibit 5*

Exhibit 5 is an end-of-employment agreement between Dr. Delashaw and Swedish. (*See id.* ¶ 7, Ex. 5.) The court concludes that there are compelling reasons to keep this contract under seal. Swedish argues that this contract should be sealed for the same reasons that the other employment contracts should be sealed—because it contains confidential employment information about Mr. Delashaw's benefits, salary, compensation, and conditions of employment that could cause competitive harm to Swedish if publicly disclosed. (*See* Swedish 1st MTS Resp. at 3-6.) Although the court is underwhelmed by Swedish's support for its argument that disclosure of Dr. Delashaw's end-of-employment agreement would cause competitive harm to Swedish, the court notes that a majority of the information in the end-of-employment agreement is not relevant to this lawsuit, meaning that the public interest in accessing these documents is not

---

[2] Although Exhibit 11 does not contain its own confidentiality clause, Exhibit 11 is a partial amendment to Dr. Delashaw's October 1, 2013 employment contract, which does include a confidentiality clause.

Case 2:18-cv-00537-JLR   Document 155   Filed 05/28/20   Page 9 of 15

particularly strong.  (*See generally* 1st Goldman Decl. ¶ 3, Ex. 5.)  Moreover, like the other employment contracts, the parties agreed to keep the terms of the end-of-employment agreement confidential (*see id.* ¶ 7.a), and the court recognizes that employers and employees have a compelling interest in retaining confidentiality around end-of-employment negotiations.  Thus, Swedish's interest in maintaining this document under seal outweighs the public's interest in accessing this document.  *See Kamakana*, 447 F.3d at 1178.  The court GRANTS the Times' motion to seal Exhibit 5.

    e. *Consulting Firm Analyses: Exhibits 14, 21, & 34*

  Exhibits 14 and 21 are two fair market valuations prepared for Swedish by a third-party consulting firm for purposes of setting Dr. Delashaw's compensation packages and Exhibit 34 is an analysis conducted by Moss Adams, LLP, containing a detailed analysis of Swedish's physician billing and coding mechanisms.  (*See id.* ¶¶ 16, 23, 36, Exs. 14, 21, 34.)  The court agrees with Swedish that these analyses contain confidential and sensitive business information that should remain under seal in order to protect Swedish from competitive harm.  (*See* Swedish 1st MTS Resp. at 3-6.)  Although the court concludes that Dr. Delashaw cannot keep high-level information about his compensation out of the public record, that does not mean that Swedish's internal methodology for setting that compensation should become publicly available to its competitors.  Accordingly, the court GRANTS the Times' motion to seal Exhibits 14, 21, and 34.

//

//

ORDER - 9

1                    f.      *Third Party Compensation Documents:  Exhibits 24-25*

2        Exhibits 24 details compensation information for third party Swedish employees, and Exhibit 25 is an email chain that includes details about Swedish's compensation negotiations with a non-party physician.  (*See* 1st Goldman Decl. ¶¶ 26-27, Exs. 24-25.)  Although the court concludes that Dr. Delashaw has placed his own compensation details at the forefront of this lawsuit, the court agrees with Swedish and Dr. Delashaw that non-party compensation information that was produced by Swedish under a protective order should remain under seal.  (*See* Swedish 1st MTS Resp. at 3-6; Delashaw 1st MTS Resp. at 2.)  Thus, the court GRANTS the Times' motion to seal Exhibits 24 and 25.

                    g.      *Deposition Testimony:  Exhibits 12, 15, and 35*

        Exhibits 12, 15, and 35 are deposition excerpts from Dr. Delashaw's deposition, Swedish's 30(b)(6) deposition in this case, and a Swedish 30(b)(6) deposition taken in another case.  (*See* 1st Goldman Decl. ¶¶ 14, 17, 37, Exs. 12, 15, 35.)  Exhibit 12 includes one page of deposition testimony from Dr. Delashaw in which Dr. Delashaw offers high-level testimony about his compensation at Swedish.  (*See id.* ¶ 14, Ex. 12.)  As noted above, however, Dr. Delashaw's compensation at Swedish is highly relevant to this lawsuit and is not sufficiently confidential to merit sealing.  *See supra* § III.B.1.b.  Thus, the court DENIES the Times' motion to seal this testimony.

