HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JOHNNY B. DELASHAW, JR., <br><br> Plaintiff, <br><br> v. <br><br> SEATTLE TIMES COMPANY, and CHARLES COBBS, <br><br> Defendants. | Case No. 18-cv-00537-JLR <br><br> DR. DELASHAW'S MOTION FOR NECESSARY RELIEF AND SANCTIONS DUE TO THE SEATTLE TIMES'S WITHHOLDING OF EVIDENCE <br><br> NOTE ON MOTION CALENDAR: <br> June 19, 2020 |

## I.   INTRODUCTION AND RELIEF REQUESTED

On the afternoon of Thursday, May 28, 2020, the Seattle Times's counsel informed Dr. Delashaw's counsel that it had failed to produce a very large amount of data that the Times had reviewed in connection with the articles at issue, and the reporters' work product concerning that data, all of which were called for by the discovery requests made by Dr. Delashaw more than 600 days earlier.  The Times provided this evidence to its data expert in advance of his May 4 report. Had it been timely provided to Dr. Delashaw, it should have been a key ingredient in (a) our data expert's analysis and March 4 report, (b) a number of depositions, and (c) our response to the Times's motion for summary judgment, all of which were completed months ago.  It will take many weeks to delve into this material to determine how events of the past nearly two years may have unfolded differently had the Times complied with its discovery obligations.

After learning of the data, Dr. Delashaw requested relief from the Times.  The parties

DR. DELASHAW'S MOTION FOR NECESSARY RELIEF
AND SANCTIONS DUE TO THE SEATTLE TIMES'S
WITHHOLDING OF EVIDENCE – 1
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

reached agreement on some elements.  Dr. Delashaw requests an order providing the following (Dr. Delashaw's understanding of the Times's position follows each):

1. Extend to September 30, 2020, Dr. Delashaw's deadline to produce an expert report as to this subject matter.  *Agreed*.

2. Otherwise extend Dr. Delashaw's discovery cut-off to August 30, 2020.  *Agreed*.

3. Allow Dr. Delashaw to re-depose the Times's data analyst.  *Agreed in part*.

4. Allow Dr. Delashaw an additional 3 hours for the Baker deposition beyond the 3.5 hours already allowed by the Court before the data issue arose.  *Disagreed*.

5. Allow Dr. Delashaw an additional 3 hours for the Rule 30(b)(6) deposition of the Seattle Times to inquire about the newly produced data.  *Disagreed*.

6. Require the Times to produce relevant communications with its e-discovery vendor and allow a Rule 30(b)(6) deposition of that vendor concerning the claim that the discovery violation is due to vendor error.  *Unknown; the Times did not respond*.

7. Require the Times to produce relevant communication with its data expert and allow a separate deposition of him as to this issue.  *Agreed in part*.

8. Prohibit the Times from introducing expert testimony included in his May 4 report regarding this topic.  *Disagreed*.

9. With respect to the recent[1] decision granting in part the Times's motion for summary judgment, allow Dr. Delashaw to submit supplemental briefing and evidence as to issues on which this data may bear.  *Not yet discussed because the ruling was issued yesterday afternoon.*

10. Require the Times to pay all costs Dr. Delashaw has already incurred that will need to be incurred again because of the belated production of the data.  *Disagreed.*

---

[1] This brief is due by midnight the day after we received the Court's ruling on the Times's summary judgment motion just before 2 p.m.  At this point it is not possible for the undersigned to even begin to assess, and present, any argument regarding how this data would potentially have affected that ruling.

DR. DELASHAW'S MOTION FOR NECESSARY RELIEF
AND SANCTIONS DUE TO THE SEATTLE TIMES'S
WITHHOLDING OF EVIDENCE – 2
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

## II. FACTS

**A. The Times Withheld Crucial Evidence Responsive to Discovery Requests and Misrepresented the Status of That Production in a Written Discovery Response.**

In August 2018, Dr. Delashaw sought production of all "documents . . . relating to data, including . . . any data . . . that any Seattle Times employee . . . reviewed or referred to in connection with the Articles (regardless of whether such data were included in any Seattle Times articles)."[2] The Times produced data on September 25, 2018.[3] In late November 2019, in response to requests seeking additional information about the searches the Times ran against the data (*i.e.*, the queries, which are described below), the Times produced a limited set of additional data that it should have produced over a year earlier (including the first production of a database with queries embedded in the database) and assured that its production was then complete.[4]

