1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  JOHNNY B. DELASHAW, JR.,

11              Plaintiff,
        v.
12
    THE SEATTLE TIMES CO., et al.,
13
                Defendants.
14

CASE NO. C18-0537JLR

ORDER ON DISCOVERY
MOTIONS AND MOTION FOR
RECONSIDERATION

15      Before the court are three motions: (1) Plaintiff Johnny B. Delashaw's motion for

16  reconsideration of the court's order granting in part and denying in part Defendant the

17  Seattle Times Company's ("Seattle Times" or "the Times) motion for summary judgment

18  (Delashaw MFR (Dkt. # 175)); (2) Dr. Delashaw's motion "for necessary relief and

19  sanctions" (Delashaw Discovery Mot. (Dkt. # 164)); and (3) The Times' motion for a

20  protective order (Times Discovery Mot. (Dkt. # 161)).  The court has considered the

21  motions, the parties' submissions in support of and in opposition to the motions, the

22  relevant portions of the record, and the applicable law.  Being fully advised, the court (1)

ORDER - 1

DENIES Dr. Delashaw's motion for reconsideration; (2) GRANTS in part and DENIES in part Dr. Delashaw's motion for "discovery relief"; and (3) GRANTS the Times' motion for a protective order as set forth below.

**A.     Dr. Delashaw's Motion for Reconsideration**

Pursuant to Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and the court ordinarily will deny such motions unless the moving party shows (a) manifest error in the prior ruling, or (b) new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(1); *see also Russell v. Comcast Corp.*, No. C08-0309TSZ, 2009 WL 995720, at *1 (W.D. Wash. Apr. 13, 2009) ("Plaintiff's motion is denied because, for the most part it simply rehashes arguments already made and rejected by the Court, and otherwise fails to establish that the Court committed a manifest error of law or fact.") (*citing Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978)).

Dr. Delashaw presents no new facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence. (*See generally* Delashaw MFR.) Instead, Dr. Delashaw rehashes the same legal arguments he made in his response to the Times' summary judgment motion. (*See generally id.*) Dr. Delashaw's disagreements with the court's conclusions do not constitute new facts or legal authority and do not show manifest error.

Dr. Delashaw's failure to point to new evidence is surprising, given Dr. Delashaw's representation to the court that the Times made a late production of "crucial evidence" that would have been a "key ingredient" in his response to the Times'

1 summary judgment motion.  (*See* Delashaw Discovery Mot. at 1, 3.)  If that was true, one
2 would expect that Dr. Delashaw's motion for reconsideration would at least reference the
3 Times' late production, if not explain how documents in the late production might have
4 altered Dr. Delashaw's summary judgment briefing.  Dr. Delashaw's failure to refer to
5 new evidence not only dictates the outcome of his motion for reconsideration, it raises
6 serious questions about Dr. Delashaw's representations to the court about the importance
7 of the late-produced data.  Dr. Delashaw's motion for reconsideration is DENIED.

8 **B.    Dr. Delashaw's Motion for Discovery-Related Relief**

9 Dr. Delashaw's motion for discovery relief is premised on the Times' failure to
10 produce "a very large amount" of "crucial evidence" that "should have been a key
11 ingredient in (a) [Dr. Delashaw's] data expert's analysis and March 4 report, (b) a
12 number of depositions, and (c) [Dr. Delashaw's] response to the Times's motion for
13 summary judgment."  (Delashaw Discovery Mot. at 1.)  The Times acknowledges that it
14 untimely produced six database files, but contends the failure to produce them earlier was
15 inadvertent, that the information contained in the database files is publicly available, and
16 that Dr. Delashaw suffered no prejudice from the late production.  (Times Resp. to
17 Delashaw Discovery Mot. (Dkt. # 172) at 8.)  The Times further contends that the court's
18 summary judgment order renders further discovery irrelevant.  (*See id.* at 10-14.)

