HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHNNY B. DELASHAW, JR., <br><br> Plaintiff, <br><br> vs. <br><br> SEATTLE TIMES COMPANY, and CHARLES COBBS, <br><br> Defendants. | Civil Action No. 2:18-cv-00537 JLR <br><br> **JOINT STATEMENT OF SWEDISH AND ALL PARTIES REGARDING SWEDISH'S PROPOSED REDACTIONS TO THE COURT'S PROVISIONALLY SEALED ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

## I.   INTRODUCTION

Non-party Swedish Health Services ("Swedish") and the parties to this action jointly submit this statement setting forth Swedish's proposed redactions to Dkt. 160 (Provisionally Sealed Order on Defendants' Motions for Summary Judgment) as well as all objections to those proposed redactions. This joint statement is submitted pursuant to the Court's direction. *See* Dkt. 160 at 76-77. The parties and Swedish have met and conferred but do not agree on the redactions proposed by Swedish. Therefore, the parties and Swedish hereby submit "competing statements indicating the portions of the order they seek to have redacted and on what basis." *Id.* For the Court's convenience, the competing statements are all included herein. Also, per the Court's

JOINT STATEMENT REGARDING PROPOSED REDACTIONS TO THE COURT'S PROVISIONALLY SEALED ORDER – Page 1
(CASE NO. 2:18-cv-00537 JLR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

direction, attached as Exhibit A is a "proposed redacted order that incorporates the redactions requested in" this statement by Swedish. *Id.*

## II. LEGAL AUTHORITY AND ARGUMENT

Swedish seeks to redact twelve (12) separate portions of Dkt. 166. The Seattle Times and Dr. Cobbs oppose the redactions proposed by Swedish. Dr. Delashaw does not seek to redact any portion of the order.

The overall positions of Swedish and the Seattle Times are as follows, followed by positions specific to each requested redaction:

**Swedish Overall Position:**

Swedish's proposed redactions all directly quote or relate to exhibits which this Court has already sealed at Swedish's request under the 9th Circuit's "compelling reasons" standard. *See* Dkt. 155; *see also, e.g., Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Swedish as a third party who produced these documents and information in good faith response to a third-party subpoena, and subject to a protective order (Dkt. 46), has demonstrated that there are compelling reasons to maintain the seal.

**Seattle Times Overall Position:**

"When deciding a motion to seal, courts 'start with a strong presumption in favor of access to court records.' *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)." Order on Motions to Seal, Dkt #155 at 3. "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (quotation mark, brackets & citation omitted). This is particularly true in the case of a summary judgment order because it "adjudicates substantive rights and serves as a substitute for trial." *Id.* at 1135 (quotation marks & citation omitted).

JOINT STATEMENT REGARDING PROPOSED
REDACTIONS TO THE COURT'S PROVISIONALLY
SEALED ORDER – Page 2
(CASE NO. 2:18-cv-00537 JLR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1    Swedish has not met its high burden of proving that compelling reasons require redacting
2    any of this Court's Summary Judgment Order and that a specific prejudice or harm will result if
3    the Summary Judgment Order is published in full in the open court file.  Because Swedish does not
4    demonstrate good cause, The Seattle Times objects to Swedish's motion to redact any portion of
5    the Summary Judgment Order.

**Proposed Redactions and Competing Statements of the Parties**

6    **1.  Dkt. 160 at 22:9.**

7    **Swedish Position:**

8    This requested redaction is an excerpt from an exhibit which the Court has already sealed at
9    Swedish's request. *See* Dkt. 155 (Ex. 5) (End of Employment Agreement).  In support of its
10   argument for sealing the document pursuant to Paragraph 4.3 of the Stipulated Protective Order
11   entered by the Court in this action on September 17, 2018 (Dkt. 46), Swedish pointed out that the
12   document contains confidential and proprietary information regarding Swedish's compensation of
13   neurosurgeons.  Swedish further argued *inter alia* that as a non-party that produced confidential
14   and/or proprietary documents in good faith compliance with a subpoena and reliance on a protective
15   order, it met the Ninth Circuit's "compelling reasons" standard.  *See* Dkt. 122 at 2-5; *see also, e.g.,*
16   *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Swedish now reasserts
17   these grounds for maintaining the seal on the exhibit and redacting any reference to excerpts
18   therefrom in the public record.

