The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHNNY B. DELASHAW, JR.,

    Plaintiff,

v.

SEATTLE TIMES COMPANY, and CHARLES COBBS,

    Defendants.

CASE NO. 2:18-cv-00537-JLR

DECLARATION OF MIKE BAKER IN SUPPORT OF THE SEATTLE TIMES' SECOND MOTION FOR SUMMARY JUDGMENT

NOTED ON MOTION CALENDAR: July 31, 2020

OSK000495.pdf

I, Mike Baker, hereby declare:

1. I am a former reporter for The Seattle Times and I make this declaration based on personal knowledge.

2. I researched and wrote the February 2017 article that addressed the compensation of surgeons employed by the Swedish Neuroscience Institute ("SNI"). A true and correct copy of that article is attached to the concurrently filed Declaration of Christopher T. Wion and was marked as Deposition Exhibit 22.

3. In the process of reporting on the compensation plans of the doctors at SNI, I spoke with several people with personal knowledge of the Swedish employment contracts, including SNI founder Dr. Marc Mayberg. Attached hereto as **Exhibit A** is a true and correct copy of an email from Dr. Mayberg to me regarding SNI compensation (and other subjects) dated August 5, 2016 that was offered by Dr. Delashaw's counsel as Exhibit 220 to my deposition.

DECLARATION OF MIKE BAKER IN SUPPORT OF THE
SEATTLE TIMES' SECOND MOTION FOR SUMMARY
JUDGMENT 1
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4. Attached hereto as **Exhibit B** is a true and correct copy of an email from Dr. Mayberg to me regarding Dr. Delashaw's compensation (and other subjects) dated August 9, 2016 that was offered by Dr. Delashaw's counsel as Exhibit 221 to my deposition.

5. I also spoke to other current or former SNI surgeons who agreed to speak to me only if I would keep their identities secret.

6. In those conversations, the people described how Swedish contracts had long revolved around production and that there had been a contentious shift in 2014 that increased the emphasis on compensation based on production. One of the people, who was a confidential source, also provided documents to help me understand the compensation process. Those included emails illustrating that the contract discussions were contentious. The records also included a spreadsheet detailing surgeon production and how the new contracts with greater emphasis on productivity would likely alter each surgeon's compensation. That spreadsheet included Dr. Delashaw's production and RVU compensation rate. The documents also included a copy of a contract with disclaimer language that Swedish surgeons would not be compensated above the 90th percentile of their industry peers unless they also produced above the 90th percentile of their industry peers.

7. Another confidential source later provided a document from 2016 that included a proposed salaried contract for one surgeon that would have paid him a substantial salary with the stated objective of recognizing the doctor's "historical high productivity" -- once again demonstrating that Swedish compensation revolved largely around rewarding surgeons for their productivity.

8. For these reasons, we worked to fairly and accurately summarize how Swedish doctors were "incentivized to pursue a high-volume approach with contracts that compensate them for large patient numbers and complicated surgical techniques." We also used the information we collected to describe the contentious contract shift that had occurred in 2014.

DECLARATION OF MIKE BAKER IN SUPPORT OF THE
SEATTLE TIMES' SECOND MOTION FOR SUMMARY
JUDGMENT  2
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

9. I also reached out to the Medical Group Management Association, a trade group advising medical professionals regarding compensation and other matters. *See* https://www.mgma.com/ (last visited 7/7/20). Attached as **Exhibit C** is a true and correct copy of my email exchange with MGMA setting up a call to discuss how compensation works generally with surgeons that was produced with the Bates numbers ST_0011525-26. Attached hereto as **Exhibit D** is a true and correct copy of the email from David Gans of MGMA to me with the spreadsheet on spine and neurosurgery compensation he prepared for me that was produced with the Bates numbers ST_0011527-28. Attached hereto as **Exhibit E** is a true and correct copy of further questions I asked of Mr. Gans regarding neurosurgeon compensation and his answers to me that was produced with the Bates numbers ST_0012247-53.

10. I also reached out to Dr. John Romley a PhD economist and faculty member of the Center for Health Policy and Economics at the University of Southern California. Attached as **Exhibit F** is a true and correct copy of an email exchange between Dr. Romley and me following our conversation that was produced with the Bates number ST_0012257. Dr. Romley was quoted in the article as a source regarding physician compensation.

11. Swedish declined to discuss the details of the SNI employment contracts with us, saying they "do not discuss proprietary contracts." Attached hereto as **Exhibit G** is a true and correct copy of the email from Mary Beth Lowell, Swedish's Communications Director, to me dated November 29, 2016 in which she declined to comment about the SNI contracts. This document has been Bates numbered and produced as ST_0010827-36.

12. I reached out to Dr. Delashaw multiple times requesting an interview. He either ignored or declined each of my requests. Attached hereto as **Exhibit H**, for example, is a true and correct copy of my December 6, 2016 email to Dr. Delashaw produced by Swedish with the Bates number SWE-E_008542-43. Dr. Delashaw forwarded my email on to the Swedish Communications Director who advised Dr. Delashaw not to respond and to screen his calls in case

DECLARATION OF MIKE BAKER IN SUPPORT OF THE
SEATTLE TIMES' SECOND MOTION FOR SUMMARY
JUDGMENT 3
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1  I tried reaching him by phone. A true and correct copy of those emails are included in Exhibit H.
2  I never received any response to this email from Dr. Delashaw.

3     13.  Attached hereto as **Exhibit I** is a true and correct copy of a February 1, 2017 e-mail
4  I sent to Dr. Delashaw that was produced with the Bates number ST_0012288. Dr. Delashaw
5  refused to be interviewed and would agree only to provide a written statement.

6     14.  I believed (and still do believe) that all of the statements we published in the
7  February 2017 article regarding the SNI employment contracts were both true and fair. This was
8  important to us, and nothing that I learned during my reporting gave me any reason to doubt that
9  what we published was not true.

10    I declare under penalty of perjury under the laws of the State of Washington that the
11  foregoing is true and correct.

12    EXECUTED at Seattle, Washington this 8th day of July, 2020.

_____
Mike Baker

DECLARATION OF MIKE BAKER IN SUPPORT OF THE
SEATTLE TIMES' SECOND MOTION FOR SUMMARY
JUDGMENT 4
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001