The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHNNY B. DELASHAW, JR.,

                Plaintiff,

v.

SEATTLE TIMES COMPANY, and CHARLES COBBS,

                Defendants.

CASE NO. 2:18-cv-00537-JLR

DEFENDANT SEATTLE TIMES CO.'S PROVISIONAL MOTION TO SEAL

**NOTE ON MOTION CALENDAR:**
July 8, 2020

## I. INTRODUCTION

Concurrent with this motion, Defendant Seattle Times Company ("The Seattle Times") is filing a Second Motion for Summary Judgment. The Second Motion for Summary Judgment cites to and relies on numerous documents and deposition excerpts that Defendant Dr. Johnny Delashaw, Co-Defendant Charles Cobbs, non-party Swedish Health Services ("Swedish"), and non-party Dr. Rod Oskouian have designated as "Confidential" under the terms of the Stipulated Protective Order entered on September 17, 2018 (ECF 46).

The Stipulated Protective Order requires The Seattle Times to provisionally file under seal, pending the Court's ruling on this motion, an unredacted version of its Second Motion for Summary Judgment as well as all cited documents and deposition excerpts designated as Confidential (the "Provisionally Sealed Documents"). With the exception of the sealed version of the Second Motion for Summary Judgment, each of the Provisionally Sealed Documents is being

DEFENDANT SEATTLE TIMES CO.'S PROVISIONAL
MOTION TO SEAL - 1
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

submitted as an exhibit to the July 8, 2020 Declaration of Jessica Goldman in Support of The Seattle Times' Second Motion for Summary Judgment (the "Goldman Declaration") and the Declaration of Rachelle Daugherty and four exhibits appended to that declaration.

As detailed below, it is the designating party's responsibility to provide a basis for maintaining under seal each of the Provisionally Sealed Documents.

## II.   CERTIFICATION

As set forth in the accompanying Declaration of Jessica Goldman, counsel for The Seattle Times certifies that the requirements of LCR 5(g)(3)(A) and the terms of the Stipulated Protective Order requiring a good faith effort to meet and confer prior to filing this motion have been met.

## III.   THE STIPULATED PROTECTIVE ORDER

The Court entered the Stipulated Protective Order on September 17, 2018 (ECF 46). Section 4.3 addresses the filing of confidential material under seal, expressly referencing the local civil rules: "Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal."

## IV.   ARGUMENT

Local Civil Rule 5(g) governs the process for filing documents under seal, including those that have been designated by a party (or non-party) as confidential pursuant to the terms of a protective order:

> There is a strong presumption of public access to the court's files. This rule applies in all instances where a party seeks to overcome the policy and the presumption by filing a document under seal.
>
> (1) A party must explore all alternatives to filing a document under seal.
>
> > (A) If the party seeks to file the document under seal because another party has designated it as confidential during discovery, the filing party and the designating party must meet and confer to determine whether the designating party will withdraw the confidential designation or will agree to redact the document so that sealing is unnecessary.

DEFENDANT SEATTLE TIMES CO.'S PROVISIONAL
MOTION TO SEAL - 2
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

(B) Parties must protect sensitive information by redacting sensitive information (including, but not limited to, the mandatory redactions of LCR 5.2) that the court does not need to consider. A party who cannot avoid filing a document under seal must comply with the remainder of this rule.

Under LCR 5(g)(3)(A), the moving party is required to include a certification that it has met and conferred with the other parties to determine the need for sealing the documents at issue. As detailed in the accompanying Declaration of Jessica Goldman, the parties have exchanged detailed correspondence and/or spoken by telephone regarding whether it is proper for any of these documents to be filed under seal.

Consistent with LCR 5(g)(4), since the parties first met and conferred on this issue last Spring, The Seattle Times has reduced the number of confidential documents on which it relies in its Second Motion for Summary Judgment, thereby "minimiz[ing] the number of documents it files under seal[.]"  The Seattle Times also has attempted to limit the amount of material to be sealed including, by way of example, submitting only those pages of deposition transcripts actually cited in its Second Motion for Summary Judgment, rather than submitting voluminous transcripts under seal.  For their part, the designating parties also have withdrawn their confidentiality designations as to various documents and deposition excerpts as a result of the required meet and confer process.

The Seattle Times believes that all of the documents cited in support of its dispositive motion should be filed in open court.  The moving party is not required to establish a substantive basis for sealing documents that have been designated as confidential by another party.  Rather, **it is the *designating* party's obligation** "in its response to the motion to seal" to provide "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B).

Accordingly, in response to this motion, The Seattle Times anticipates that the parties who designated the Provisionally Sealed Documents as Confidential will explain to the Court why they

DEFENDANT SEATTLE TIMES CO.'S PROVISIONAL
MOTION TO SEAL - 3
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

believe the documents should remain under seal and The Seattle Times requests that, upon consideration, all documents filed in support of its dispositive motion be filed in open court.

DATED this 8th day of July, 2020.

Respectfully submitted,

SUMMIT LAW GROUP PLLC
Attorneys for Defendant Seattle Times Company

By *s/ Jessica L. Goldman*
    Jessica L. Goldman, WSBA #21856
    Christopher T. Wion, WSBA #33207
    Tanya C. Nesbitt, WSBA #56122
    SUMMIT LAW GROUP PLLC
    315 Fifth Avenue South, Suite 1000
    Seattle, WA  98104
    Telephone: (206) 676-7000
    Email:  jessicag@summitlaw.com
          chrisw@summitlaw.com
          tanyan@summitlaw.com

DEFENDANT SEATTLE TIMES CO.'S PROVISIONAL MOTION TO SEAL - 4
CASE NO. 2:18-cv-00537-JLR

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001