Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHNNY B. DELASHAW, JR.,

                Plaintiff,

   v.

SEATTLE TIMES COMPANY and
CHARLES COBBS,

                Defendants.

No. 18-cv-00537-JLR

DEFENDANT COBBS' REPLY RE NON-PARTY OSKOUIAN'S BRIEF IN SUPPORT OF MOTION TO SEAL

Noted on Motion Calendar:
Friday July 31, 2020
Without Oral Argument

DEF. COBBS' REPLY RE NON-PARTY OSKOUIAN'S
BRIEF ISO MOTION TO SEAL (No. 18-cv-00537-JLR)

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## I. INTRODUCTION

Beginning in the summer of 2017, Dr. Rod Oskouian formed a "common interest group" with Plaintiff Dr. Johnny Delashaw and David Sabey to "develop potential legal claims" that ultimately resulted in this lawsuit. Dkt. 63 at 4. "It was mutually agreed that the parties [Oskouian, Delashaw, and Sabey] were working together toward these goals" and that they "need[ed] to share legal resources, coordinate strategy, and share information…." *Id.* Their mutual interest in, and efforts to prepare for, the forthcoming litigation were "reduced to writing in November 2017." *Id.* "This lawsuit followed in April 2018…." *Id.* at 5. Indeed, "[h]ad … Oskouian chosen to sue, [he] would have done so as co-plaintiffs with" Delashaw based on a "connected narrative." *Id.* Though he did not join Delashaw as co-plaintiff, there is no evidence Oskouian ever left the common interest group. Oskouian is not merely "tangentially related" to this lawsuit or a "stranger to these proceedings," Dkt. 238 at 4, 6; he helped build the case from the ground up.

Indeed, in December 2017, around the time the Delashaw-Oskouian-Sabey common interest agreement was fully executed, *see* Dkt. 65 ¶ 5, one or more unknown persons illegally hacked into Defendant Dr. Charles Cobbs' personal gmail account. Declaration of Dr. Charles Cobbs in Support of 2nd Motion for Summ. J. ("Cobbs Decl.") ¶ 4. Based on the information gathered by Cobbs, it appears that this hacking occurred when his computer in his SNI office was accessed without his consent or knowledge. *Id.* The person or persons who illegally accessed Cobbs' personal email did at least two things. Email communications from Cobbs' personal gmail relating to SNI and to Delashaw were printed. A fake email was also fabricated in an attempt to falsify evidence favorable to the lawsuit Delashaw was then planning with Oskouian and Sabey. *Id.* The illegally accessed materials and the fabricated evidence were assembled into a packet (the "Packet"). In testimony before MQAC, Oskouian admitted to sending the Packet via Federal Express to a house Delashaw owns in Sedona, Arizona in December 2017, Cobbs

DEF. COBBS' REPLY RE NON-PARTY OSKOUIAN'S
BRIEF ISO MOTION TO SEAL – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

Decl., Ex. 1 at 5:16–6:7, at a time when the common interest agreement among Delashaw, Oskouian, and Sabey to "develop potential legal claims" that ultimately led to this lawsuit was in full force. Delashaw's counsel concedes the inauthenticity of the fabricated email included in the Packet. Declaration of Malaika Eaton in Support of Cobbs' 2nd Motion for Summary Judgment ¶ 2.

The statements attributed to Dr. Marc Mayberg in the fake email align with the themes Delashaw, Oskouian, and Sabey were apparently developing in meetings with each other and their lawyers at the time, themes Delashaw ultimately advanced in his case against Cobbs and the Seattle Times. By December 21, 2017, Delashaw, Oskouian, and Sabey were communicating with each other about their "smoking gun." Cobbs Decl., Ex. 3. They predicted that Cobbs and others were "cooked," but cautioned against "let[ting] the cat out of the bag" so they could maximize the "smoking gun's" effect with "optimal timing." *Id.* When the timing was "optimal," they flouted their "smoking gun" email to the Medical Quality Assurance Commission ("MQAC"), leading to its broader publication. **Ex. A**.

