The Honorable James L. Robart

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOHNNY B. DELASHAW, JR., | Case No. 2:18-cv-00537-JLR |
| Plaintiff, | **STIPULATED MOTION AND ORDER RE: LIMITED INTERVENTION BY DR. ROD OSKOUIAN** |
| v. | |
| SEATTLE TIMES COMPANY, and CHARLES COBBS, | **NOTE ON MOTION CALENDAR: July 27, 2020** |
| Defendants. | |

Dr. Rod Oskouian ("Dr. Oskouian") respectfully requests that this Court allow him to intervene in this action under Fed R. Civ. P. 24 as in interested party solely for the limited purpose of addressing the potential use of materials Dr. Oskouian designated as confidential under the stipulated protective order in this case. Dkt. 45-1; 46. Dr. Cobbs has filed two motions to seal that include materials Dr. Oskouian designated as confidential: (1) Motion to Seal in conjunction with Dr. Cobbs's Second Motion for Summary Judgment (Dkt. 205); and (2) Motion to Seal in Conjunction with Dr. Cobbs's Motions in Limine (Dkt. 214). Dr. Oskouian seeks to intervene at this time only to address those motions. Counsel for all parties have conferred and stipulated to Dr. Oskouian's request for limited intervention. In so stipulating, counsel for the parties here stipulate only to Dr. Oskouian's request for limited intervention to be heard on Dr. Cobbs' motion to seal, not to any arguments made about keeping any documents out of the open court file. Dr. Delashaw, Dr. Cobbs, and the Seattle Times expressly state, and

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

Dr. Oskouian acknowledges, that nothing in this stipulated motion is intended to impact any arguments the parties might have with respect to Dr. Cobbs's motion to seal.

## ARGUMENT

1. **The Fed. R. Civ. P. 24(a) Standard for Intervention.**

Under Fed. R. Civ. P. 24(a), the Court "must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A motion must be granted if: (1) the application is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties in the lawsuit. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). The Court's evaluation is "guided primarily by practical considerations," not technical distinctions. *Id*. Dr. Oskouian asserts that his motion meets each of the four requirements.

2. **Dr. Oskouian is entitled to limited intervention to protect his confidentiality interest.**

a. *Timeliness*

The Seattle Times subpoenaed Dr. Oskouian to provide deposition testimony. Dr. Oskouian was deposed pursuant to that subpoena on June 12, 2020. At the conclusion of that deposition, Dr. Oskouian's counsel designated the transcript as confidential, as provided under the stipulated protective order. On July 9, 2020, after discussion with defendants' counsel, Dr. Oskouian confirmed by page and line a more specific list of portions of the transcript to be designated as confidential.

The protective order and this Court's rules require a party filing confidential material to confer with the designating party to determine whether the designating party will withdraw the

STIPULATED MOTION AND ORDER
RE: LIMITED INTERVENTION BY DR. ROD OSKOUIAN – 2
(Case No. 2:18-cv-00537-JLR)



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

confidential designations before filing.  Dr. Cobbs's counsel and Dr. Oskouian's counsel had several conversations regarding confidentiality designations, but were unable to resolve their differences.

Dr. Cobbs then filed on July 13, 2020, his motion to seal in conjunction with his Second Motion for Summary Judgment.  (Dkt. 205).  Dr. Oskouian now timely seeks to intervene to protect his confidentiality interest just two weeks after the motion to seal was filed.

b. ***Significant Protectable Interest.***

An applicant for intervention has a "significant protectable interest" in an action if (1) it asserts an interest that is protected under some law, and (2) there is a "relationship" between its legally protected interest and the plaintiff's claims. *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citing *Northwest forest Resource Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996)).  "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant."  *Donnelly*, 159 F.3d at 410 (citing *Montana v. United States Envtl. Protection Agency*, 137 F.3d 1135, 1141-42 (9th Cir. 1998)).

Dr. Oskouian contends that he "asserts an interest that is protected under some law" because he argues that the materials he designated as confidential implicate his constitutionally-protected rights and his due process rights under the stipulated protective order entered under Fed. R. Civ. P. 26.

