UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY B. DELASHAW, JR., <br><br> Plaintiff, <br> v. <br><br> SEATTLE TIMES COMPANY, et al., <br><br> Defendants. | CASE NO. C18-0537JLR <br><br> ORDER DENYING DEFENDANT CHARLES COBBS'S MOTION FOR RECONSIDERATION |

Before the court is Defendant Charles Cobbs's motion for reconsideration of the court's November 18, 2020, order granting in part and denying in part Dr. Cobbs's motion for summary judgment. (*See* MFR (Dkt. # 293); *see also* 11/18/20 Order (Dkt. # 285 (sealed)).) Motions for reconsideration are disfavored, and the court ordinarily will deny such motions unless the moving party shows (a) manifest error in the prior ruling, or (b) new facts or legal authority which could not have been brought to the attention of the court earlier through reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(1).

ORDER - 1

1    The court has carefully reviewed Dr. Cobbs's motion.  Dr. Cobbs presents no new
2 facts or legal authority that could not have been brought to the court's attention earlier
3 with reasonable diligence.  (*See generally* MFR.)  Instead, Dr. Cobbs presents three
4 arguments for reconsideration, each without merit.

5    First, Dr. Cobbs contends that the court did not address the argument that Plaintiff
6 Johnny Delashaw, Jr., "has not identified evidence the allegedly defamatory statements
7 caused damages." (*Id.* at 1.) This is incorrect. (*See* 11/18/20 Order at 24-25 ("When
8 viewed in the light most favorable to Dr. Delashaw, there is genuine issue of a material
9 fact when it comes to whether or not these statements caused damage to Dr. Delashaw's
10 income and reputation.").)

11   Second, Dr. Cobbs argues that there is an internal inconsistency in the court's
12 analysis of damages between its rulings on Defendant Seattle Times Company's ("Seattle
13 Times") motion for summary judgment and Dr. Cobbs's motion. (MFR at 2 (identifying
14 this alleged inconsistency as "manifest error").) But Dr. Cobbs ignores that the court's
15 analysis regarding damages from the relevant articles was restricted to the Financial
16 Incentive Statements contained in the articles. (*See* 11/18/20 Order at 15-19). Dr. Cobbs
17 presented no arguments suggesting an overlap between the Financial Incentive
18 Statements and statements in Dr. Cobbs' November 2016 Letter. (*See generally* Cobbs
19 2d MSJ (Dkt. # 188); MFR.) Thus, there is no inconsistency and no manifest error.

20   Third, Dr. Cobbs contends that the court did not analyze the actual statements in
21 the letter. (MFR at 3.) Not so. While the court referred to Dr. Delashaw's

22

ORDER - 2

1 | characterizations of the categories of allegedly defamatory statements, its analysis was
2 | based on the actual statements in the letter.  (*See* 11/18/20 Order at 20-25.)
3 |     Dr. Cobbs makes neither of the required Local Rule LCR 7(h)(1) showings.  (*See*
4 | *generally* MFR.)  The court thus DENIES Dr. Cobbs's motion for reconsideration (Dkt.
5 | # 293).
6 |     Dated this 4th day of December, 2020.

 

*[signature]*

JAMES L. ROBART
United States District Judge