UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY B. DELASHAW, JR., <br><br> Plaintiff, <br><br> v. <br><br> SEATTLE TIMES COMPANY, et al., <br><br> Defendants. | CASE NO. C18-0537JLR <br><br> ORDER ON SEATTLE TIMES' MOTION FOR CLARIFICATION |

Before the court is Defendant Seattle Times Company's ("Seattle Times" or "the Times") motion for clarification (Mot. (Dkt. # 287)) of the court's order granting the Seattle Times' second motion for summary judgment and granting in part and denying in part Defendant Dr. Charles Cobbs's second motion for summary judgment (2d MSJ Order (Dkt. # 285) (sealed)).  Namely, the Times requests that the court clarify the burden of proof for the various elements of a defamation claim.  (Mot. at 1.)  In its order, the court noted that a plaintiff must establish each element of a defamation claim "by

ORDER - 1

1  convincing clarity." (2d MSJ Order at 11 (citing *Mark v. Seattle Times*, 635 P.2d 1081,
2  1089 (1981)). The Times requests the court clarify that under Washington law "a
3  plaintiff in an action for defamation must prove actual malice by convincing clarity, and
4  the other elements by a preponderance of the evidence." (Mot. at 1-3 (citing *Richmond v.*
5  *Thompson*, 922 P.2d 1343 (Wash. 1996); *Duc Tan v. Le*, 300 P.3d 356 (Wash. 2013).)

6        The Times' proposed clarification, however, elides a distinction in the case law—
7  whether the plaintiff in the defamation case is a private or public figure. In both
8  *Richmond* and *Duc Tan*, the Court analyzed defamation claims brought by public figures.
9  (*See Richmond*, 922 P.2d at 1348 ("Both parties agree Trooper Richmond is a public
10 official under *New York Times.*); *Duc Tan*, 300 P.3d at 358, 366 (finding that "[t]he trial
11 judge determined that [plaintiffs] were public figures" and "[a] public figure defamation
12 plaintiff must prove with clear and convincing evidence that the defendant made the
13 statements with 'actual malice.'") In *Mohr v. Grant*, however, the Washington Supreme
14 Court recognized that "[c]ase law is unclear as to whether a private plaintiff facing a
15 defense motion for summary judgment must make a *prima facie* showing of all of the
16 elements of defamation with convincing clarity or by a preponderance of the evidence."
17 *Mohr v. Grant*, 108 P.3d 768, 773 n.7 (Wash. 2005) (comparing *Richmond* and *Mark* but
18 declining to resolve the ambiguity).

19       The court finds that a clarification is appropriate on this point. But in light of the
20 explicit statement of ambiguity on the burden of proof from the Court in *Mohr* and the
21 apparent absence of clarification since, the court does not find it proper to adopt the
22 blanket statement proposed by the Times. To ensure no further confusion, the court will

issue an amended order pursuant to Federal Rule of Civil Procedure 60(a). Rule 60(a) permits the court to "correct a clerical mistake . . . arising from oversight . . . whenever one is found in a[n] . . . order." Fed. R. Civ. P. 60(a). Further, "[t]he court may do so . . . on its own, with or without notice." *Id.* As relevant here, Rule 60(a) "allows a court to clarify a judgment in order to . . . reflect the necessary implications of the original order, [or] to ensure that the court's purpose is fully implemented." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) (citing *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012)). Clarifications pursuant to Rule 60(a) are appropriate so long as the clarifications do not change an order's "operative, substantive terms," and are instead done to maintain "fidelity to the intent behind the original judgment." *See Garamendi*, 683 F.3d at 1078-80.

To correct its clerical mistake, the court will amend the sentence beginning at page 11, line 2 and ending at page 11, line 13 of the court's November 18, 2020 summary judgment order from:

> A plaintiff must establish each element "by evidence of convincing clarity." *Mark*, 635 P.2d at 1089.

to:

> In a defamation action brought by a public figure, a plaintiff "must prove with clear and convincing evidence that the defendant made the statements with 'actual malice'" and prove the remaining elements by a preponderance of the evidence. *See Duc Tan*, 300 P.3d at 366, 366 n.5.

The court will also insert a footnote following the above sentence which reads:

> The Washington Supreme Court has recognized that "[c]ase law is unclear as to whether a private plaintiff facing a defense motion for summary judgment must make a *prima facie* showing of all of the elements of

defamation with convincing clarity or by a preponderance of the evidence." *Mohr v. Grant*, 108 P.3d 768, 773 n.7 (Wash. 2005). The court finds that it need not attempt to resolve this ambiguity in this order. To the extent Dr. Delashaw has failed to make a *prima facie* showing of any elements of his defamation claims, he has failed to do so under what is required by a preponderance of the evidence standard at this stage in the proceedings. To the extent he has made a *prima facie* showing, he has done so under what is required by a convincing clarity standard.

The court ordered counsel to submit additional filings and proposed redactions in its original order. (*See* 2d MSJ at 34-35.) The court will also insert footnotes in its amended order clarifying that the parties have complied with these directions from the court. These amendments maintain fidelity to the intent behind the court's original order. *See Garamendi*, 683 F.3d at 1078-80. No other amendments to the order are necessary.

Dated this 11th day of December, 2020.

*/s/ James L. Robart*

JAMES L. ROBART
United States District Judge