UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY B. DELASHAW, JR.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SEATTLE TIMES COMPANY, et al.,<br><br>　　　　　　Defendants. | CASE NO. C18-0537JLR<br><br>ORDER GRANTING DEFENDANT SEATTLE TIMES COMPANY'S MOTION TO ENTER FINAL JUDGMENT |

Before the court is Defendant Seattle Times Company's ("the Times") motion to enter final judgment. (Mot. (Dkt. # 304).) Plaintiff Johnny Delashaw, Jr., supports the relief requested and Defendant Charles Cobbs does not oppose the motion. (*Id.* at 1.) Having considered the motion, the balance of the record, and the relevant law, the court GRANTS the Times' motion.

In a multi-party action, a court "may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no

ORDER - 1

1  just reason for delay." Fed. R. Civ. P. 54(b).  The Supreme Court has articulated a
2  two-part test to determine whether a court may enter a final judgment pursuant to Rule
3  54(b).  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-10 (1980).  First, the court
4  must determine that it is dealing with a final judgment.  *Id.* at 7.  Second, the court must
5  determine whether there is any just reason for delay.  *Id.* at 8.  In deciding whether there
6  is just reason for delay, the court must consider judicial administrative interests and the
7  equities involved.  *Id.*  Consideration of judicial administrative interests ensures that
8  application of Rule 54(b) "effectively preserves the historic federal policy against
9  piecemeal appeals."  *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005)
10 (quoting *Curtiss-Wright*, 446 U.S. at 8) (internal quotation marks omitted).  Ultimately,
11 "[i]t is left to the sound judicial discretion of the district court to determine the
12 'appropriate time' when each final decision in a multiple claims action is ready for
13 appeal."  *Curtiss-Wright*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351
14 U.S. 427, 437 (1956)).

15        Addressing the first prong, the court finds that it has entered a final judgment in
16 favor of the Times on all claims asserted by Dr. Delashaw against the newspaper.  Dr.
17 Delashaw brought allegations of defamation, tortious interference, and violations of the
18 Consumer Protection Act (the "CPA") against the Times.  (*See* Am. Compl. (Dkt. # 25)
19 ¶¶ 164-89.)  All of Dr. Delashaw's claims against the Times have been dismissed.  (*See*
20 8/23/18 Order (Dkt. # 30) (dismissing CPA claim); 6/11/20 Order (Dkt. ## 160 (sealed),
21 207 (redacted)) (granting the Times summary judgment on portions of remaining claims);
22

12/11/20 Am. Order (Dkt. ## 298 (sealed); 300 (redacted)) (granting the Times summary judgment on all remaining claims).)

The court also determines that there is no just reason for delay.  In analyzing this prong, courts consider (1) whether the claims under review are separable from the others remaining to be adjudicated; and (2) whether the nature of the claims determined is such that no appellate court would have to decide the same issues more than once.  *Curtiss-Wright*, 446 U.S. at 7-10.  Dr. Delashaw's claims against the Times are distinct from those he brings against Dr. Cobbs.  Dr. Delashaw's defamation, tortious interference, and conspiracy claims against Dr. Cobbs involve different statements and are rooted in different allegations of fact.  (*Compare* Am. Compl. ¶¶ 164-89, *with id.* ¶¶ 190-208.)  Dr. Delashaw's claims against the Times are related to articles published in February 2017.  (*See id.* ¶¶ 50-98).)  His claims against Dr. Cobbs relate primarily to a letter written by Dr. Cobbs in November 2016 and Dr. Cobbs's alleged participation in Dr. Delashaw's ouster from the Swedish Neuroscience Institute.  (*See id*. ¶¶ 99-163.)  Appeals from both sets of claims will not result in duplication of proceedings before this court or the Court of Appeals.  Nor will the resolution of Dr. Delashaw's remaining claims against Dr. Cobbs have any bearing on the appellate review of Dr. Delashaw's claims against the Times.

The court also concludes that the equities involved support a finding that there is no unjust reason for delay.  *See Rygg v. Hulbert*, No. C11-1827JLR, 2012 WL 12847007, at *1 (W.D. Wash. Sept. 4, 2012) (citing *Curtiss-Wright Corp.*, 446 U.S. at 8).)  This court has previously noted that "First Amendment considerations lead to summary

1  judgment playing a particularly important role in defamation cases," due to the chilling
2  effects of ongoing litigation.  (12/11/20 Am. Order at 12-13 n.5 (citing *Mohr v. Grant*,
3  108 P.3d 768, 773 (Wash. 2005).)  These same considerations weigh in favor of a swift
4  resolution of appeals, especially when, as here, the other parties raise no arguments
5  regarding prejudice should the court grant the motion.  (*See* Mot. at 1.)
6      For the foregoing reasons, the court GRANTS the unopposed motion to enter final
7  judgment on Dr. Delashaw's claims against the Times (Dkt. # 304).

    Dated this 20th day of January, 2021.

                                            [signature]

                                            JAMES L. ROBART
                                            United States District Judge