        Swedish argues that Exhibits 15 and 35 should be sealed because they include testimony about Exhibit 34, which is a highly confidential document regarding Swedish's physician billing and coding mechanisms.  (*See* Swedish 1st MTS Resp. at 6.)  No party opposes Swedish's request to keep Exhibits 15 and 35 under seal.  (*See generally*

Delashaw 1st MTS Resp.; Times 1st MTS Reply; Cobbs 1st MTS Resp.)  Given that the motion to seal these exhibits is unopposed, the court GRANTS the Times' motion to seal this testimony.

2. <u>Dr. Delashaw's Motion to Seal</u>

As a threshold matter, the court notes that Dr. Delashaw's motion to seal violates the court's local rules.  Local Rule 5(g) states that a motion to seal

> must include . . . a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal

Local Rules W.D. Wash. LCR 5(g)(3)(A).  Dr. Delashaw's counsel concedes that they "did not confer with the other parties as required by LCR 5(g)(3)(A)."  (*See* 2d MTS at 2.)  Apparently, Dr. Delashaw's counsel believes that they have the authority to unilaterally create an exception to Local Rule 5(g) because Dr. Delashaw produced the documents at issue and "determined that they warrant provisionally sealing."  (*See id.*)  Nonsense.  Local Rule 5(g)'s mandate is clear.  A party who wishes to seal documents must file a motion to seal that includes a certification that the party has met and conferred with other parties.  Local Rules W.D. Wash. LCR 5(g)(3)(A).  As the rule states, this requirement helps ensure that there is a need to seal, minimizes the amount of material filed under seal, and provides the parties with an opportunity to explore alternatives to sealing.  *See id.*

The court warns Dr. Delashaw and his counsel that it expects all parties to diligently adhere to this district's local rules and that additional attempts to flout the local

1  rules may result in sanctions.  Although Dr. Delashaw's failure to comply with Local

2  Rule 5(g) is sufficient to deny Dr. Delashaw's motion, the court recognizes that the

3  exhibits at issue concern one of Dr. Delashaw's former patients.  (*See generally* Ballinger

4  Decl. ¶¶ 2-3, Exs. 1-2.)  Thus, the court will address the motion on the merits despite Dr.

5  Delashaw's failure to follow applicable rules in this instance.  However, the court

6  cautions Dr. Delashaw that it will not tolerate any further flouting of court rules,

7  particularly when done so cavalierly.

8        Exhibit 1 is a one-page opinion letter written by Dr. Lawrence Shuer, a Professor

9  of Neurosurgery at Stanford University School of Medicine.  Dr. Shuer's letter opines on

10 whether Dr. Delashaw's treatment of one of Dr. Delashaw's former patients met the

11 applicable standard of care.  (*See* Ballinger Decl. ¶ 2, Ex. 1.)  Exhibit 2 is a declaration

12 from Dr. Jayson Sack, who worked with Dr. Delashaw at SNI.  (*See id.* ¶ 3, Ex. 2.)  Dr.

13 Sack's declaration provides details on his experiences working with Dr. Delashaw and

14 includes Mr. Sack's high-level recollection of Dr. Delashaw's treatment of the same

15 patient at issue in Dr. Shuer's letter.  (*See id.*)

16       Dr. Delashaw argues that both documents should be sealed to comply with the

17 Health Insurance Portability and Accountability Act ("HIPAA").  (*See* 2d MTS at 2-3.)

18 Dr. Delashaw notes that HIPAA requires health care providers to make reasonable efforts

19 to limit disclosure of "protected health information" in litigation.  (*See id.*)  However, Dr.