The production was not even close to complete. Until May 28, 2020 (the final month of discovery), the Times withheld six large databases (5.8 gigabytes of data) that its reporters accessed and studied extensively before writing the articles at issue (though they may have ignored data that did not support their assertions).[5]

Critically, the withheld databases contain the Times's analytical work—logs of 361 queries (specific requests for data and information) Times reporter Mike Baker and Times data analyst Justin Mayo made against the data.[6] These queries could reveal (among other information) requests that produced information that the Times ignored because it did not support the accusations in the articles (that Dr. Delashaw and SNI were harming patients by the practices alleged). As our data expert explains, "the design of the queries created by the Seattle Times in the

---

[2] Pratt Decl. Ex. 4, Request for Production No. 14.
[3] Pratt Decl. ¶ 5.
[4] Pratt Decl. ¶ 5 & Ex. 5, Responses to Interrogatory No. 4 & Requests for Production Nos. 57-73.
[5] Pratt Decl. ¶ 5; Van Zandt Decl. ¶¶ 4-5, 7.
[6] Van Zandt Decl. ¶ 7.

DR. DELASHAW'S MOTION FOR NECESSARY RELIEF
AND SANCTIONS DUE TO THE SEATTLE TIMES'S
WITHHOLDING OF EVIDENCE – 3
(Case No. 18-cv-00537-JLR)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

six databases, which I was not previously provided, are crucial to evaluating the Seattle Times' analysis." [7]

In November 2019, the Times answered an interrogatory about the queries, stating that, "All of the queries . . . are imbedded in the data and spreadsheets produced in native files" and that while "hundreds of queries were run on the other data received[,] *[t]hese precise searches cannot be recalled*."[8] **This statement was false**: the withheld databases contain just such queries, and contain far more queries (361, ranging from 47 to 88 per database) than the database which the Times produced in November 2019 contained (33 queries).[9]

The work required to analyze the newly produced data will take several weeks and should have been performed long ago. The data may demonstrate that Mr. Baker knew that his narrative was false, *i.e.*, that it was *false to state or imply that the practices described in the articles caused or were correlated with actual, measured harm to patients*. Dr. Delashaw has alleged (including in opposing the Times's Rule 56 motion, *e.g.*, Dkt. 123, p. 17) that the Times cherry picked data and misrepresented its import to support that narrative. To support his case, Dr. Delashaw needed to know what data the Times had (and did not have), how the Times used the databases, how it constructed the queries, and which queries it used and rejected. The data produced nearly 20 months late has that information.[10] If the Times had solid information showing, for example, that SNI's results were well above the norm but told its readers that they were substandard and withheld the most reliable information that contradicted its false claims, that conduct is actionable.

Lacking the full data set, Dr. Delashaw's expert had to make inferences based on

---

[7] Van Zandt Decl. ¶ 5; *see also id.* ¶¶ 6-8.

[8] Pratt Decl. Ex. 5, p. 4, Response to Interrogatory No. 4 (emphasis added).

[9] Van Zandt Decl. ¶¶ 7, 9.  And while the underlying data in the newly produced databases (which are by year) have similarities to an earlier produced database (which is aggregated and itself was withheld until November 2019), the crucial evidence in the newly produced databases is materially different in kind, scope, and ability to manipulate.  *Id.* ¶ 10.

[10] Van Zandt Decl. ¶¶ 5-8.

DR. DELASHAW'S MOTION FOR NECESSARY RELIEF
AND SANCTIONS DUE TO THE SEATTLE TIMES'S
WITHHOLDING OF EVIDENCE – 4
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

spreadsheets the Times produced which were the output of *some* of the queries run against the databases: *i.e.*, those that the Times chose, presumably because those queries supported its narrative.[11] That is, Dr. Delashaw's expert knew the Times's conclusions (printed in the articles) and had a glimpse into where that data had come from (the output from running some queries). But for the most part the actual databases and the queries themselves were missing. Dr. Delashaw's expert could thus only surmise what steps the Times had taken to reach the conclusions it published, with virtually no indication of the Times's awareness that reliable data contradicted its claims in the articles, invalid assumptions it made, or earlier conclusions it must have drawn from the data but chose to ignore in favor of those that it would claim supported its narrative.[12]

The Court issued a ruling on the Times's summary judgment motion the day before this filing, and Dr. Delashaw intends to file a motion for reconsideration next week. This brief is written in anticipation of that motion and reflects the undersigned's belief that the Times may not publish allegations that it knows are false, use data that it knows are misleading, withhold data that prove that it knowingly published lies, and escape liability.