19 Upon producing the six database files, counsel for the Times sent a letter to
20 counsel for Dr. Delashaw, acknowledged the Times' error, and offered to discuss
21 allowing Dr. Delashaw's expert to prepare a supplemental report.  (*See* Pratt Decl. (Dkt.
22 # 166) ¶ 2, Ex. 1.)  In response, counsel for Dr. Delashaw accused counsel for the Times

of intentionally concealing evidence and provided a list of demands.  (*See* Wion Decl. (Dkt. # 174) ¶ 18, Ex. N.)  The Times agreed to a number of those demands.  (*See* Pratt Decl. ¶ 3, Ex. 2.)

The court does not condone the Times' late production and GRANTS in part and DENIES in part Dr. Delashaw's motion.  The court concludes that Dr. Delashaw is entitled to the following relief:

1. Dr. Delashaw will have until July 10, 2020, to conduct discovery on relevant issues on which Dr. Delashaw could not have conducted discovery prior to the Times' late production.  This discovery is to be <u>strictly limited</u> to issues that are: (a) directly related to information contained in the late production; (b) relevant to what remains of Dr. Delashaw's claims against the Times, as limited by the court's summary judgment order (MSJ Order (Dkt. # 160) (sealed)); and (c) not duplicative of information to which Dr. Delashaw or his counsel had access prior to the Times' late production.  Any attempts by Dr. Delashaw to conduct additional discovery after the discovery deadline outside of this scope may result in sanctions.

2. Dr. Delashaw may take an additional seven-hour deposition of Justin Mayo, the questioning to be <u>strictly limited</u> to the same extent as set forth in (1) above.  Questioning that goes beyond this scope may result in sanctions.

3. Dr. Delashaw's expert, Arik Van Zandt, will have until July 10, 2020, to produce a supplemental expert report that accounts for new information in the Times' late production.

4. The court will entertain a motion for monetary sanctions by Dr. Delashaw, filed no later than July 10, 2020, associated with the above three items.  Any such motion shall set forth the legal basis for such sanctions; shall set forth the specific prejudice Dr. Delashaw faced from the Times' late production, if any; shall include a sworn declaration detailing the fees and costs; and shall specifically justify each individual expense.

//

//

//

The court DENIES all other relief sought by Dr. Delashaw.[1]  In doing so, the court notes that much of the relief Dr. Delashaw seeks flouts this court's rules and case schedule.[2]

**C.     The Times' Motion for a Protective Order**

The court GRANTS the Times' motion for a protective order.  Dr. Delashaw shall not question the Times' Rule 30(b)(6) designee about Topics 2 and 3 (or any topic in any revised notice that substantially overlaps with Topics 2 and 3), and shall question on Topic 11 only as to the period between 2015 and February 2017.

Dr. Delashaw is not entitled to probe the Times about its confidential sources.  *See* RCW 5.68.010(1)(a).  Moreover, discovery into the Times' communications with its confidential sources is not proportionate to the needs of the case.  Dr. Delashaw's defamation claim against the Times is limited to statements regarding Dr. Delashaw's financial incentives.  (*See* MSJ Order at 77.)  Dr. Delashaw fails to explain how the identities of, and the Times' communications with, its confidential sources, have any

---

[1] Additionally, the court clarifies that this although this order extends the discovery deadline for the sole purpose of allowing Dr. Delashaw to take additional discovery of the Times within the scope outlined in this order, it does provide Dr. Delashaw any such relief against Defendant Charles Cobbs, who was not a subject of Dr. Delashaw's motion.  (*See generally* Delashaw Discovery Mot.)

[2] In their letter correspondence, the parties agreed to allow Dr. Delashaw until August 30, 2020, to conduct additional discovery related to the late-produced documents and to allow Dr. Delashaw's expert to produce a supplemental expert report by September 30, 2020.  (*See* Pratt Decl. ¶ 3, Ex. 2.)  Dr. Delashaw duplicates some of this requested relief in his motion.  (*See* Delashaw Discovery Mot. at 2.)  Trial in this case is set for August 31, 2020.  (*See* Am. Sched. Order (Dkt. # 90) at 2.)  The court has made clear to the parties that the court expects them to adhere to all pretrial deadlines in this case.  The parties' "agreements" and Dr. Delashaw's requests reflect a disregard for the court's role in setting the deadlines in this case.  Absent action from the court modifying the schedule, this case will proceed as planned.  The court warns the parties that any future attempts to disregard deadlines without prior approval from the court will almost certainly result in sanctions.