**Seattle Times Position:**

Swedish moves that the Court redact the amount of severance Swedish paid Delashaw in exchange for his agreement never to again be employed by Swedish.  The Court agreed to seal the severance agreement, "although the Court [was] underwhelmed by Swedish's support for its argument that disclosure of Dr. Delashaw's end-of-employment agreement would cause competitive harm to Swedish" and "the Court note[d] that a majority of the information in the end-of-

JOINT STATEMENT REGARDING PROPOSED
REDACTIONS TO THE COURT'S PROVISIONALLY
SEALED ORDER – Page 3
(CASE NO. 2:18-cv-00537 JLR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

employment agreement is not relevant to this lawsuit, meaning that the public interest in accessing th[i]s document[] is not particularly strong." Order on Motions to Seal, Dkt #155 at 8:15-9:1. However, in its dispositive Summary Judgment Order, the Court stated the amount of the severance. This specific information is now both relevant and material to Delashaw's assertion in this lawsuit that he was harmed in his resignation from Swedish and does not reveal any trade secret or other information that could possibly cause competitive harm to Swedish. *See id.* at 9:15-16 ("the court concludes that Dr. Delashaw cannot keep high-level information about his compensation out of the public record"). While it is information that Swedish would prefer not be made public, that is not proper justification for redacting a dispositive ruling. *See, e.g.*, *Foltz,* 331 F.3d at 1137 ("This disclosure might harm State Farm by exposing it to additional liability and litigation, … but a litigant is not entitled to the court's protection from this type of harm.").

**Dr. Cobbs Position:**

Dr. Cobbs agrees with the Seattle Times that Swedish has not met the standards required for sealing.

**Dr. Delashaw Position:**

Dr. Delashaw does not seek to redact any portion of the order.

**2. Dkt. 160 at 22:21-22; 23:1-4.**

**Swedish Position:**

This requested redaction is a block quote excerpt from an exhibit which the Court has already sealed. *See* Dkt. 155 (Ex. 9) (First Employment Contract). In support of its argument for sealing the document pursuant to Paragraph 4.3 of the Stipulated Protective Order entered by the Court in this action on September 17, 2018 (Dkt. 46), Swedish pointed out that the document contains confidential and proprietary information regarding Swedish's compensation of neurosurgeons. Swedish further argued *inter alia* that as a non-party that produced confidential and/or proprietary

JOINT STATEMENT REGARDING PROPOSED REDACTIONS TO THE COURT'S PROVISIONALLY SEALED ORDER – Page 4
(CASE NO. 2:18-cv-00537 JLR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

documents in good faith compliance with a subpoena and reliance on a protective order, it met the Ninth Circuit's "compelling reasons" standard. *See* Dkt. 122 at 2-5; *see also, e.g., Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Swedish now reasserts these grounds for maintaining the seal on the exhibit and redacting any reference to excerpts therefrom in the public record.

**Seattle Times Position:**

Swedish moves that the Court redact the Court's description of the relevant portions of Delashaw's employment contracts, the two fair market value analyses that Swedish commissioned to justify his enormous compensation, and four-year old documents regarding the productivity of former SNI surgeons. *See* Ex. A at 22:21-23:4, 23:5-6, 23:16-24:1, 24:2-3, 24:6-8, 24:13-15, 24:16, 24:20-22, 25:1-4, 25:9-11, 25:13-26:1, 26:2-4, 26:9-16. In sealing the underlying contracts, this Court ruled that it did so "[a]lthough the court finds that Swedish's support for its argument that public release of these contracts will yield competitive harm is relatively thin" and noted "that much of the information contained in the employment contracts is not relevant to this lawsuit, which limits the public interest in these contracts." Order on Motions to Seal, Dkt #155 at 7:16-18, 8:1-3. Not only are the Court's descriptions of the several provisions from the contracts and the fair market value and productivity reports relevant to the Court's Summary Judgment Order, but they concern Delashaw's only remaining claim against The Seattle Times. They also concern contracts that are now between four and seven years old and not fairly subject to a trade secret claim. And, they concern contractual provisions that appear in the Cobbs employment contract filed four months ago in the open court record. *Compare* SJ Order at 25:9-11 & 26:2-4 *with* Goldman Decl., Dkt #108-23 at 5 (explicitly prohibiting an above-90th-percentile payout unless "productivity also exceeds the 90th percentile of the most current Fair Market Survey and Production data"). Counsel for Swedish is of record on the Court's ECF system in this lawsuit and received immediate notice of (and responded to) the open court filing that cited to the Cobbs