When Delashaw eventually filed his lawsuit, he highlighted Oskouian's importance to his claims against Cobbs. For example, Delashaw's operative complaint repeatedly identifies Oskouian as one of the neurosurgeons who allegedly supported his leadership. Dkt. 25-1 ¶¶ 73, 80. Delashaw has since repeatedly relied on communications involving Oskouian to prop up his claims. (Delashaw's recent opposition to Cobbs' second motion for summary judgment cites four such exhibits. *See, e.g.*, Cobbs' Reply re 2nd MSJ § III.) Given Oskouian's involvement in (i) "developing potential legal claims" that Delashaw eventually asserted in this lawsuit, (ii) sending to Delashaw and discussing with him the Packet that contained documents illegally accessed from Cobbs' computer and a fabricated email the common interest group hoped to use as a "smoking gun"; and (iii) the underlying events that gave rise to Delashaw's claims against Cobbs, Cobbs

DEF. COBBS' REPLY RE NON-PARTY OSKOUIAN'S
BRIEF ISO MOTION TO SEAL – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1 | sought to obtain Oskouian's unquestionably relevant testimony. █████████
2 | ████████████████████████████████████████████████████████████████
3 | ████████████████████████████████████████████████████████████████
4 | ██████████ In light of Oskouian's intimate involvement in developing this lawsuit from
5 | the outset, █████████████████████████████████████████████████
6 | ████████████████████████████ Oskouian's (or Delashaw's or Swedish's)
7 | embarrassment about Oskouian's conduct is not a "compelling reason" for this Court to
8 | forego the "strong presumption in favor of access" to court documents by the public.
9 | *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Ultimately, it
10 | is Oskouian's burden as the designating party to explain to the Court why the documents
11 | at issue should be kept secret.  It is a burden he failed to meet.

## II. ARGUMENT IN REPLY

### A. There is a "Strong Presumption in Favor of Access" to Court Records

The governing Protective Order makes clear that confidential designations must be made with restraint and narrowly tailored. Dkt. 46, § 5.1.  "[A] 'strong presumption in favor of access' is the starting point" when evaluating a request to seal court records. *Kamakana*, 447 F.3d at 1178 (citation omitted).  The "strong presumption" is particularly important where the records at issue pertain to a dispositive motion.  This is because "the resolution of a dispute on the merits … is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'"  *Id.* at 1179 (citations omitted).  Accordingly, "compelling reasons," and not merely "good cause," is required to seal judicial records attached to a dispositive motion.  *Id.*

### B. Oskouian Has Not Shown Compelling Reasons to Seal Judicial Records

Oskouian makes four arguments as to why the Court should seal the documents and citations in question.  Each argument is without merit.

*First*, Oskouian incorrectly argues that his testimony is not relevant to the merits

DEF. COBBS' REPLY RE NON-PARTY OSKOUIAN'S
BRIEF ISO MOTION TO SEAL – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

of Cobbs' 2nd MSJ.  In arguing substantial truth, Cobbs asserted that Delashaw could not offer testimonial evidence from any surgeon that (i) such surgeon told Cobbs the concerns about Delashaw in the letter Cobbs sent to Swedish CEO Anthony Armada (the "Armada Letter") were inaccurate before he sent it or (ii) that the majority of SNI surgeons supported Delashaw's leadership.  Dkt. 188 at 3.  Oskouian's testimony is important to that argument because Delashaw very publicly accuses Cobbs in his complaint of disregarding Oskouian's alleged support of Delashaw and lying about Oskouian's concerns about Delashaw at the time Cobbs sent the Armada Letter.  Dkt. 25-1 ¶¶ 73, 80.

In reality, Oskouian was at the forefront of the SNI surgeons' collective effort to raise concerns to Swedish leadership about Delashaw.  Dkt. 117, Exs. 29–33; *see also* **Ex. B** ("I think he [Oskouian] is one of the major drivers of the 'coup' of Johnny Delashaw, MD.").  He repeatedly called for Delashaw's removal to Cobbs and others. *See, e.g.*, Dkt. 117, Ex. 32 ("I agree he needs to step down that's the quickest and best way to move forward. We need a fresh start the Dictactor [sic] experiment is long over time to move on."), Ex. 31 ("The surgeons Sunday will be scared to talk just like the rest. Not sure rehab is an option."); *see also* **Ex. B**.  And, he provided to Cobbs significant portions of the Armada Letter that now form the centerpiece of Delashaw's claims against Cobbs. *E.g.*, Dkt. 117, Ex. 29.  Around the time the Armada Letter was sent, however, Oskouian was "taken to the woodshed" by Providence CEO Dr. Rod Hochman, **Ex. C** ("Hochman took Oskouian to the 'woodshed' Wednesday night - so he's supposedly behind Johnny again").  Thereafter, at least according to Delashaw, Oskouian was supportive of Delashaw's continued leadership role.  Dkt. 25-1 ¶¶ 73, 80.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ significantly undermines Delashaw's claims and credibility.  Cobbs, having been publically sued for defamation, is entitled to a public airing of the evidence showing those accusations lack merit.