Likewise, Dr. Oskouian contends there is a "relationship" between Dr. Oskouian's legally protectable confidentiality interest and the claims and defenses in the suit because Dr. Cobbs has relied on material Dr. Oskouian designated as confidential in support of his Second Motion for Summary Judgment.  This Court's LCR 5(g) actually provides that it is incumbent upon the party designating materials as confidential under a stipulated protective order to satisfy this Court's local rules to confirm that the material should be sealed from the public record.  *See* LCR 5(g)(3)(B) ("where parties have entered a . . . stipulated protective order . . . the party who

STIPULATED MOTION AND ORDER
RE: LIMITED INTERVENTION BY DR. ROD OSKOUIAN – 3
(Case No. 2:18-cv-00537-JLR)

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

designated the document confidential must satisfy subpart 3(B) in its response to the motion to seal or in a stipulated motion."). Dr. Oskouian therefore respectfully submits that LCR 5(g) firmly establishes that there is a relationship between Dr. Oskouian's confidentiality interest and the claims and defenses at issue here, specifically including Dr. Cobbs's Second Motion for Summary Judgment.

c.    ***Effect of Disposition on Dr. Oskouian's Ability to Protect His Interest.***

Although Dr. Oskouian is not a party here and has no interest in the ultimate outcome of this lawsuit on its merits, Dr. Cobbs has filed a motion for summary judgment relying, in part, on materials Dr. Oskouian has designated as confidential. Because those confidential materials are now implicated in potentially public filings, unless Dr. Oskouian intervenes, Dr. Oskouian asserts that the disposition of this case will directly impact his privacy and other interests. Where the Court agrees that a non-party has a "significant protectable interest," it should have "little difficulty concluding that the disposition of the case may, as a practical matter, affect it." *California ex rel. Lockyer v. U.S.*, 450 F.3d 436, 442 (2006) (the court found the movant had a "significant protectable interest" and therefore "we have little difficulty concluding that the disposition of this case may, as a practical matter, affect it."). Given Dr. Oskouian's asserted significant protectable interest vis-à-vis his privacy and reputational interests, this Court should have no difficulty concluding that the disposition of this case, and particularly the motions to seal, without Dr. Oskouian's intervention will impact Dr. Oskouian.

d.    ***Dr. Oskouian's interests are not adequately protected by the existing parties.***

"In determining adequacy of representation, we consider whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." *People of State of California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986) (internal



citations omitted).   "The applicant is required only to make a minimal showing that representation of its interests may be inadequate." *Id.*

None of the actual parties to the lawsuit are situated such that they can adequately protect Dr. Oskouian's individual privacy interests.  Dr. Oskouian is a non-party, and has no connection to the litigants here.  Dr. Oskouian exercised his individual right under the stipulated protective order to designate portions of his deposition testimony as confidential.  Only Dr. Oskouian, therefore, is capable of adequately advancing arguments to sufficiently protect his asserted privacy interest.

### CONCLUSION

For the foregoing reasons, Dr. Oskouian respectfully submits that his motion meets the Fed. R. Civ. P. 24(a) standard for intervention, particularly for the limited purposes sought here. Dr. Oskouian therefore respectfully requests that this Court grant its stipulated motion to intervene for the limited purposes of addressing his interest in maintaining the confidentiality of certain documents.

Stipulated and agreed to this 27th day of July, 2020.


POLSINELLI PC

By: */s/Jim J. Fredman*
Jim J. Fredman, WSBA# 30110
1000 Second Ave., Suite 3500
Seattle, WA 98104
Tel: (206) 393-5400
Email: jim.fredman@polsinelli.com


By: */s/Brian McEvoy*
Brian McEvoy (*Pro Hac Vice* Pending)
1201 W. Peachtree Street NW
Suite 1100
Atlanta, GA 30309
Tel: (404) 253-6021
Email: bmcevoy@polsinelli.com

*Attorneys for Nonparty Dr. Oskouian*

STIPULATED MOTION AND ORDER
RE: LIMITED INTERVENTION BY DR. ROD OSKOUIAN – 5
(Case No. 2:18-cv-00537-JLR)