20 Delashaw makes no effort to argue that Exhibits 1 and 2 qualify as "protected health

21 information" under HIPAA.  (*See id.*)  Instead, Dr. Delashaw claims he found little

22 authority helpful to determining whether this information should remain under seal and

1 ultimately "defers to the [c]ourt as to whether the exhibits he filed under seal should
2 remain under seal." (*See id.* at 3.) This barebones argument constitutes yet another
3 violation of Dr. Delashaw's responsibilities under the court's local rules. Local Rule 5(g)
4 requires that the party advocating for sealing include an explanation of: "(i.) the
5 legitimate private or public interests that warrant the relief sought; (ii.) the injury that will
6 result if the relief sought is not granted; and (iii.) why a less restrictive alternative to the
7 relief sought is not sufficient." Local Rules W.D. Wash. LCR 5(g)(3)(B). Instead of
8 complying with these requirements, Dr. Delashaw offers only a passing reference to
9 HIPAA and asks the court to do rest of his work for him. (*See* 2d MTS at 2-3.) The
10 court again warns Dr. Delashaw that its patience with his lackadaisical approach to the
11 local rules is waning.

12       The court concludes that Exhibit 1 need not be sealed in its entirety. Dr. Shuer's
13 letter contains only a high-level summary of his review of one of the procedures that Dr.
14 Delashaw performed on his patient. (*See* Ballinger Decl. ¶ 2, Ex. 1.) It does not include
15 any medical records or treatment notes. (*See id.*) However, the letter does identify Dr.
16 Delashaw's patient by name and includes specific details about her medical treatment Dr.
17 Shuer gleaned from reviewing the patient's record. Thus, out of an abundance of caution,
18 the court concludes that the patient's name and specific details about the patient's
19 treatment contained in Exhibit 1 should be sealed, but there are no compelling reasons to
20 seal the other portions of the letter. Thus, the court GRANTS in part and DENIES in part
21 Dr. Delashaw's motion to seal Exhibit 1 and ORDERS Dr. Delashaw to redact Exhibit 1
22 in accordance with this order and file the redacted letter on the docket in this matter.

1    Exhibit 2 should be unsealed in its entirety. Dr. Sack's declaration includes only

2    the kind of "broad and conclusory statements" relating to a patient's care that are not

3    entitled to sealing. *See Karpenski v. Am. Gen. Life Co., LLC*, No. 2:12-01569RSM, 2013

4    WL 5588312, at *2 (W.D. Wash. Oct. 9, 2013); (*see also* Ballinger Decl. ¶ 3, Ex. 2).

5    Thus, the court DENIES Dr. Delashaw's motion to seal Exhibit 2.

6        3.    <u>The Times' Motion for Summary Judgment and Reply Brief</u>

7    The majority of the redactions in the Times' motion for summary judgment and

8    reply brief relate to references to the provisionally sealed exhibits that the court has now

9    ruled on. (*See generally* Times MSJ; Times MSJ Reply.) Thus, the court ORDERS the

10    Times to adjust the redactions in its motion for summary judgment and reply brief in

11    accordance with the court's rulings on the underlying exhibits and refile the newly

12    redacted documents on the docket.

13    **IV.    CONCLUSION**

14    For the reasons set forth above, the court GRANTS in part and DENIES in part the

15    Times' motion to seal (Dkt. # 104) and GRANTS in part and DENIES in part Dr.

16    Delashaw's motion to seal (Dkt. # 131). The court DIRECTS the Clerk to remove the

17    seal on Exhibits 1, 2, 10, 12, 17, 18, 19, and 37 to the declaration of Jessica Goldman

18    (Dkt. # 110) and Exhibit 2 to the declaration of Kristin E. Ballinger (Dkt. # 132).

19    Exhibits 5, 9, 11, 13, 14, 15, 16, 21, 22, 24, 25, 26, 34, and 35 to the declaration of

20    Jessica Goldman (Dkt. # 110) shall remain under seal as filed. The court further

21    ORDERS Dr. Delashaw to redact Exhibit 1 to the declaration of Kristin E. Ballinger

22    (Dkt. # 132) in accordance with this order and refile the redacted document on the court's

1  docket within seven days of the filing date of this order; the unredacted copy of Exhibit 1
2  shall remain under seal as filed.  Finally, the court ORDERS the Times to redact its
3  motion for summary judgment (Dkt. # 109) and reply brief (Dkt. # 153) in accordance
4  with this order and refile the redacted briefs on the court's docket within seven days of
5  the filing date of this order.

Dated this 28th day of May, 2020.

JAMES L. ROBART
United States District Judge