Dr. Delashaw's expert's work now has to be repeated with the full data set. It is facially obvious that this data bears on many of the Times's statements which are at issue in this lawsuit. Sixteen of the twenty statements Dr. Delashaw identified as bearing on the falsity of the Times's false narrative about patient harm, and thirteen of the eighteen paragraphs of Dr. Delashaw's expert's analysis, are impacted.[13]

The Times had no difficulty perceiving the relevance of the withheld data: it gave all of it to its own data expert ahead of his May 4 report, but did not disclose its existence to Dr. Delashaw

---

[11] Van Zandt Decl. ¶¶ 5, 8.

[12] Van Zandt Decl. ¶¶ 5-10.

[13] Van Zandt Decl. ¶6 & Exs. 1, 2.

DR. DELASHAW'S MOTION FOR NECESSARY RELIEF
AND SANCTIONS DUE TO THE SEATTLE TIMES'S
WITHHOLDING OF EVIDENCE – 5
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

until May 28, creating an impossible burden during the final month of discovery.

**B.    The Times's Withholding This Data Means Substantial Work Must Be Re-Done.**

This violation of basic discovery obligations (1) wasted many hours of expert and attorney work on the data issues, (2) rendered incomplete and outdated the expert and fact depositions relating to data issues, (3) will require a complete restart of our expert's analysis of the Times's treatment of the data it had, (4) eliminated the opportunity to use the evidence in opposition to the Times's Rule 56 motion, and (5) came one month before the June 30 discovery cutoff during an already time-compressed period in which twenty depositions are scheduled.[14] Had the August 31 trial date not otherwise become unworkable, a continuance would be essential.

### III.    ANALYSIS

The Times does not deny that it violated its discovery obligations in withholding this data, whatever the explanation.[15] The relief Dr. Delashaw seeks is of two types. The first is curative: to put him in the position that he would have been in without the violation, and to gather information about the discovery violation. The second is sanctions: to compensate him for the wasted and additional work.

**A.    The Court Should Enter an Order That Enables Dr. Delashaw to Evaluate, Question, and Respond to the Withheld Evidence (*i.e.*, Non-Sanctions Based Relief).**

Dr. Delashaw seeks the following non-sanctions based relief for the following reasons.

1.    *Extend to September 30, 2020, Dr. Delashaw's deadline to produce an expert report as to this subject matter (agreed).* Dr. Delashaw's data expert produced a report on March 4 which necessarily was limited to the data the Times had produced. The Times agrees he should be allowed to produce a new report by September 30, 2020.

2.    *Otherwise extend Dr. Delashaw's discovery cut-off to August 30, 2020 (agreed).*

---

[14] Pratt Decl. ¶ 8.

[15] Pratt Decl. Ex. 1 ("we determined that certain files . . . had not been produced"); Ex. 2, p. 1 ("we . . . produced certain additional databases [on May 28] after having determined that those databases were responsive to Dr. Delashaw's earlier discovery requests").

DR. DELASHAW'S MOTION FOR NECESSARY RELIEF
AND SANCTIONS DUE TO THE SEATTLE TIMES'S
WITHHOLDING OF EVIDENCE – 6
(Case No. 18-cv-00537-JLR)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

As to Dr. Delashaw's discovery only, Dr. Delashaw asks the Court to extend the discovery cutoff from June 30 to August 30 with the exception of a September 30 deadline by which his data expert may produce a new report. This extension is necessary to take the depositions outlined below, propound written discovery as necessary, and, if warranted, produce a revised expert report.

3. *Allow Dr. Delashaw to re-depose the Times's data analyst (agreed in part but disagreed as to scope)*. Dr. Delashaw's deposition of the Times's data analyst Justin Mayo was limited by the data provided. The Times agrees that Dr. Delashaw should be allowed to re-depose Mr. Mayo for a seven-hour period in July, but seeks a scope restriction. There should be no such limitation because it is impossible to define it without knowing what is in the improperly withheld data. Dr. Delashaw requests that the Court order that Mr. Mayo may be re-deposed for a seven-hour period within normal discovery rules as to scope.