1 bearing on the truth or falsity of the Times' public reporting on Dr. Delashaw's financial

2 incentives. Accordingly, he fails to convince the court that it should compel disclosure

3 under RCW 5.68.010(2). Dr. Delashaw expresses concern that the Times may "unmask"

4 additional confidential sources after discovery closes but before trial. The court declines

5 to allow questioning into the Times' confidential sources based on a hypothetical

6 scenario that has not occurred.

**D.     Sanctions**

Both parties seek monetary sanctions. Bafflingly, after seeking substantial sanctions against the Times and accusing the Times of intentionally concealing evidence and other gross misdeeds, Dr. Delashaw opposes the Times' fees request by stating:

> While Dr. Delashaw does not agree with the Times's positions, he believes they are taken in good faith. The Times would have the Court impose sanctions where both parties act in good faith, seek to comply with the discovery rules, but cannot agree about the how those rules apply. Dr. Delashaw disagrees.

(Delashaw Resp. to Times Mot. at 12.) The court awards sanctions as follows:

1. The court will entertain a motion for sanctions by Dr. Delashaw as set forth above. *See supra* § A. The court DENIES the remainder of Dr. Delashaw's request for monetary sanctions.

2. The court GRANTS the Times' request for attorneys' fees.

The Times should not have had to file a motion for a protective order to prevent deposition questioning about its confidential sources, particularly when the information to be gained is of questionable relevance to what remains of Dr. Delashaw's claim against the Times. Accordingly, fees are warranted under Federal Rule of Civil

Procedure 37(a)(5)(A). *See* Fed. R. Civ. P. 37(a)(5)(A). The Times attempted to resolve its dispute with Dr. Delashaw's counsel, Dr. Delashaw's opposition is not substantially justified, and no other circumstances make an award of fees unjust.

Finally, the court cautions the parties that it will not tolerate any further flouting of this case's deadlines.[3] Further, the court is disappointed in counsels' conduct towards each other throughout this litigation. The court refers counsel to the following portion of the introduction to this district's local civil rules, and expects counsel to act accordingly:

> Along with the cost of civil litigation, the judges of this district are very concerned about professionalism among attorneys, especially in the conduct of discovery. The judges of this district expect a high degree of professionalism from the lawyers practicing before them. The orders issued by judges of this district at the outset of a case to govern conduct and scheduling of written discovery and depositions express those expectations. There should be no difference between the professional conduct of counsel when appearing before the court and when engaged outside it whether in discovery or any other phase of a case.

Local Rules W.D. Wash. LCRs (Introduction).

**E.     Conclusion**

For the reasons stated above, the court orders as follows:

1. The court DENIES Dr. Delashaw's motion for reconsideration (Dkt. # 175);

//

---

[3] Counsel for Dr. Delashaw contacted the courtroom deputy on the afternoon of June 17, 2020—the discovery motions deadline (*see* 5/6/2020 Min. Entry (Dkt. # 152))—to notify her that Dr. Delashaw has yet another discovery dispute with Defendant Charles Cobbs. The email did not state the nature of the dispute and instead sought "guidance as to how the Court would like for the parties to proceed." The court does not consider this a timely notification of a discovery dispute, and the discovery motions deadline has now passed.

2. The court GRANTS in part and DENIES in part Dr. Delashaw's discovery motion (Dkt. # 164); allows the limited additional discovery set forth in this order (*see supra* § A); and will entertain a motion for fees associated with the allowed additional discovery as set forth in this order (*see id.*).

3. The court GRANTS the Times' motion for a protective order (Dkt. # 161);

4. The court GRANTS the Times' request for its reasonable attorneys' fees incurred in preparing and filing its briefing in support of its motion for a protective order and ORDERS Dr. Delashaw to pay the Times' reasonable attorneys' fees of $8,500.00 (*See* 1st Goldman Decl. (Dkt. # 163) ¶ 21; 2nd Goldman Decl. (Dkt. # 177) ¶ 4).

Dated this 22nd day of June, 2020.

JAMES L. ROBART
United States District Judge