JOINT STATEMENT REGARDING PROPOSED
REDACTIONS TO THE COURT'S PROVISIONALLY
SEALED ORDER – Page 5
(CASE NO. 2:18-cv-00537 JLR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  contract. *See* Seattle Times' Mot. for Summ. J., Dkt #106 at 14 n.62. Moreover, as reflected in the
2  fair market value analyses, Swedish, like other major hospitals, shares the amount it pays its
3  doctors and their associated productivity, for use by their peers.  That is how hospitals determine if
4  they are paying "fair market value."  The amount of compensation and production is not
5  information that Swedish hides from its competitors.  *See* Goldman Decl., Dkt #110, Ex. 14 at 3
6  (bottom three lines of last paragraph); *id.* at 9-15.  The proposed redactions from the Summary
7  Judgment Order make this portion of that Order unintelligible to the public.

**Dr. Cobbs Position:**

Dr. Cobbs agrees with the Seattle Times that Swedish has not met the standards required for sealing.

**Dr. Delashaw Position:**

Dr. Delashaw does not seek to redact any portion of the order.

**3.   Dkt. 160 at 23:5-6.**

**Swedish Position:**

This requested redaction cites to an exhibit which the Court has already sealed.  *See* Dkt. 155 (Ex. 11) (Second Employment Contract In support of its argument for sealing the document pursuant to Paragraph 4.3 of the Stipulated Protective Order entered by the Court in this action on September 17, 2018 (Dkt. 46), Swedish pointed out that the document contains confidential and proprietary information regarding Swedish's compensation of neurosurgeons.  Swedish further argued *inter alia* that as a non-party that produced confidential and/or proprietary documents in good faith compliance with a subpoena and reliance on a protective order, it met the Ninth Circuit's "compelling reasons" standard.  *See* Dkt. 122 at 2-5; *see also, e.g., Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Swedish now reasserts these grounds for maintaining the seal on the exhibit and redacting any reference to excerpts therefrom in the public record.

JOINT STATEMENT REGARDING PROPOSED
REDACTIONS TO THE COURT'S PROVISIONALLY
SEALED ORDER – Page 6
(CASE NO. 2:18-cv-00537 JLR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**Seattle Times Position:**

*See supra* No. 2.

**Dr. Cobbs Position:**

Dr. Cobbs agrees with the Seattle Times that Swedish has not met the standards required for sealing.

**Dr. Delashaw Position:**

Dr. Delashaw does not seek to redact any portion of the order.

**4.   Dkt. 160 at 23:16-19; 24:1-3.**

**Swedish Position:**

This requested redaction is to multiple excerpts from an exhibit which the Court has already sealed.  *See* Dkt. 155 (Ex. 13) (Third Employment Contract).  In support of its argument for sealing the document pursuant to Paragraph 4.3 of the Stipulated Protective Order entered by the Court in this action on September 17, 2018 (Dkt. 46), Swedish pointed out that the document contains confidential and proprietary information regarding Swedish's compensation of neurosurgeons.  Swedish further argued *inter alia* that as a non-party that produced confidential and/or proprietary documents in good faith compliance with a subpoena and reliance on a protective order, it met the Ninth Circuit's "compelling reasons" standard.  *See* Dkt. 122 at 2-5; *see also, e.g., Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Swedish now reasserts these grounds for maintaining the seal on the exhibit and redacting any reference to excerpts therefrom in the public record.

**Seattle Times Position:**

*See supra* No. 2.

JOINT STATEMENT REGARDING PROPOSED REDACTIONS TO THE COURT'S PROVISIONALLY SEALED ORDER – Page 7 (CASE NO. 2:18-cv-00537 JLR)

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**Dr. Cobbs Position:**

Dr. Cobbs agrees with the Seattle Times that Swedish has not met the standards required for sealing.

**Dr. Delashaw Position:**

Dr. Delashaw does not seek to redact any portion of the order.