DEF. COBBS' REPLY RE NON-PARTY OSKOUIAN'S
BRIEF ISO MOTION TO SEAL – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

*Second*, Oskouian argues Cobbs is not entitled to an adverse inference from ▮▮▮ because he is a non-party. Again, Oskouian is mistaken. Cobbs endorses the framework offered by Oskouian to evaluate whether an adverse inference is proper but submits the analysis yields different results. *See* Dkt. 238 at 5-6 

Role in litigation: As set forth in Delashaw's opposition to the Times' motion to compel (which the Court denied apparently based on Delashaw's representations), and the supporting declarations of Delashaw, Sabey, and their lawyers, Oskouian played a role in developing the shared legal strategies, claims, and resources that ultimately gave rise to this lawsuit. *See, e.g.*, Dkt. 63 at 4-5. Indeed, this lawsuit is a "product of the collaboration" among Delashaw, Oskouian, Sabey, and their lawyers.

Compatible interests: Even though Oskouian chose not to sue, his interests are still "aligned" with Delashaw's. Dkt. 63 at 12. He memorialized his common interest in the outcome of this litigation in November 2017, which Delashaw's counsel testified was months after Oskouian began "coordinating strategy" with Delashaw. Dkt. 65 ¶¶ 3, 5.

Control: Oskouian argues that Delashaw does not exert any control over him. The problem, however, is that Cobbs cannot test the argument's veracity because of the very agreement memorializing Oskouian's and Delashaw's compatible interests and because of ▮▮▮. Oskouian's and Delashaw's communications about this litigation are privileged, so Cobbs and the Court cannot know to what extent Delashaw exerts influence over Oskouian's actions. Notwithstanding that sword and

DEF. COBBS' REPLY RE NON-PARTY OSKOUIAN'S
BRIEF ISO MOTION TO SEAL – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

shield problem, one thing is clear: Oskouian mailed to Delashaw a Packet containing emails illegally taken from Cobbs' computer and a fabricated email apparently designed to advance Delashaw's claims against Cobbs. **Ex. A;** *see also* Cobbs Decl., Exs. 1–3.

<u>Nature of relationship</u>:  As described above, Oskouian and Delashaw are not merely "former professional colleagues" as he would have the Court believe.  Dkt. 238 at 6.  Oskouian was part of the team that developed the strategy that led to this case.

***Third***, Oskouian argues (without evidence) Cobbs is only trying to harm ***Oskouian's*** reputation.  Not so.  Cobbs is trying to ***preserve his own reputation***, which has been dragged through the mud by a very public protracted retaliatory lawsuit that was a "product of the collaboration" among Delashaw, Oskouian, Sabey, and their respective attorneys.  In any event, "[t]he mere fact that the production of records may lead to [Oskouian]'s embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

***Fourth***, Oskouian falls back on his status as a so-called "stranger to this litigation." Dkt. 238 at 7-8.  He is not, as described above, but even if he were, that alone is not a compelling reason to seal the records.  The seminal Ninth Circuit case governing requests to seal records, *Kamakana*, involved a non-party motion to seal.  447 F.3d at 1183.  The Court nonetheless required the non-party to "provide specific compelling reasons to justify" sealing the record "supported by specific factual findings." *Id.* at 1178, 1183–84.  Oskouian has offered no factual basis for this Court to rule in his favor: no declaration of purported harm or factual evidence of any kind accompanies his brief.

### III. CONCLUSION

Cobbs respectfully asks the Court to determine whether to seal the exhibit at issue and references thereto in Cobbs' 2nd MSJ.  For the foregoing reasons, Cobbs submits that

///

DEF. COBBS' REPLY RE NON-PARTY OSKOUIAN'S
BRIEF ISO MOTION TO SEAL – Page 6

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

the documents should not be sealed.

DATED this 31st day of July, 2020.

McNAUL EBEL NAWROT & HELGREN PLLC

By: s/Malaika M. Eaton
    Malaika M. Eaton, WSBA No. 32837
    Jehiel I. Baer, WSBA No. 46951

600 University Street, Suite 2700
Seattle, Washington 98101
(206) 467-1816
meaton@mcnaul.com
jbaer@mcnaul.com

SOMERVILLE, LLC

By: s/John Q. Somerville
    John Q. Somerville, *Admitted Pro Hac Vice*

300 North Richard Arrington Boulevard, Suite 710
Birmingham, Alabama 35203
(205) 871-2183
jqs@somervillellc.com

Attorneys for Defendant Charles Cobbs

DEF. COBBS' REPLY RE NON-PARTY OSKOUIAN'S
BRIEF ISO MOTION TO SEAL – Page 7

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

DATED: July 31, 2020.

By:   s/Malaika M. Eaton
      Malaika M. Eaton, WSBA No. 32837

DEF. COBBS' REPLY RE NON-PARTY OSKOUIAN'S BRIEF ISO MOTION TO SEAL – Page 8

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

3847-002 jg31g610z4.002 2020-07-31