HARRIGAN LEYH FARMER & THOMSEN LLP

/s/ Tyler L. Farmer
Arthur W. Harrigan, Jr., WSBA No. 1751
Tyler L. Farmer, WSBA No. 39912
Kristin E. Ballinger, WSBA No. 28253
Caitlin B. Pratt, WSBA No. 48422
999 Third Avenue, Ste. 4400
Seattle, WA 98104
Phone: (206) 625-8600

*Attorneys for Plaintiff Johnny B. Delashaw, Jr.*


LAW OFFICES OF IRWIN H. SCHWARTZ

/s/ Irwin H. Schwartz
Irwin H. Schwartz, WSBA No. 4769
999 Third Avenue, Suite 4400
Seattle, WA 98104
Telephone: (206) 676-7000
Fax: (206) 676-7001
irwin@ihschwartz.com

*Attorneys for Plaintiff Johnny B. Delashaw, Jr.*


SUMMIT LAW GROUP PLLC

/s/Jessica L. Goldman
Jessica L. Goldman, WSBA No. 21856
Christopher T. Wion, WSBA No. 33207
Tanya Nesbitt, WSBA No. pending
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104
Telephone: (206) 676-7000
Fax: (206) 676-7001
jessicag@summitlaw.com
chrisw@summitlaw.com
tanyan@summitlaw.com

*Attorneys for Defendant Seattle Times Company*

STIPULATED MOTION AND ORDER
RE: LIMITED INTERVENTION BY DR. ROD OSKOUIAN – 6
(Case No. 2:18-cv-00537-JLR)



POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

1

2             McNAUL EBEL NAWROT & HELGREN PLLC

3             */s/ Malaika M. Eaton*

4             Malaika M. Eaton, WSBA No. 32837
            Jehiel I. Baer, WSBA No. 46951

5             600 University Street, Suite 2700
            Seattle, WA 98101

6             Telephone: (206) 467-1816
            meaton@mcnaul.com

7             jbaer@mcnaul.com

8             *Attorneys for Defendant Charles Cobb*

9

10             SOMERVILLE, LLC

11

12             */s/John Q. Somerville*
            John Q. Somerville (admitted pro hac vice)

13             300 North Richard Arrington Blvd., Suite 710
            Birmingham, AL 35203

14             Telephone: (205) 871-2183
            jqs@somerville.com

15

16             *Attorneys for Defendant Charles Cobb*

17

18             **<u>ORDER</u>**

19    Pursuant to the parties' stipulated motion, IT IS SO ORDERED.

20

21    DATED this 3rd day of August, 2020.

22

23

24             HONORABLE JAMES L. ROBART
            UNITED STATES DISTRICT JUDGE

25

26

STIPULATED MOTION AND ORDER
RE: LIMITED INTERVENTION BY DR. ROD OSKOUIAN – 7
(Case No. 2:18-cv-00537-JLR)



Presented by:

POLSINELLI PC

By: */s/Jim J. Fredman*
Jim J. Fredman, WSBA# 30110
1000 Second Ave., Suite 3500
Seattle, WA 98104
Tel: (206) 393-5400
Email: jim.fredman@polsinelli.com

By: */s/Brian McEvoy*
Brian McEvoy (*Pro Hac Vice* Pending)
1201 W. Peachtree Street NW, Suite 1100
Atlanta, GA 30309
Tel: (404) 253-6021
Email: bmcevoy@polsinelli.com

*Attorneys for Nonparty Dr. Oskouian*

HARRIGAN LEYH FARMER & THOMSEN LLP

/s/ *Tyler L. Farmer*
Arthur W. Harrigan, Jr., WSBA No. 1751
Tyler L. Farmer, WSBA No. 39912
Kristin E. Ballinger, WSBA No. 28253
Caitlin B. Pratt, WSBA No. 48422
999 Third Avenue, Ste. 4400
Seattle, WA 98104
Phone: (206) 625-8600

*Attorneys for Plaintiff Johnny B. Delashaw, Jr.*

LAW OFFICES OF IRWIN H. SCHWARTZ

/s/ *Irwin H. Schwartz*
Irwin H. Schwartz, WSBA No. 4769
999 Third Avenue, Suite 4400
Seattle, WA 98104
Telephone: (206) 676-7000
irwin@ihschwartz.com