4. *Allow Dr. Delashaw an additional 3 hours for the Baker deposition beyond the 3.5 hours already allowed by the Court before the data issue arose (disagreed)*. The Court has already ordered that Mr. Baker's deposition continue for a second day of 3.5 hours (Dkt. 154). Dr. Delashaw seeks to add 3.5 hours to that duration and that the deposition occur in July. Mr. Baker worked with the databases and ran queries against it, and the Times identified him as potentially having responsibility for withholding the evidence.[16]

5. *Allow Dr. Delashaw an additional 3 hours for the Rule 30(b)(6) deposition of the Seattle Times (disagreed)*. Dr. Delashaw agreed to postpone the Rule 30(b)(6) deposition of the Times until after the Court ruled on a pending motion related to that deposition. The Times has agreed that this topic is reserved and that it will make its Rule 30(b)(6) designee available for a continued deposition, but disagrees that the Court should allow this additional time, which is necessary to understand this data and the circumstances surrounding its withholding.

6. *Require the Times to produce relevant communications with its e-discovery vendor*

---

[16] Pratt Decl. Ex. 1, p. 3; Ex. 7, pp. 40, 171.

DR. DELASHAW'S MOTION FOR NECESSARY RELIEF
AND SANCTIONS DUE TO THE SEATTLE TIMES'S
WITHHOLDING OF EVIDENCE – 7
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

*and allow a Rule 30(b)(6) deposition of that vendor (unknown; the Times did not respond)*.  Dr. Delashaw requests that the Court order production by June 26 of all relevant communications between the Times's e-discovery vendor and any of Mr. Mayo, reporter Mike Baker, Times employees, or counsel for the Times, withholding none for privilege or protection.

Counsel for the Times initially appeared to blame its client for this discovery violation:

> On October 2, 2019, our firm contacted The Seattle Times to discuss preparations of the response [to Dr. Delashaw's September 2019 discovery requests]. . . . Subsequent to that meeting, The Seattle Times provided the list of [responsive] federal and state databases.  From that list, The Seattle Times identified only four that the newspaper believed to have not already have been produced [*i.e.*, in response to Dr. Delashaw's August 2018 discovery requests].[17]

In response to our prompt request for relief, the Times counsel shifted the blame to its e-discovery vendor.[18]  Dr. Delashaw (and the Court) are entitled to the actual facts concerning the protracted failure to provide the discovery.

To that end, "relevant communications" include but are not limited to all communications bearing on the failure to produce and recent production of databases (including communications generally about the handling of documents in this matter) and all communications relating to the collection, processing, and production of any database.  Following that production, Dr. Delashaw should be permitted a Rule 30(b)(6) deposition of the e-discovery vendor about the handling of discovery in this matter, including databases, not limited by claims of privilege or protection.  This information may inform whether the Court should impose additional sanctions once the complete circumstances about the withholding are known.

7. *Require the Times to produce relevant communications with its data expert and allow a separate deposition of him as to this issue (disagreed as to scope and time)*.  Dr. Delashaw requests that the Court order production by June 26 of all relevant communications between Times

---

[17] Pratt Decl. Ex. 1, p. 3.

[18] Pratt Decl. Ex. 2, p. 1 (claiming that "the Times had provided the databases to our firm and that we had then sent those files to our vendor for processing").

DR. DELASHAW'S MOTION FOR NECESSARY RELIEF AND SANCTIONS DUE TO THE SEATTLE TIMES'S WITHHOLDING OF EVIDENCE – 8
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

data expert Rick Ostiller and any of Mr. Mayo, Mr. Baker, Times employees, counsel for the Times, or the Times's e-discovery vendor, withholding none for privilege or protection. Relevant communications include but are not limited to communications related to (a) the production (or lack of production) of this data to the expert, (b) the production of other data to the expert, (c) the production (or lack of production) of this data to Dr. Delashaw, and (d) the fact that Dr. Delashaw's expert used (or did not use) this data. In addition, Dr. Delashaw asks the Court to require that Mr. Ostiller be available for three hours of deposition this issue (in addition to the 7-hour allowance to depose him as to his opinions), again with no claims of privilege or protection as to relevant communications.