**5. Dkt. 160 at 24:6-9.**

**Swedish Position:**

This requested redaction is an excerpt from an exhibit which the Court has already sealed. *See* Dkt. 155 (Ex. 22) (Fourth Employment Contract).  In support of its argument for sealing the document pursuant to Paragraph 4.3 of the Stipulated Protective Order entered by the Court in this action on September 17, 2018 (Dkt. 46), Swedish pointed out that the document contains confidential and proprietary information regarding Swedish's compensation of neurosurgeons.  Swedish further argued *inter alia* that as a non-party that produced confidential and/or proprietary documents in good faith compliance with a subpoena and reliance on a protective order, it met the Ninth Circuit's "compelling reasons" standard.  *See* Dkt. 122 at 2-5; *see also, e.g., Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Swedish now reasserts these grounds for maintaining the seal on the exhibit and redacting any reference to excerpts therefrom in the public record.

**Seattle Times Position:**

*See supra* No. 2.

**Dr. Cobbs Position:**

Dr. Cobbs agrees with the Seattle Times that Swedish has not met the standards required for sealing.

JOINT STATEMENT REGARDING PROPOSED
REDACTIONS TO THE COURT'S PROVISIONALLY
SEALED ORDER – Page 8
(CASE NO. 2:18-cv-00537 JLR)

Corr Cronin LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**Dr. Delashaw Position:**

Dr. Delashaw does not seek to redact any portion of the order.

**6. Dkt. 160 at 24:13-16**

**Swedish Position:**

This requested redaction is to multiple excerpts from an exhibit which the Court has already sealed. *See* Dkt. 155 (Ex. 14) (Fair Market Valuation). In support of its argument for sealing the document pursuant to Paragraph 4.3 of the Stipulated Protective Order entered by the Court in this action on September 17, 2018 (Dkt. 46), Swedish pointed out that the document contains confidential and proprietary information regarding Swedish's compensation of neurosurgeons. Swedish further argued *inter alia* that as a non-party that produced confidential and/or proprietary documents in good faith compliance with a subpoena and reliance on a protective order, it met the Ninth Circuit's "compelling reasons" standard. *See* Dkt. 122 at 2-5; *see also, e.g., Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Swedish now reasserts these grounds for maintaining the seal on the exhibit and redacting any reference to excerpts therefrom in the public record.

**Seattle Times Position:**

*See supra* No. 2.

**Dr. Cobbs Position:**

Dr. Cobbs agrees with the Seattle Times that Swedish has not met the standards required for sealing.

**Dr. Delashaw Position:**

Dr. Delashaw does not seek to redact any portion of the order.

**7. Dkt. 160 at 24:20-22; 25:1-4.**

JOINT STATEMENT REGARDING PROPOSED
REDACTIONS TO THE COURT'S PROVISIONALLY
SEALED ORDER – Page 9
(CASE NO. 2:18-cv-00537 JLR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**Swedish Position:**

This requested redaction is to multiple excerpts from an exhibit which the Court has already sealed. *See* Dkt. 155 (Ex. 14) (Fair Market Valuation). In support of its argument for sealing the document pursuant to Paragraph 4.3 of the Stipulated Protective Order entered by the Court in this action on September 17, 2018 (Dkt. 46), Swedish pointed out that the document contains confidential and proprietary information regarding Swedish's compensation of neurosurgeons. Swedish further argued *inter alia* that as a non-party that produced confidential and/or proprietary documents in good faith compliance with a subpoena and reliance on a protective order, it met the Ninth Circuit's "compelling reasons" standard. *See* Dkt. 122 at 2-5; *see also, e.g., Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Swedish now reasserts these grounds for maintaining the seal on the exhibit and redacting any reference to excerpts therefrom in the public record.

**Seattle Times Position:**

*See supra* No. 2.

**Dr. Cobbs Position:**

Dr. Cobbs agrees with the Seattle Times that Swedish has not met the standards required for sealing.

**Dr. Delashaw Position:**

Dr. Delashaw does not seek to redact any portion of the order.