*Attorneys for Plaintiff Johnny B. Delashaw, Jr.*

STIPULATED MOTION AND ORDER
RE: LIMITED INTERVENTION BY DR. ROD OSKOUIAN – 8
(Case No. 2:18-cv-00537-JLR)



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

SUMMIT LAW GROUP PLLC

*/s/Jessica L. Goldman*
Jessica L. Goldman, WSBA No. 21856
Christopher T. Wion, WSBA No. 33207
Tanya Nesbitt, WSBA No. pending
315 Fifth Avenue South, Suite 1000 Seattle, WA 98104
Telephone: (206) 676-7000
jessicag@summitlaw.com
chrisw@summitlaw.com
tanyan@summitlaw.com

*Attorneys for Defendant Seattle Times Company*


McNAUL EBEL NAWROT & HELGREN PLLC

*/s/ Malaika M. Eaton*
Malaika M. Eaton, WSBA No. 32837
Jehiel I. Baer, WSBA No. 46951
600 University Street, Suite 2700
Seattle, WA 98101
Telephone: (206) 467-1816
meaton@mcnaul.com
jbaer@mcnaul.com

*Attorneys for Defendant Charles Cobb*

SOMERVILLE, LLC

*/s/John Q. Somerville*
John Q. Somerville (admitted pro hac vice)
300 North Richard Arrington Blvd., Suite 710
Birmingham, AL 35203
Telephone: (205) 871-2183
jqs@somerville.com

*Attorneys for Defendant Charles Cobb*

STIPULATED MOTION AND ORDER
RE: LIMITED INTERVENTION BY DR. ROD OSKOUIAN – 9
(Case No. 2:18-cv-00537-JLR)



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2020, I caused the foregoing document to be served on the counsel listed below via the CM/ECF system:

*Attorneys for Plaintiff*

Arthur W. Harrigan, Jr.                                    arthurh@harriganleyh.com
Tyler L. Farmer                                            tylerf@harriganleyh.com
Kristin E. Ballinger                                       kristinb@harriganleyh.com
John C. Burzynski                                          caitlinp@harriganleyh.com
HARRIGAN LEYH FARMER & THOMSEN LLP                         kelliem@harriganleyh.com
999 Third Ave., Ste. 4400                                  florinef@harriganleyh.com
Seattle, WA 98104

*Attorneys for Plaintiff*

Irwin H. Schwartz                                          irwin@ihschwartz.com
LAW OFFICES OF IRWIN H. SCHWARTZ
999 Third Ave., Ste. 4400
Seattle, WA 98104

*Attorneys for Defendant Charles Cobbs*

Malaika M. Eaton                                           meaton@mcnaul.com
Jehiel I. Baer                                             jbaer@mcnaul.com
MCNAUL EBEL NAWROT & HELGREN PLLC                          sredfield@mcnaul.com
600 University St., Ste. 2700                              rlindsey@mcnaul.com
Seattle, WA 98101

*Attorneys for Defendant Charles Cobbs*

John Q. Somerville                                         JQS@Somervillellc.com
SOMERVILLE, LLC                                            barbara@somervillellc.com
300 Richard Arrington Jr. Blvd. N., Ste. 710
Birmingham, AL 35203

*Attorneys for Defendant Seattle Times Company*

Jessica L. Goldman                                         jessicag@summitlaw.com
Christopher T. Wion                                        chrisw@summitlaw.com
Tanya Nesbit                                               tanuan@summitlaw.com
SUMMIT LAW GROUP, PLLC

STIPULATED MOTION AND ORDER
RE: LIMITED INTERVENTION BY DR. ROD OSKOUIAN – 10
(Case No. 2:18-cv-00537-JLR)



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

315 Fifth Avenue South, Suite 1000
Seattle, WA 98104-2682

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 27th day of July, 2020, at Seattle.

/s/Jeni Bonanno
Jeni Bonanno, Legal Assistant

STIPULATED MOTION AND ORDER
RE: LIMITED INTERVENTION BY DR. ROD OSKOUIAN – 11
(Case No. 2:18-cv-00537-JLR)


1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400