8. *Prohibit the Times from introducing the expert testimony on this subject matter as outlined in its May 4 report (disagreed).* The Times has no primary experts. Its only experts were designated pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii), meaning they were "intended solely to contradict or rebut evidence on the same subject matter identified by" Dr. Delashaw. *Id.*

One of the Times's experts is Rick Ostiller. He provided a May 4 report contradicting / rebutting Dr. Delashaw's data expert and Dr. Delashaw's damages expert in which he appears to have utilized the withheld data and criticized Dr. Delashaw's expert for overlooking it.[19] Mr. Ostiller should not be allowed to testify at trial as to the opinions in his May 4 report because (1) Mr. Ostiller is a rebuttal expert only; (2) our data expert's opinion was based on information that was materially different from the information on which Mr. Ostiller's opinion was based; and (3) our data expert's opinion likely will change. Once Dr. Delashaw's expert report is issued, Mr. Ostiller should have 30 days to provide a new rebuttal report and then be subject to examination about it.

9. *Amend the June 11 summary judgment order so that Dr. Delashaw can provide additional evidence in opposition to the Times's motion for summary judgm*ent.

---

[19] Pratt Decl. Ex. 6, ¶ 95.

DR. DELASHAW'S MOTION FOR NECESSARY RELIEF
AND SANCTIONS DUE TO THE SEATTLE TIMES'S
WITHHOLDING OF EVIDENCE – 9
(Case No. 18-cv-00537-JLR)

LAW OFFICES
HARRIGAN LEYH FARMER & THOMSEN LLP
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

A substantial portion of Dr. Delashaw's opposition to the Times's pending motion for summary judgment related to the Times's false statements and implications about what particular data showed and meant. *See* Dkt. 123. The withheld data are likely to bear on Dr. Delashaw's establishing that the Times's narrative that Dr. Delashaw's practices, motivated by greed, injured patients and placed them at risk was false, one of the issues in dispute in the Times's motion. The unreliability of the Times's cherry-picked data is underscored by the Department of Health's investigation into the allegations in the Times's articles, which concluded:

> Increase in complications for Swedish Neuroscience Institute patients. This allegation was not substantiated. A review of the data for Swedish Neurosciences Institute from 2012- 2017 did not reveal an increase in surgical complications and infections. A review of hospital deaths for patient undergoing spine and or cranial surgery in 2014 and 2015 did not reveal a pattern or trend.

While the DOH investigation speaks volumes, Dr. Delashaw's ability to show what the Times knew and how it misrepresented the facts were constrained by the Times's abject failure to produce the data that it had available to ascertain and report the truth. This failure undermined Dr. Delashaw's ability to rebut the Times's arguments that the statements it made about what the data "showed" were true and not misleading.

This request to re-open briefing on the Times's motion as to the claims that would be impacted by data analysis is far less than the sanctions allowed under the rule, permitting the Court to "direct[]" that "designated facts be taken as established for the purposes of the action, as the party claims." Fed. R. Civ. P. 37(b)(2)(A)(ii); *see infra* next section. Without knowing more about the circumstances leading to this discovery violation, Dr. Delashaw reserves, but does not at this time ask, that the Court enter such an order.

Dr. Delashaw does ask the Court to provide Dr. Delashaw with the opportunity to analyze the 5.8 GB of evidence to establish that the Times lied about the data, in turn giving the false impression that the practices the Times alleged occurred caused or were correlated with an actual, measurable increase in harm to patients. To do so, Dr. Delashaw asks the Court to withdraw

DR. DELASHAW'S MOTION FOR NECESSARY RELIEF
AND SANCTIONS DUE TO THE SEATTLE TIMES'S
WITHHOLDING OF EVIDENCE – 10
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

Sections III(C)(2)(d) and III(C)(2)(e), pp. 46-53 of its Order (Dkt. 160), and allow Dr. Delashaw until October 30, 2020 to analyze the data, to analyze its impact on the articles and their veracity, and to file a renewed opposition brief as to those issues.