**8.  Dkt. 160 at 25:9-11.**

**Swedish Position:**

This requested redaction is an excerpt from an exhibit which the Court has already sealed. *See* Dkt. 155 (Ex. 13) (Third Employment Contract). In support of its argument for sealing the document pursuant to Paragraph 4.3 of the Stipulated Protective Order entered by the Court in this

JOINT STATEMENT REGARDING PROPOSED
REDACTIONS TO THE COURT'S PROVISIONALLY
SEALED ORDER – Page 10
(CASE NO. 2:18-cv-00537 JLR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

action on September 17, 2018 (Dkt. 46), Swedish pointed out that the document contains confidential and proprietary information regarding Swedish's compensation of neurosurgeons. Swedish further argued *inter alia* that as a non-party that produced confidential and/or proprietary documents in good faith compliance with a subpoena and reliance on a protective order, it met the Ninth Circuit's "compelling reasons" standard. *See* Dkt. 122 at 2-5; *see also, e.g., Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Swedish now reasserts these grounds for maintaining the seal on the exhibit and redacting any reference to excerpts therefrom in the public record.

**Seattle Times Position:**

*See supra* No. 2.

**Dr. Cobbs Position:**

Dr. Cobbs agrees with the Seattle Times that Swedish has not met the standards required for sealing.

**Dr. Delashaw Position:**

Dr. Delashaw does not seek to redact any portion of the order.

**9.  Dkt. 160 at 25:13-22; 26:1-4.**

**Swedish Position:**

This requested redaction is to multiple exhibits which the Court has already sealed. *See* Dkt. 155 (Exs. 21, 22) (Fair Market Valuation and Fourth Employment Contract In support of its argument for sealing the document pursuant to Paragraph 4.3 of the Stipulated Protective Order entered by the Court in this action on September 17, 2018 (Dkt. 46), Swedish pointed out that the document contains confidential and proprietary information regarding Swedish's compensation of neurosurgeons. Swedish further argued *inter alia* that as a non-party that produced confidential and/or proprietary documents in good faith compliance with a subpoena and reliance on a protective

JOINT STATEMENT REGARDING PROPOSED
REDACTIONS TO THE COURT'S PROVISIONALLY
SEALED ORDER – Page 11
(CASE NO. 2:18-cv-00537 JLR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

order, it met the Ninth Circuit's "compelling reasons" standard. *See* Dkt. 122 at 2-5; *see also, e.g., Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Swedish now reasserts these grounds for maintaining the seal on the exhibit and redacting any reference to excerpts therefrom in the public record.

**Seattle Times Position:**

*See supra* No. 2.

**Dr. Cobbs Position:**

Dr. Cobbs agrees with the Seattle Times that Swedish has not met the standards required for sealing.

**Dr. Delashaw Position:**

Dr. Delashaw does not seek to redact any portion of the order.

**10. Dkt. 160 at 26:9-16.**

**Swedish Position:**

This requested redaction is to multiple excerpts from exhibits which the Court has already sealed, in addition to compensation and internal billing figures. *See* Dkt. 155 (Exs. 24, 26) (Third Party Compensation Documents and Employment Contract). In support of its argument for sealing the document pursuant to Paragraph 4.3 of the Stipulated Protective Order entered by the Court in this action on September 17, 2018 (Dkt. 46), Swedish pointed out that the document contains confidential and proprietary information regarding Swedish's compensation of neurosurgeons. Swedish further argued *inter alia* that as a non-party that produced confidential and/or proprietary documents in good faith compliance with a subpoena and reliance on a protective order, it met the Ninth Circuit's "compelling reasons" standard. *See* Dkt. 122 at 2-5; *see also, e.g., Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Swedish now reasserts these grounds for

JOINT STATEMENT REGARDING PROPOSED
REDACTIONS TO THE COURT'S PROVISIONALLY
SEALED ORDER – Page 12
(CASE NO. 2:18-cv-00537 JLR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

maintaining the seal on the exhibit and redacting any reference to excerpts therefrom in the public record.

**Seattle Times Position:**

*See supra* No. 2.

**Dr. Cobbs Position:**

Dr. Cobbs agrees with the Seattle Times that Swedish has not met the standards required for sealing.

**Dr. Delashaw Position:**

Dr. Delashaw does not seek to redact any portion of the order.