**B.      The Court Should Enter an Order Sanctioning the Times.**

Federal Rule of Civil Procedure 37(d)(1)(A)(ii) provides that the court may order sanctions upon a failure to produce documents in response to a request for production. "A failure to disclose under Rule 37 encompasses both the destruction of evidence, or spoliation, and untimely production of documents and information required to be produced." *In re September 11th Liability Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007). As provided in Fed. R. Civ. P. 37(d)(3), the potential sanctions are those listed at Fed. R. Civ. P. 37(b)(2)(A), and include:

> (i)      directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; [and]
>
> (ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. . . .

Fed. R. Civ. P. 37(b)(2)(A). Whether or not the Court orders those sanctions,

> the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3) (emphasis added).

These sanctions, including preclusion, are appropriate where a party withholds evidence that should have been produced in response to a discovery request. *See Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821 (9th Cir. 2019). In *Ingenco Holdings*, the Ninth Circuit upheld a finding of willful withholding and consequent preclusion of evidence where the party failed to provide "damages information" in response to "written interrogatories" served "several months before" the party "ultimately, after an additional request . . . provided the information" because the "eleventh hour disclosure was not substantially justified, and was not harmless because

DR. DELASHAW'S MOTION FOR NECESSARY RELIEF
AND SANCTIONS DUE TO THE SEATTLE TIMES'S
WITHHOLDING OF EVIDENCE – 11
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

it disrupted both [the other party's] and the court's schedules." *Id.*

The Times concedes that it failed to produce 5.8 gigabytes of data that were responsive to valid discovery requests by Dr. Delashaw.[20]  The Times also falsely stated that it had produced all queries that had been retained.[21]   The Times has provided an explanation that, even if credited, does not absolve it of responsibility:  according to counsel for the Times, in October 2018 *employees of the Seattle Times reviewed the data that had been produced to Dr. Delashaw* and confirmed that, with the exception of a small subset they identified and was subsequently produced, *all databases in its possession had been produced*.[22]  **That was false**, even if the e-discovery vendor is to blame as the Times's revised explanation claimed.[23]   In sum: the Times wrongfully withheld documents, provided a false interrogatory response, provided two different explanations, neither of which "justifies" the withholding or the false statement.

Dr. Delashaw incurred very substantial attorneys' fees and expert fees evaluating the data that was produced.[24]  Dr. Delashaw requests a deadline of October 30, 2020 (one month after the deadline requested for producing a revised expert report) by which Dr. Delashaw may file an accounting of expenses incurred as a result of this discovery violation.

### IV.   CONCLUSION

Dr. Delashaw requests that the Court enter the proposed order lodged with this motion.

HARRIGAN LEYH FARMER & THOMSEN LLP

By: *s/ Arthur W. Harrigan, Jr.*
By: *s/ Tyler L. Farmer*
By: *s/ Kristin E. Ballinger*
    Arthur W. Harrigan, Jr., WSBA #1751
    Tyler L. Farmer, WSBA #39912
    Kristin E. Ballinger, WSBA #28253

---

[20] Pratt Decl. Ex. 1.

[21] Pratt Decl. Ex. 5, p. 4, Response to Interrogatory No. 4.

[22] Pratt Decl. Ex. 1.

[23] Pratt Decl. Ex. 2.

[24] Pratt Decl. ¶ 8.

DR. DELASHAW'S MOTION FOR NECESSARY RELIEF AND SANCTIONS DUE TO THE SEATTLE TIMES'S WITHHOLDING OF EVIDENCE – 12
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717

| | |
|---|---|
| 1 | |
| 2 | Caitlin B. Pratt, WSBA #48422 |
| | 999 Third Avenue, Suite 4400 |
| 3 | Seattle, WA 98104 |
| | Tel:   (206) 623-1700 |
| 4 | Fax:   (206) 623-8717 |
| | Email: arthurh@harriganleyh.com |
| 5 | Email: tylerf@harriganleyh.com |
| | Email: kristinb@harriganleyh.com |
| | Email: caitlinb@harriganleyh.com |

*Attorneys for Johnny B. Delashaw, Jr.*

DR. DELASHAW'S MOTION FOR NECESSARY RELIEF
AND SANCTIONS DUE TO THE SEATTLE TIMES'S
WITHHOLDING OF EVIDENCE – 13
(Case No. 18-cv-00537-JLR)

LAW OFFICES
**HARRIGAN LEYH FARMER & THOMSEN LLP**
999 THIRD AVENUE, SUITE 4400
SEATTLE, WASHINGTON 98104
TEL (206) 623-1700 FAX (206) 623-8717