**11. Dkt. 160 at 27:13-16.**

**Swedish Position:**

This requested redaction is an excerpt from an exhibit which the Court has already sealed. *See* Dkt. 155 (Ex. 34) (Moss Adams Report). In support of its argument for sealing the document pursuant to Paragraph 4.3 of the Stipulated Protective Order entered by the Court in this action on September 17, 2018 (Dkt. 46), Swedish pointed out that the document contains confidential and proprietary information regarding Swedish's compensation of neurosurgeons. Swedish further argued *inter alia* that as a non-party that produced confidential and/or proprietary documents in good faith compliance with a subpoena and reliance on a protective order, it met the Ninth Circuit's "compelling reasons" standard. *See* Dkt. 122 at 2-5; *see also, e.g., Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Swedish now reasserts these grounds for maintaining the seal on the exhibit and redacting any reference to excerpts therefrom in the public record.

JOINT STATEMENT REGARDING PROPOSED
REDACTIONS TO THE COURT'S PROVISIONALLY
SEALED ORDER – Page 13
(CASE NO. 2:18-cv-00537 JLR)

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**Seattle Times Position:**

Swedish moves that the Court redact the Court's three-sentence description, s*ee* Ex. A at 27:13-16, 44:9-11, of "an analysis conducted by Moss Adams, LLP containing a detailed analysis of Swedish's physician billing and coding mechanisms." Order on Motions to Seal, Dkt #155 at 9:11-12. The Court's three-sentence description of the Moss Adams Report is equivalent in substance to all of the remainder of that paragraph from the Summary Judgment Order which Swedish does not – and cannot – request be redacted. *See* Ex. A at 27:10-13, 27:17-28:8. Notably, the Court's three-sentence description of the Moss Adams report **does not** reveal any "confidential and proprietary information regarding Swedish's compensation of neurosurgeons" as Swedish alleges above as its basis for redacting this information.

**Dr. Cobbs Position:**

Dr. Cobbs agrees with the Seattle Times that Swedish has not met the standards required for sealing.

**Dr. Delashaw Position:**

Dr. Delashaw does not seek to redact any portion of the order.

**12. Dkt. 160 at 44:9-11**.

**Swedish Position:**

This requested redaction is an excerpt from an exhibit which the Court has already sealed. *See* Dkt. 155 (Ex. 34) (Moss Adams Report). In support of its argument for sealing the document pursuant to Paragraph 4.3 of the Stipulated Protective Order entered by the Court in this action on September 17, 2018 (Dkt. 46), Swedish pointed out that the document contains confidential and proprietary information regarding Swedish's compensation of neurosurgeons. Swedish further argued *inter alia* that as a non-party that produced confidential and/or proprietary documents in good faith compliance with a subpoena and reliance on a protective order, it met the Ninth Circuit's

JOINT STATEMENT REGARDING PROPOSED
REDACTIONS TO THE COURT'S PROVISIONALLY
SEALED ORDER – Page 14
(CASE NO. 2:18-cv-00537 JLR)

CORR CRONIN LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

"compelling reasons" standard. *See* Dkt. 122 at 2-5; *see also, e.g., Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Swedish now reasserts these grounds for maintaining the seal on the exhibit and redacting any reference to excerpts therefrom in the public record.

**Seattle Times Position:**

*See supra* No. 11.

**Dr. Cobbs Position:**

**Dr. Delashaw Position:**

Dr. Delashaw does not seek to redact any portion of the order.

DATED this 25th day of June, 2020.

| CORR CRONIN LLP | HARRIGAN LEYH FARMER & THOMSEN LLP |
|---|---|
| *s/ Kevin C. Baumgardner* | *s/ Kristin E. Ballinger* |
| Kevin C. Baumgardner, WSBA No. 14263 | Arthur W. Harrigan, Jr., WSBA No. 1751 |
| Steven W. Fogg, WSBA No. 23528 | Tyler L. Farmer, WSBA No. 39912 |
| Jeff Bone, WSBA No. 43965 | Kristin E. Ballinger, WSBA No. 28253 |
| Attorneys for Swedish Health Services | Caitlin B. Pratt, WSBA No. 48422 |
| 1001 Fourth Avenue, Suite 3900 | 999 Third Avenue, Ste. 4400 |
| Seattle, WA 98154 | Seattle, WA 98104 |
| Phone: (206) 625-8600 | Phone: (206) 625-8600 |
| *Attorneys for Swedish Health Services* | *Attorneys for Plaintiff Johnny B. Delashaw, Jr.* |

JOINT STATEMENT REGARDING PROPOSED REDACTIONS TO THE COURT'S PROVISIONALLY SEALED ORDER – Page 15
(CASE NO. 2:18-cv-00537 JLR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

| | | |
|---|---|---|
| 1 | McNAUL EBEL NAWROT & HELGREN PLLC | SUMMIT LAW GROUP PLLC |
| 2 | | |
| 3 | *s/ Malaika M. Eaton* | *s/ Jessica L. Goldman* |
| | Malaika M. Eaton, WSBA No. 32837 | Jessica L. Goldman, WSBA No. 21856 |
| 4 | Jehiel I. Baer, WSBA No. 46951 | Christopher T. Wion, WSBA No. 33207 |
| | 600 University Street, Suite 2700 | Tanya Nesbitt, WSBA #56122 |
| 5 | Seattle, WA 98101 | 315 Fifth Avenue South, Suite 1000 |
| | Telephone: (206) 467-1816 | Seattle, WA 98104 |
| 6 | meaton@mcnaul.com | Telephone: (206) 676-7000 |
| | jbaer@mcnaul.com | Fax: (206) 676-7001 |
| 7 | | jessicag@summitlaw.com |
| | *Attorneys for Defendant Charles Cobb* | chrisw@summitlaw.com |
| 8 | | tanyan@summitlaw.com |
| 9 | | |
| | | *Attorneys for Defendant Seattle Times Company* |

JOINT STATEMENT REGARDING PROPOSED
REDACTIONS TO THE COURT'S PROVISIONALLY
SEALED ORDER – Page 16
(CASE NO. 2:18-cv-00537 JLR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

**DECLARATION OF SERVICE**

The undersigned declares as follows:

1. I am employed at Corr Cronin LLP, attorneys for Swedish Health Services herein.

2. I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Arthur W. Harrigan, Jr.<br>Tyler L. Farmer<br>Kristin E. Ballinger<br>Caitlin B. Pratt<br>Harrigan Leyh Farmer & Thomsen LLP<br>999 Third Avenue, Ste. 4400<br>Seattle, WA 98104<br>Email: arthurh@harriganleyh.com<br>      tylerf@harriganleyh.com<br>      kristinb@harriganleyh.com<br>      caitlinp@harriganleyh.com<br>*Attorneys for Plaintiff* | Irwin H. Schwartz<br>Law Offices of Irwin H. Schwartz<br>999 Third Avenue, Ste.4400<br>Seattle, WA 98104<br>Email : irwin@ihschwartz.com<br><br><br><br><br><br><br><br>*Attorneys for Plaintiff* |
| Malaika M. Eaton<br>Jehiel I. Baer<br>McNaul Ebel Nawrot & Helgren PLLC<br>600 University Street, Ste. 2700<br>Seattle, WA 98101<br>Email: meaton@mcnaul.com<br>      jbaer@mcnaul.com<br>*Attorneys for Defendant Charles Cobb* | John Q. Somerville<br>Somerville, LLC<br>300 Richard Arrington Jr. Blvd. N., Ste. 710<br>Birmingham, AL 35203<br>Email: JQS@Somervillellc.com<br><br><br>*Attorneys for Defendant Charles Cobb* |

Jessica L. Goldman
Christopher T. Wion
Tanya Nesbitt, WSBA #56122
Summit Law Group
315 Fifth Avenue South, Suite 1000
Seattle, WA  98104
Phone: (206) 676-7019
Email:  jessicag@summitlaw.com
       chrisw@summitlaw.com

*Attorneys for Defendant Seattle Times*

JOINT STATEMENT REGARDING PROPOSED
REDACTIONS TO THE COURT'S PROVISIONALLY
SEALED ORDER – Page 17
(CASE NO. 2:18-cv-00537 JLR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1     I declare under penalty of perjury under the laws of the state of Washington that the foregoing
2 is true and correct.
3     DATED this 25th day of June, 2020, at Seattle, Washington.

                          *s/ Melinda R. Sullivan*
                          Melinda R. Sullivan

JOINT STATEMENT REGARDING PROPOSED
REDACTIONS TO THE COURT'S PROVISIONALLY
SEALED ORDER – Page 18
(CASE NO. 2:18-cv-00537 JLR)

**CORR CRONIN LLP**
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900